UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>               Plaintiff,<br>v.<br><br> T-MOBILE USA, INC., CINCINNATI BELL, INC., RESEARCH IN MOTION CORPORATION., NOKIA INC., BEST BUY CO., INC., WAL-MART STORES, INC., COSTCO WHOLESALE CORPORATION, OVERSTOCK.COM, INC., SEARS ROEBUCK AND CO., AMAZON.COM, INC., RADIOSHACK CORPORATION, AIRVANA, INC., ALCATEL-LUCENT USA INC., D-LINKS SYSTEMS, INC., INTELLINET TECHNOLOGIES, INC., ACME PACKET INC. and JUNIPER NETWORKS, INC.,<br><br>              Defendants. | | Civil Action No. _____<br><br><br>JURY TRIAL REQUESTED |

## PLAINTIFF EON CORP. IP HOLDINGS, LLC'S ORIGINAL COMPLAINT

Plaintiff EON Corp. IP Holdings, LLC ("EON") by and for its Complaint against T-Mobile USA, Inc., Cincinnati Bell, Inc., Research in Motion Corporation, Nokia Inc., Best Buy Co., Inc., Wal-Mart Stores, Inc., Costco Wholesale Corporation, Overstock.com, Inc., Sears Roebuck and Co., Amazon.com, Inc., RadioShack Corporation, Airvana, Inc., Alcatel-Lucent USA Inc., D-Link Systems, Inc., IntelliNet Technologies, Inc., Acme Packet Inc., and Juniper Networks, Inc. (collectively the "Defendants") for infringement of U.S. Patent No. 5,592,491 (the "'491 Patent") pursuant to 35 U.S.C. §271 alleges as follows:

## THE PARTIES

1.      Plaintiff EON Corp. IP Holdings, LLC is a Texas limited liability company with its principal place of business located at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

2.      Defendant T-Mobile USA, Inc. ("T-Mobile") is a corporation organized under the laws of the State of Delaware with its principal place of business located at 12920 SE 38th Street, Bellevue, WA 98006.  The causes of action against T-Mobile in this Complaint arose from or are connected with purposeful acts committed by T-Mobile in Texas because, within the State of Texas and/or this judicial district, T-Mobile: (a) uses, induces others to use, or contributes to others using a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells and offers for sale subscriber units that are material portions of these communication networks; and (c) transacts other business in Texas.  T-Mobile may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3.      Defendant Cincinnati Bell, Inc. ("Cincinnati Bell") is an Ohio corporation with its principal place of business at 221 East Fourth Street, Cincinnati, Ohio 45202.  The causes of action against Cincinnati Bell in this Complaint arose from or are connected with purposeful acts committed by Cincinnati Bell in Texas because, within the State of Texas and/or this judicial district, Cincinnati Bell: (a) uses, induces others to use, or contributes to others using a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; and (b) transacts other business in Texas.  Cincinnati Bell may be served with process by serving its registered agent,

Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4.     Defendant Research in Motion Corporation ("RIM") is a Delaware corporation with its principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039.  The causes of action against RIM in this Complaint arose from or are connected with purposeful acts committed by RIM in Texas because, within the State of Texas and/or this judicial district, RIM: (a) uses, induces others to use, or contributes to others using communications network that embody one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells and offers for sale equipment compatible with these communication networks; and (c) transacts other business in Texas.  RIM may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

5.     Defendant Nokia Inc., ("Nokia") is a Delaware corporation with its principal place of business at 102 Corporate Park Drive White Plains, New York 10604.  The causes of action against Nokia in this Complaint arose from or are connected with purposeful acts committed by Nokia in Texas because, within the State of Texas and/or this judicial district, Nokia (a) induces others to use or contributes to others using communication networks that embody one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells and offers for sale subscriber units that are material portions of these communication networks; and (c) transacts other business in Texas. Nokia may be served with process by serving its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

6.      Defendant Best Buy Co., Inc. ("Best Buy") is a Minnesota corporation with its principal place of business located at 7601 Penn Avenue South, Richfield, MN 55423.  The causes of action against Best Buy in this Complaint arose from or are connected with purposeful acts committed by Best Buy in Texas because, within the State of Texas and/or this judicial district, Best Buy (a) induces others to use or contribute to others using communication networks that embody one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells and offers for sale subscriber units that are material portions of these networks; and (c) transacts other business in Texas.  Best Buy may be served with process through its registered agent, CT Corp. System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

7.      Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal place of business located at 702 Southwest 8th Street, Bentonville, AR 72716.  The causes of action against Wal-Mart in this Complaint arose from or are connected with purposeful acts committed by Wal-Mart in Texas because, within the State of Texas and/or this judicial district, Wal-Mart (a) induces others to use or contribute to others using communication networks that embody one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells and offers for sale subscriber units that are material portions of these networks; and (c) transacts other business in Texas.  Wal-Mart may be served with process through its registered agent, CT Corp. System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

8.      Costco Wholesale Corporation ("Costco") is a Washington corporation with its principal place of business located at 999 Lake Drive, Issaquah, WA 98027.  The causes of action against Costco in this Complaint arose from or are connected with purposeful acts

committed by Costco in Texas because, within the State of Texas and/or this judicial district, Costco (a) induces others to use or contribute to others using communication networks that embody one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells and offers for sale subscriber units that are material portions of these networks; and (c) transacts other business in Texas.  Costco may be served with process through its registered agent, CT Corp. System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

9.      Overstock.com, Inc. ("Overstock.com") is a Delaware corporation with its principal place of business at 6350 South 3000 East, Salt Lake City, UT 84121.  Overstock.com engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process.  The cause of action against Overstock.com in this Complaint arose from or is connected with purposeful acts committed by Overstock.com in Texas because, within the State of Texas and/or this judicial district, Overstock.com (a) induces others to use or contribute to others using communication networks that embody one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells and offers for sale subscriber units that are material portions of these networks; and (c) transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Overstock.com's agent for service of process in this action.  The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested.  Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to

Overstock.com's home or home office, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10.    Sears Roebuck and Co. ("Sears") is a New York corporation with its principal place of business located at 3333 Beverly Rd., Hoffman Estates, IL.  The causes of action against Sears in this Complaint arose from or are connected with purposeful acts committed by Sears in Texas because, within the State of Texas and/or this judicial district, Sears (a) induces others to use or contribute to others using communication networks that embody one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells and offers for sale subscriber units that are material portions of these networks; and (c) transacts other business in Texas.  Sears may be served with process through its registered agent, CT Corp. System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

11.    Amazon.com, Inc. ("Amazon.com") is a Delaware corporation with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, WA 98144.  Amazon.com engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process.  The cause of action against Amazon.com in this Complaint arose from or is connected with purposeful acts committed by Amazon.com in Texas because, within the State of Texas and/or this judicial district, Amazon.com (a) induces others to use or contribute to others using communication networks that embody one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells and offers for sale subscriber units that are material portions of these networks; and (c) transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is

designated as Amazon.com's agent for service of process in this action.  The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested.  Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Amazon.com's home or home office, c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

12.    RadioShack Corporation ("RadioShack") is a Delaware corporation with its principal place of business located at Mail Stop CF3-201, 300 RadioShack Circle, Fort Worth, TX 76102.  The causes of action against Radioshack in this Complaint arose from or are connected with purposeful acts committed by Radioshack in Texas because, within the State of Texas and/or this judicial district, Radioshack (a) induces others to use or contribute to others using communication networks that embody one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells and offers for sale subscriber units that are material portions of these networks; and (c) transacts other business in Texas.  Radioshack may be served with process through its registered agent, Corporation Service Company, 211 E. 7ᵗʰ Street, Suite 620, Austin, Texas 78701.

13.    Defendant Airvana, Inc. ("Airvana") is a Delaware corporation with its principal place of business as 19 Alpha Road, Chelmsford, Massachusetts 01824.  The causes of action against Airvana in this Complaint arose from or are connected with purposeful acts committed by Airvana in Texas because, within the State of Texas and/or this judicial district, Airvana (a) induces others to use or contributes to others using communication networks that embody one or more apparatus claims of the of the '491 Patent or practice all the steps of one or more method claims of the '491 Patent; (b) sells and offers for sale material portions of these communication

networks; and (c) transacts other business in Texas. Airvana may be served with process by serving its registered agent, Luis Pajares, 9901 E. Valley Ranch, Parkway, Ste. 2000, Irving, Texas 75063.

14.     Defendant Alcatel-Lucent USA Inc. ("Alcatel-Lucent") is a Delaware corporation with its principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey, 07974.   The causes of action against Alcatel-Lucent in this Complaint arose from or are connected with purposeful acts committed by Alcatel-Lucent in Texas because, within the State of Texas and/or this judicial district, Airvana (a) induces others to use or contributes to others using communication networks that embody one or more apparatus claims of the of the '491 Patent or practice all the steps of one or more method claims of the '491 Patent; (b) sells and offers for sale material portions of these communication networks; and (c) transacts other business in Texas. Alcatel-Lucent may be served with process by serving its registered agent, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

15.     Defendant D-Link Systems, Inc. ("D-Link") is a California corporation with its principal place of business at 17595 Mt. Herrmann Street, Fountain Valley, California 92708. D-Link engages in business in, but does not maintain a regular place of business in Texas, and has not designated or maintained a resident agent for service of process.  The cause of action against D-Link in this Complaint arose from or is connected with purposeful acts committed by D-Link in Texas because, within the State of Texas and/or this judicial district, D-Link directly or indirectly infringed the '491 Patent and transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified

mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to D-Link's home or home office, 17595 Mt. Herrmann Street, Fountain Valley, California 92708.

16.     Defendant IntelliNet Technologies, Inc. ("IntelliNet") is a Florida corporation with its principal place of business at 1990 W. New Haven Ave., Suite 303, Melbourne, Florida 32904. IntelliNet engages in business in, but does not maintain a regular place of business in, Texas, and has not designated or maintained a resident agent for service of process. The cause of action against IntelliNet in this Complaint arose from or is connected with purposeful acts committed by IntelliNet in Texas because, within the State of Texas and/or this judicial district, IntelliNet directly or indirectly infringed the '491 Patent and transacts other business in Texas. Accordingly, pursuant to Federal Rule of Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to IntelliNet's home or home office, 1990 W. New Haven Ave., Suite 303, Melbourne, Florida 32904.

17.     Defendant Acme Packet Inc. ("Acme Packet") is a Delaware corporation with its principal place of business at 71 Third Avenue, Burlington, Massachusetts 08124. Acme engages in business in, but does not maintain a regular place of business in Texas, and has not designated or maintained a resident agent for service of process. The cause of action against Acme in this Complaint arose from or is connected with purposeful acts committed by Acme in Texas because, within the State of Texas and/or this judicial district, Acme directly or indirectly

infringed the '491 Patent and transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Acme's home or home office, 71 Third Avenue, Burlington, Massachusetts 08124.

18.    Defendant Juniper Networks, Inc. ("Juniper") is a Delaware corporation with its principal place of business at 1194 North Mathilda Avenue, Sunnyvale, California 94089-1206. Juniper engages in business in but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process.  The cause of action against Juniper in this Complaint arose from or is connected with purposeful acts committed by Juniper in Texas because, within the State of Texas and/or this judicial district, Juniper directly or indirectly infringed the '491 Patent and transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Juniper's agent for service of process in this action.  The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested.  Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Juniper's home or home office, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

### JURISDICTION AND VENUE

19.     This is an action for patent infringement under the Patent Laws of the United

States, Title 35 of the United States Code.  The Court has subject matter jurisdiction over this

action pursuant to 28 U.S.C. §§1331 and 1338(a).  Venue lies in this judicial district pursuant to

28 U.S.C. §§ 1391 and 1400(b).

20.     This Court has personal jurisdiction over the Defendants under the laws of the

State of Texas, including the Texas long-arm statute, TX. CIV. PRAC. & REM §17.042.

21.     This Court has personal jurisdiction over each Defendant.  Plaintiff incorporates

here all statements of jurisdiction in the preceding paragraphs.  Each Defendant has conducted

and does conduct business within the State of Texas, directly or through intermediaries or agents,

or offers for sale, sells, advertises (including through the provision of interactive web pages)

products or services, or uses or induces others to use services or products in Texas that infringe

U.S. Patent No. 5,592,491, or knowingly contribute to infringement of the asserted patent.

### THE PATENT IN SUIT

22.     On January 7, 1997, the United States Patent and Trademark ("USPTO") duly and

legally issued United States Patent No. 5,592,491, entitled "Wireless Modem," after a full and

fair examination.  A true and correct copy of the '491 Patent is attached hereto as Exhibit A.

EON is an assignee under an exclusive license of all rights, title and interest in and to the '491

Patent and possesses all rights of recovery under the '491 Patent, including the right to recover

for past infringement.  The '491 Patent is valid and enforceable.

### GENERAL ALLEGATIONS

23.     Defendant T-Mobile provides its subscribers access to a communication network

configured in accordance with one or more apparatus claims of the '491 Patent or operating in

accordance with one or more method claims of the '491 Patent.  The communication network provides functionality compatible with Unlicensed Mobile Access ("UMA") specifications and T-Mobile through this functionality has provided services known alternatively as HotSpot@Home, T-Mobile@Home, HotSpot calling, and Wi-Fi calling.  T-Mobile sells subscriber equipment material to using the communication network including routers, dual-mode mobile devices, and UMA enabled mobile devices.

24.     Defendant Cincinnati Bell provides its customers access to a communication network configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent.  The communication network provides functionality compatible with UMA specifications and through this functionality Cincinnati Bell provides a service known as Fusion Wi-Fi.  Cincinnati Bell sells subscriber equipment material to using the communication network including dual-mode mobile devices and UMA enabled mobile devices.

25.     Defendant RIM makes, sells, offers for sale, or imports subscriber units including UMA enabled handsets (e.g., model 9700) and dual-mode handsets (e.g., model 8320 )for use with communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent. RIM thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

26.     Defendant Nokia makes, sells, offers for sale, or imports subscriber units including UMA enabled handsets (e.g., model 7510), dual-mode handsets (e.g., model e71), and dual mode netbooks (e.g., model Nokia Booklet 3G) for use with communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in

accordance with one or more method claims of the '491 Patent. Nokia thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

27.     Defendants Best Buy, Wal-Mart, Costco, Overstock.com, Sears, Amazon.com and RadioShack sell subscriber units including UMA enabled devices (e.g., Blackberry 9700) and dual-mode devices (e.g., Novatel MiFi 2200 Personal Hotspot) for use with communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent. These Defendants each thereby participate in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

28.     Airvana makes, sells, offers for sale, or imports Universal Access Gateway equipment and femtocell equipment (e.g., HubBub CDMA) for use with communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent. Airvana thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

29.     Alcatel-Lucent makes, sells, offers for sale, or imports UMA related network equipment (e.g., model 1430 Unified Home Subscriber Server) and femtocell related network equipment (e.g., model 9365 Base Station Router) for use with communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent. Alcatel-Lucent thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

30.     D-Link makes, sells, offers for sale or imports UMA related network equipment (e.g., model TM-G5240 wireless router) for use with one or more communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent.  D-Links thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

31.     IntelliNet makes, sells, offers for sale, or imports UMA and femtocell gateway equipment (e.g., model IntelliNet Femtocell Gateway and model Azaire Wireless Services Gateway) for use with communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent.   IntelliNet thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

32.     Acme Packet makes, sells, offers for sale, or imports UMA gateway equipment (e.g., models Net-Net 4000, Net-Net 9000) for use with communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent.  Acme Packet thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

33.     Juniper makes, sells, offers for sale, or imports UMA equipment (e.g., model SBR SIM Server) for use with communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent.  Juniper thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

**INFRINGEMENT OF THE EON PATENT IN SUIT**

34.     EON repeats and realleges the allegations set forth in Paragraphs 1-35 as if those allegations have been fully set forth herein.

35.     Defendants, without authorization or license and in violation of 35 U.S.C. § 271, have been and are infringing the '491 Patent directly, by inducement, and/or contributorily by, among other things, manufacturing, selling, offering for sale, using, importing or distributing equipment, products or services in connection with one or more communication networks or material portions of communication networks that embody one or more of the apparatus claims of the '491 Patent or practice the steps of one or more of the method claims of the '491 Patent.

36.     Upon information and belief, said infringement has been and/or will be deliberate and willful.

37.     EON is in compliance with the requirements of 35 U.S.C. § 287.

38.     Defendants' infringement will continue unless enjoined by this Court.

39.     EON has suffered, and will continue to suffer, irreparable injury as a result of Defendants' infringement.

40.     EON has been damaged by Defendants' infringement, and will continue to be damaged until this Court enjoins Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, EON prays for the following relief:

A.     That each Defendant be adjudged to have infringed the '491 Patent;

B.     That each Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the '491 Patent;

C.      An award of damages sufficient to compensate EON for the Defendants' infringement, pursuant to 35 U.S.C. § 284;

D.      An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

E.      That Defendants be directed to pay EON's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

F.      That EON have such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

EON demands a trial by jury of any and all issues triable of right before a jury.

Dated: August 4, 2010                    Respectfully Submitted,

                                         */s/ Daniel R. Scardino*
                                         Daniel R. Scardino
                                         Jeffery R. Johnson
                                         Cabrach J. Connor
                                         REED & SCARDINO LLP
                                         301 Congress Avenue, Suite 1250
                                         Austin, TX  78701
                                         Tel. (512) 474-2449
                                         Fax (512) 474-2622
                                         dscardino@reedscardino.com
                                         jjohnson@reedscardino.com
                                         cconnor@reedscardino.com

                                         */s/ Deron R. Dacus*
                                         Deron R. Dacus
                                         Texas State Bar No. 00790553
                                         RAMEY & FLOCK, P.C.
                                         100 E. Ferguson, Suite 500
                                         Tyler, Texas 75702
                                         Tel. (903) 597-3301
                                         Fax (903) 597-2413
                                         email: derond@rameyflock.com

                                         **ATTORNEYS FOR PLAINTIFF**
                                         **EON CORP. IP HOLDINGS, LLC**