UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC., et al.<br><br>    Defendants. | Case No. 6:10-CV-00379-LED |

**<u>DEFENDANT WAL-MART STORES, INC.'S MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM, FED. R. CIV. P. 12(b)(6)</u>**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF ISSUES .................................................................................................. 1

III. CONFERENCE OF COUNSEL.......................................................................................... 1

IV. BACKGROUND ................................................................................................................. 2

V. APPLICABLE LEGAL STANDARDS .............................................................................. 3

    A. Motion To Dismiss Standards................................................................................. 3

        1. Failure To Plead Required Elements Warrants Dismissal.......................... 5

    B. Indirect Infringement And Joint Infringement........................................................ 5

        1. Indirect Infringement Generally ................................................................. 5

        2. Inducing Infringement ................................................................................ 6

        3. Contributory Infringement ......................................................................... 6

        4. Joint Infringement ...................................................................................... 6

    C. The Standards For Pleading Direct Infringement By A Single Actor Are Different Than Pleading Other Types Of Infringement........................................... 7

VI. THE COURT SHOULD DISMISS THE CONTRIBUTORY, INDUCING, AND JOINT INFRINGEMENT CLAIMS ..................................................................................... 9

    A. Plaintiff Failed To Plead Inducing Infringement Adequately................................. 9

    B. Plaintiff Failed To Plead Contributory Infringement Adequately ........................ 10

    C. Plaintiff Failed To Plead Joint Infringement Adequately ..................................... 11

VII. CONCLUSION................................................................................................................. 12

LACA_2694821.1

**TABLE OF AUTHORITIES**

**Page(s)**

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Aro Manufacturing Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964).................................................................................................................6

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009).......................................................................................................Passim

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................................3-5, 8

*Blackburn v. City of Marshall*,
   42 F.3d 925 (5th Cir. 1995) .................................................................................................5, 8

*BMC Resources, Inc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007).............................................................................................5, 7

*C.R. Bard, Inc. v. Advanced Cardiovascular Systems, Inc.*,
   911 F.2d 670 (Fed. Cir. 1990)...............................................................................................6

*Colida v. Nokia, Inc.*,
   347 Fed. Appx. 568...............................................................................................................9

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ................................................................................................4

*Conley v. Gibson*,
   255 U.S. 41 (1957)................................................................................................................4

*Delalat v. Dept. of Air Force*,
   557 F.3d 1342 (Fed. Cir. 2009).............................................................................................8

*Doe v. MySpace, Inc.*,
   528 F.3d 413 (5th Cir. 2008) ................................................................................................3

*DSU Medical Corporation, et al. v. JMS Co., LTD*,
   471 F.3d 1293 (Fed. Cir. 2006).............................................................................................6

*Elan Microelectronics Corp. v. Apple, Inc.*,
   2009 WL 2972374 ................................................................................................................8

*Elan Microelectronics Corp. v. Apple, Inc.*,
   No. C 09-01531 RS...........................................................................................................8, 10

*Eolas Technologies, Inc. v. Adobe Systems, Inc.*,
   No. 6:09-CV-446, 2010 WL 2026627 (E.D. Tex. May 6, 2010) (Davis, J.) (Ex. 6)................8

ii

## TABLE OF AUTHORITIES

**Page(s)**

*Fernandez-Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) ...................................................................................................5

*Golden Hour Data Systems, Inc. v. emsCharts, Inc.*,
   614 F.3d 1367 (Fed. Cir. 2010) ................................................................................................7

*Hewlett-Packard Co. v. Intergraph Corp.*,
   No. C 03-2517 MJJ, 2003 WL 23884794 (N.D. Cal. Sept. 6, 2003)(Ex. 8) ............................10

*Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*,
   No. 6:09-CV-00208-LED, Dkt. No. 195 ..............................................................................7, 10

*Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*,
   No. 6:09-CV-00499-LED, Dkt. No. 56 ..................................................................................7, 10

*Joy Technologies, Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993) ......................................................................................................5

*Mallinckrodt, Inc. v. Liebel-Flarsheim Co.*,
   670 F. Supp. 2d 349 (D. Del. 2009) ..........................................................................................6

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) ........................................................................................ 3, 7-8

*Performance Aftermarket Parts Group, Ltd. v. TI Group Automotive Sys., LLC*,
   2007 WL 2818269 (S.D. Tex. Sept. 25, 2007) (Ex. 7) .........................................................9, 11

*Ruffin v. Kansas City Southern Railway Co.*,
   No. 2:07 CV 87, 2007 WL 4290006 (E.D. Tex. Dec. 5, 2007) (Davis, J.) (Ex. 2) ....................4

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

35 U.S.C. § 271 ..............................................................................................................................3, 11

35 U.S.C. § 271(b) ..............................................................................................................................6

35 U.S.C. § 271(c) .........................................................................................................................6, 10

Fed. R. Civ. P. 8 ..................................................................................................................... 1, 3-4, 8

Fed. R. Civ. P. 8(a) ...........................................................................................................................10

Fed. R. Civ. P. 8(a)(2) .........................................................................................................................3

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1, 3-4, 7

Fed. R. Civ. P. 84 ................................................................................................................................8

## I. INTRODUCTION

Defendant Wal-Mart Stores, Inc. ("Walmart"), brings this motion to dismiss Plaintiff's claims for joint, contributory, and inducing patent infringement under Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to plead facts that support the basic elements of its claim. Although Walmart's counsel conferred with Plaintiff's counsel in an attempt to identify a factual basis for the infringement allegations, Plaintiff provided no factual basis for its claim.

The Supreme Court explained in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) that threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not meet even the liberal pleading standards of Fed. R. Civ. P. 8. Here, Plaintiff's pleading of joint, contributory, and inducing infringement is even less than "threadbare." Plaintiff fails to plead even the basic elements of those infringement claims. Further, even if Plaintiff had pleaded the elements of its infringement claims, Plaintiff fails to plead any factual basis for those claims. Because Plaintiff's pleading is inadequate, its claims against Walmart should be dismissed.

## II. STATEMENT OF ISSUES

The issues on this motion are whether Plaintiff failed to plead the elements of, and specific facts supporting the elements of the claims of joint infringement, contributory infringement, and inducing infringement against Walmart.

## III. CONFERENCE OF COUNSEL

Under Local Rule CV-7(i), a meet and confer is not required before filing a motion to dismiss. Nevertheless, in an attempt to resolve the issues on this motion before filing, Walmart's counsel, Victor de Gyarfas, called and spoke with Plaintiff's counsel, Daniel Scardino, on October 12, 2010 to attempt to learn the factual basis for the claims against Walmart. Plaintiff's counsel offered to send Walmart's counsel the information requested, but Walmart's counsel

never received the information. Walmart's counsel followed up again on October 19, 2010 but received no response.

## IV. BACKGROUND

This patent infringement lawsuit involves U.S. Patent No. 5,592,491 ("'491 patent") entitled "Wireless Modem." On August 4, 2010, Plaintiff filed its Complaint for Patent Infringement and on October 5, 2010 filed its Second Amended Complaint, which is currently the operative version of the Complaint (Ex. 1) ("Complaint"). In the Complaint, under the section entitled "General Allegations" Plaintiff alleges the following, relative to Walmart and other retailers, at ¶ 30 (emphasis added):

> Defendants Best Buy, Wal-Mart, Costco, Overstock.com, Sears, Amazon.com and RadioShack sell subscriber units including UMA enabled devices (e.g., Blackberry 9700) and dual-mode devices (e.g., Novatel MiFi 2200 Personal Hotspot) for use with communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent. These Defendants each thereby participate in **joint infringement, contributory infringement, or inducement to infringe** with operators or users of the communication networks.

This is not a case where the Court has to examine the claims of the patent to determine whether Plaintiff is asserting a joint infringement theory. Plaintiff admits in ¶ 30 that it is asserting a joint infringement theory.

In Complaint ¶ 39 Plaintiff also makes a general, indiscriminate allegation of patent infringement against all defendants, irrespective of whether they are retailers or manufacturers or service providers.  In Complaint ¶ 7, under a section entitled "Parties," Plaintiff also makes conclusory allegations about Walmart's alleged infringement.  Plaintiff does not plead facts that Walmart knew of the patent-in-suit when the alleged infringement occurred.

Plaintiff mentions the patent infringement statute, 35 U.S.C. § 271 in Complaint ¶ 39, but never even mentions the relevant subsections for indirect infringement, i.e., §§ 271(b) and (c), and Plaintiff never states any facts that would support a pleading of the elements of joint or indirect infringement.

## V.     APPLICABLE LEGAL STANDARDS

### A.     Motion To Dismiss Standards

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A party may move for dismissal of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8).  Nevertheless,

3

"in order to avoid dismissal for failure to state a claim . . . a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A court "will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Id. See Ruffin v. Kansas City Southern Railway Co.,* No. 2:07 CV 87, 2007 WL 4290006 at *1 (E.D. Tex. Dec. 5, 2007) (Davis, J.) (Ex. 2).

The Supreme Court in *Twombly* held that the often "questioned, criticized, and explained away" language from its prior decision in *Conley v. Gibson*, 255 U.S. 41 (1957), that motions to dismiss under Rule 12(b)(6) should only be granted if there are "no set of facts" that could be proven to support relief, "has earned its retirement" "after puzzling the profession for 50 years." *Twombly*, 550 U.S. at 561-63. As the Supreme Court explained in *Iqbal*, 129 S. Ct. at 1949, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[1] The *Iqbal* court explained that the *Twombly* decision rested on two separate "working principles."

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, **but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions**.

*Iqbal*, 129 S. Ct. at 1949-50 (emphasis added).

---

[1] *Iqbal* also confirms that *Twombly* construes Fed. R. Civ. P. 8 and therefore applies to all actions and is not limited to antitrust cases. *Id.* at 1953.

The second principle of *Twombly* is that even where a complaint pleads more than legal conclusions, it still may not be sufficient.

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S. Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.* at 1950.

### 1. Failure To Plead Required Elements Warrants Dismissal

More specifically, dismissal of a claim is proper if a complaint fails to plead a required element. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (dismissing First Amendment claim for failure to allege the violation of a clearly established constitutional right). Further, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## B. Indirect Infringement And Joint Infringement

### 1. Indirect Infringement Generally

To infringe a patent indirectly, whether by inducing another's infringement, or by contributing to another's infringement, there must be some act of direct infringement in this country by a third party. *See BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007)*; Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993). To plead indirect infringement properly, Plaintiff must, among other things, at a bare minimum,

plead that the defendant knew of the patent-in-suit. *Mallinckrodt, Inc. v. Liebel-Flarsheim Co.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009).

### 2. Inducing Infringement

To be liable for inducing another's infringement under 35 U.S.C. § 271(b), the indirect infringer must intentionally aid and abet that direct infringement with knowledge of the patent. *DSU Medical Corporation, et al. v. JMS Co., LTD*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) ("In order to induce infringement, there must first be an act of direct infringement and proof that the defendant knowingly induced infringement with the intent to encourage the infringement. The defendant must have intended to cause the acts that constitute the direct infringement and must have known or should have known that its action would cause the direct infringement.").

### 3. Contributory Infringement

To state a claim for contributory infringement pursuant to 35 U.S.C. § 271(c), Plaintiff must allege that Defendant offered to sell or sold a "*component* of a patented machine . . . constituting a *material part* of the invention, *knowing* the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." *Id.* (emphasis added); *see also Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964). Regarding the "staple article or commodity of commerce" exclusion, a device that has substantial non-infringing uses is considered a staple article. *See C.R. Bard, Inc. v. Advanced Cardiovascular Systems, Inc.*, 911 F.2d 670, 674-75 (Fed. Cir. 1990).

### 4. Joint Infringement

With respect to joint infringement, where the combined actions of multiple parties are alleged to infringe process claims, the elements of joint infringement require that one party

6

exercise "control or direction" over the entire process such that all steps of the process can be attributed to the controlling party, i.e., the "mastermind." *Golden Hour Data Systems, Inc. v. emsCharts, Inc.*, 614 F.3d 1367, 1380 (Fed. Cir. 2010); *See BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380-81 (Fed. Cir. 2007) (finding "arms-length" agreements may be insufficient to establish joint infringement liability).

### C. The Standards For Pleading Direct Infringement By A Single Actor Are Different Than Pleading Other Types Of Infringement

The Federal Circuit considered the adequacy of a pro se litigant's complaint for direct patent infringement and other claims in *McZeal v. Sprint Nextel Corporation*, 501 F.3d 1354 (Fed. Cir. 2007). In the *McZeal* complaint, the allegations of patent infringement were conclusory in much the same way as those here. The Federal Circuit, however, concluded that the pleading "met the low bar for pro se litigants to avoid dismissal on the basis of Fed. R. Civ. P. 12(b)(6)." *Id.* at 1358. In analyzing the complaint's adequacy, the *McZeal* court looked to what was then Form 16 appended to the Federal Rules of Civil Procedure, entitled "Complaint for Patent Infringement" (it now appears at Form 18). That form, which provides an example for alleging direct patent infringement by a single actor, requires only conclusory statements, but those types of conclusory allegations have been accepted as adequate by district courts and the Federal Circuit. *Id.*

Although Form 18 to the Federal Rules of Civil Procedure addresses what is needed to pleading <u>direct</u> infringement by a single actor, "Form 18 does not address indirect infringement claims," both of which have different elements than direct infringement. *See Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*, No. 6:09-CV-00208-LED, Dkt. No. 195, at 5 (E.D. Tex. Mar. 29, 2010)(Davis, J.)(Ex. 3); *Joao Control & Monitoring Sys. of Tex., LLC v. Playboy*

7

*Enters. Inc.*, No. 6:09-CV-00499-LED, Dkt. No. 56, at 5 (E.D. Tex. Mar. 29, 2010) ("[Plaintiff] does not allege and plead any facts relating to any elements of the indirect infringement claims.")(Davis, J.)(Ex. 4). *See Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, at 3-4, 2009 WL 2972374 at *2 (N.D. Cal. 2009)(Ex. 5). "In the absence of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*" to inducing and contributory infringement claims. *Id.; see Eolas Technologies, Inc. v. Adobe Systems, Inc.*, No. 6:09-CV-446, 2010 WL 2026627 (E.D. Tex. May 6, 2010) (Davis, J.) (Ex. 6).

Thus, in the absence of a Federal Civil Procedure Form, this Court should apply the Fifth Circuit pleading rule that a claim should be dismissed if the complaint fails to plead a required element. *Blackburn*, 42 F.3d at 931.

The interpretation that Form 18 does not address indirect infringement claims is consistent with the canons of statutory construction. "Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *Delalat v. Dept. of Air Force*, 557 F.3d 1342, 1344 (Fed. Cir. 2009) (*quoting King v. Briggs*, 83 F.3d 1384, 1388). As courts have suggested, Form 18, used for pleading direct patent infringement by a single actor, appears to be an exception to the pleading requirements of *Iqbal*.[2] Because Form 18 addresses just direct

---

[2] *See McZeal*, 501 F. at 1360 (Dyk, J., concurring-in-part and dissenting-in-part) ("I agree that under Rule 84 of the Federal Rules of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form 16 would be sufficient under Rule 8 to state a claim. One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.") (footnote omitted); *see also Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 at *2 ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal* . . . . Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept

infringement by a single actor and does not mention indirect or joint infringement, the exception carved out by Form 18 for direct infringement by a single actor does not apply to other types of patent infringement.

Finally, to the extent Plaintiff would argue that its failures to plead the elements of joint, inducing, and contributory infringement could be remedied by its providing of infringement contentions or some other disclosure in discovery, Plaintiff's discovery related disclosures cannot amend its pleadings.  *See Performance Aftermarket Parts Group, Ltd. v. TI Group Automotive Sys., LLC*, 2007 WL 2818269, at n.2 (S.D. Tex. Sept. 25, 2007) (Ex. 7).  Therefore, such an argument should be rejected.

## VI.  THE COURT SHOULD DISMISS THE CONTRIBUTORY, INDUCING, AND JOINT INFRINGEMENT CLAIMS

### A.  Plaintiff Failed To Plead Inducing Infringement Adequately

Here, Plaintiff's allegation of infringement is nothing more than a bare assertion, that Walmart, and other retailers, "each thereby participate in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks." (Complaint ¶ 30).  Plaintiff does not even attempt to plead the necessary elements of, or a supporting factual basis for, inducing infringement, i.e.:

• knowledge of the patent,

• that a third party committed direct infringement which the defendant knowingly induced,

• that the defendant intended to encourage the infringement,

---

as sufficient any pleading made in conformance with the forms."); *Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 n.2 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18).

9

    • that the defendant must have intended to cause the acts that constitute the direct infringement, and

    • that the defendant must have known or should have known that its action would cause the direct infringement.

Similar inadequate pleadings of inducing infringement have been dismissed by this and other courts. *See, Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*, No. 6:09-CV-00208-LED, Dkt. No. 195, at 5; *Joao Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*, No. 6:09-CV-00499-LED, Dkt. No. 56, at 5; *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, at 7.

As in the cases noted above, Plaintiff's inadequate pleading of inducing infringement does not meet the pleading standards of Rule 8(a) and *Iqbal*, and Plaintiff's claim for inducing infringement should be dismissed.

    **B.**    **Plaintiff Failed To Plead Contributory Infringement Adequately**

The elements of contributory infringement under 35 U.S.C. § 271(c) include offering to sell or selling a "component" of a patented machine, constituting a "material part" of the invention, along with the accused contributory infringer's "knowledge" that the component was especially made or especially adapted for use in an infringement of the patent-in-suit. Threadbare recitals of the words "contributed to the infringement" without even an allegation that a Defendant offered to sell or sold any particular component or that such component was a material part of an infringing device are inadequate to plead contributory infringement. *See Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517 MJJ, 2003 WL 23884794, at *2 (N.D. Cal. Sept. 6, 2003)(Ex. 8) (dismissing claims for contributory infringement); *Joao Bock Transaction Sys. of Tex., LLC v. AT&T, Inc.*, No. 6:09-CV-00208-LED, Dkt. No. 195 at 5; *Joao*

*Control & Monitoring Sys. of Tex., LLC v. Playboy Enters. Inc.*, No. 6:09-CV-00499-LED, Dkt. No. 56 at 5.

Similarly, a claim for contributory infringement is inadequate when Subsection (c) is not cited in the pleading, nor are there any factual allegations in the pleading that would support a contributory infringement claim. Merely mentioning "contributory infringement" without reference to any subsection of the statute, and without any factual allegations regarding contributory infringement is inadequate. *See Performance Aftermarket Parts Group*, 2007 WL 2818269, at *2 (concluding that a defendant who cited to 35 U.S.C. § 271 but did not provide any facts regarding contributory infringement had not properly pled contributory infringement).

Here, Plaintiff failed to plead virtually all of the necessary elements of, or a supporting factual basis for, a contributory infringement claim against Walmart, i.e.,

- knowledge of the patent,
- selling a "component" of a patented machine that is a "material" part of the invention,
- the accused contributory infringer's "knowledge" that the component was especially made or especially adapted for use in an infringement of the patent-in-suit, and that the component does not have a substantial non-infringing use.

It is remarkable, and dispositive of this issue, that Plaintiff never even uses the word "component" in the Complaint with respect to Walmart. Because Plaintiff has not pleaded the elements of contributory infringement, its contributory infringement claim should also be dismissed.

### C.     Plaintiff Failed To Plead Joint Infringement Adequately

The elements of joint infringement include one party exercising "control or direction" over an entire process such that all steps of the process can be attributed to the controlling party,

i.e., the "mastermind." *Golden Hour Data Systems, Inc. v. emsCharts, Inc.*, 614 F.3d 1367, 1380 (Fed. Cir. 2010). The Complaint does not even use the words "control," "direction," or "mastermind" and does not plead those required elements or facts supporting those elements in any fashion with respect to a joint infringement theory against Walmart. Therefore, the joint infringement claim should be dismissed.

## VII.   CONCLUSION

For all the foregoing reasons, this motion to dismiss Plaintiff's claims against Walmart for joint, inducing, and contributory infringement should be dismissed.

Dated: October 29, 2010              Respectfully submitted,

                                     /s/ Victor de Gyarfas
                                     Victor de Gyarfas
                                     Attorney-in-Charge
                                     (Texas Bar No. 24071250)
                                     e-mail: vdegyarfas@foley.com
                                     FOLEY & LARDNER LLP
                                     555 South Flower Street, Suite 3500
                                     Los Angeles, CA 90071-2411
                                     213.972.4500
                                     213.486.0065

                                     Attorneys for Defendant Wal-Mart Stores, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned certified that DEFENDANT WAL-MART STORES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, FED. R. CIV. P. 12(b)(6)  was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.


     /s/   Victor de Gyarfas