**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| T-MOBILE USA, INC. et al. | § | Civil Action No. 6:10-cv-00379-LED |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**DEFENDANT NOKIA INC.'S MOTION TO DISMISS**
**PLAINTIFF'S CLAIMS AGAINST NOKIA**

**I.      INTRODUCTION**

Because EON's Complaint fails to state a claim upon which relief can be granted against Nokia, Nokia moves to dismiss this case under Fed. R. Civ. P. 12(b)(6).  To obtain relief on a patent infringement claim, EON must allege facts that demonstrate Nokia infringes its patent or, at the very least, that someone does.  But no such facts are alleged.  Instead, EON offers only a vague theory of an inducement-like claim.  EON fails to identify a direct infringer, and does not even allege that Nokia had the knowledge of the patent-in-suit required for indirect infringement.

**II.      FACTUAL BACKGROUND**

EON's allegation relating to Nokia is reproduced herein:

> 28.      Defendant Nokia makes, sells, offers for sale, or imports subscriber units including UMA enabled handsets (e.g., model 7510), dual-mode handsets (e.g.,  model e71), and dual mode netbooks (e.g., model Nokia Booklet 3G) for use with communication networks configured in accordance with one or

> more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent. Nokia thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

(*Second Amended Complaint* (D.I. 69) at ¶ 28 ("General Allegations").)[1]

EON does not accuse Nokia of directly infringing U.S. Pat. No. 5,592,491 ("the '491 Patent"). The Nokia products identified by EON are purportedly "subscriber units . . . **for use with** communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent." (Emphasis added.) By the plain reading of the Complaint, it is not Nokia products, but rather unspecified "communications networks," that are the true target of the allegation. The remainder of the paragraph contains the bare conclusory statement that Nokia "participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks."

The '491 Patent is directed toward a "an interactive two-way data service network, and more particularly, to communication within an interactive two-way broadcast data service network." ('491 Patent, *Ex. A to Second Amended Complaint* (D.I. 70) at 1:11-14.) Further, an object of the purported invention of the '491 Patent is "to provide a system to enable communications between a subscriber unit and a local base station repeater cell in areas where such communication has previously been impaired. . . ." (*Id.* at 2:15-18 (under "Disclosure of Invention").) According to the '491 Patent, this object "has been achieved using a modem which is used to enable communications between a subscriber unit and a local base station repeater cell

---

[1] EON filed a *Complaint* on August 4, 2010, *First Amended Complaint* on August 26, 2010, and a *Second Amended Complaint* on October 5, 2010. The allegation against Nokia remained unchanged.

when the subscriber units are unable to receive rf transmissions from the local base station repeater cell." (*Id.* at 2:23-28 (under "Disclosure of Invention").)

As reflected in the patentee's Disclosure of the Invention, there are at least three components in the purported invention of the '491 Patent: "a subscriber unit," "a local base station repeater cell," and a "modem." These components are illustrated in Figure 2 of the '491 Patent:



FIG. 2

(*Id.* at Fig. 2.) The '491 Patent describes Figure 2 as showing "a communication system including a modem 22 for enabling communication between a local base station repeater cell 10 and a subscriber unit 12" (*id.* at 3:32-35) and further elaborates that "[r]eferring still to Fig. 2, the

present invention provides for two-way communication between local base station repeater cell 10 and subscriber unit 12 even if subscriber unit 12 is unable to receive rf signals directly from local base station repeater cell 10" (*id.* at 4:24-28).

These components ("subscriber unit," "local base station repeater cell," and a "modem") and the communication between them are reflected in each of the five independent claims in the '491 Patent.  Claim 1 is an apparatus claim directed to a "two-way communication network" and recites, *inter alia*, "subscriber units," "local base station repeater cell," and "a modem communicatively coupled to said local subscriber units and said local base station repeater cell. . . ." (*Id.* at 6:16-64.)  Claim 1 also recites components for "transmitting to a set of said subscriber units," "receiving and processing data messages from said set of local subscriber units," and the modem is specified as "transferring . . . data messages . . . between said set of local subscriber units and said local base station repeater cell. . . ."  (*Id.*)  Claim 5 is a "method of communicating between subscriber units and a local base station repeater cell," which also recites, *inter alia*, limitations involving communications between a "subscriber unit," a "local base station repeater cell," and a "modem."  (*See id.* at 7:7-43.)  The remaining independent claims, claim 12 (to a "digital cellular communications system," claim 13 (to a "two-way communications system") and claim 17 (to a "method of communicating between a subscriber unit and a network hub switching center in  two-communication system") are similarly directed toward the structure or methods for communication between a subscriber unit, a local base station repeater cell[2] and a modem.  (*See id.* at 8:11-35; 8:36-43; 8:65-9:29.)

---

[2] Claim 12 uses the terms "subscriber unit" and "modem," but instead of explicitly saying "local base station repeater cell," it refers to "a cell site communication system including a digital transmitter" and "a set of receive only digital receivers."

4

## III.    ARGUMENT

EON's allegation against Nokia relies on alternative language and therefore does not affirmatively specify which of "joint infringement, contributory infringement, **or** inducement to infringe" it is setting forth or specify the role of the unidentified "operators **or** users." (*Second Amended Complaint* (D.I. 69) at ¶ 28 (emphasis added).)  This failure to even affirmatively set forth a theory is not only inexcusable under the pleading requirements of Fed. R. Civ. P. 8, but particularly egregious in this forum, where "[t]he Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun."  *See Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, 2010 U.S. Dist. LEXIS 62711, at \*10 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (quoting *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (Davis, J.).

EON's lone factual assertion is that Nokia provides "subscriber units,"[3] "for use with" purportedly infringing "communication networks," which is precisely the type of barebones recital that is facially deficient because it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal* 129 S. Ct. 1937, 1949 (2009) (citations omitted).  Even if taken as true, the assertion merely affirms that Nokia is not the alleged direct infringer, as Nokia is only alleged to provide a device "for use with" the purportedly infringing network.  EON thereby fails to identify any direct infringer and, due to the nature of the '491 Patent, EON cannot identify a direct infringer.  Finally, EON does not even allege that Nokia had knowledge of the patent-in-suit, a prerequisite for indirect infringement by

---

[3] While Nokia disputes that its products are "subscriber units" as that phrase is used in the '491 Patent, the claims require myriad other components such as a local base station repeater cell and a modem, which EON does not allege are provided or operated by Nokia.

inducement or contributory infringement.  *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) (inducement requires "alleged inducer knew of the patent"); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964) (contributory infringement requires knowledge that the combination was patented).

### A.     EON CANNOT IDENTIFY A DIRECT INFRINGER

Each claim of the '491 Patent requires multiple actors to find infringement as each of the claims recite both user-controlled components (such as subscriber units) and operator-controlled components (such as a local base station repeater cell).  The multiple-party nature of the '491 Patent is exemplified by EON's allegation against Nokia directed solely to Nokia providing purported "subscriber units," which are but one component of the claims of the patent-in-suit. Further, EON alleges only that Nokia "participates in joint infringement, contributory infringement, or inducement to infringe with operators or users," explicitly acknowledging that, even if accepted as true, Nokia is a mere participant in unspecified purportedly infringing activity with unspecified operators or users.  Taking its allegations as true, the multiple-party nature of the '491 Patent precludes a finding of contributory infringement or inducement to infringe as a matter of law.  *See, e.g., Desenberg v. Google, Inc.* 2010 U.S. App. LEXIS 18317, at *4 (Fed. Cir. Aug. 31, 2010) ("[I]ndirect infringement, such as inducement or contributory infringement, 'requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement.'") (quoting *BMC Resources v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007)).

The multiple-party nature of the claims of the '491 Patent also precludes EON from being able to identify any direct infringer.  In *Desenberg*, the Federal Circuit affirmed the grant of a motion to dismiss direct and indirect claims of infringement for failing to state a claim upon

which relief could be granted in a similar situation where the claim "clearly require[s] the participation of multiple parties, in that the claim requires a series of interactions, transmissions and communications between 'users' and 'providers,' similar to the multi-step patent process involving merchants and customers in *BMC Resources*." 2010 U.S. App. LEXIS 18317, at \*4 (citations omitted). The Federal Circuit affirmed the lower court's reasoning that the Plaintiff "by the very terms of his patent, cannot realistically allege" that Google performed both user and provider functions, and therefore there was no direct infringement. *Id.* Likewise, "Google could not be an indirect infringer because there was no direct infringer." *Id.* at \*7. The '491 Patent is similarly drawn to user and provider (or, in EON's words, "operator") components, thereby precluding the identification of a direct infringer, and consequently precluding indirect infringement as well.

EON's reference to "joint infringement" as a doctrine is misguided and does nothing to cure this defect. Presumably, EON included this language precisely because multiple parties are required to infringe the claims of the '491 Patent. Federal Circuit jurisprudence is clear, however, that "[i]nfringement requires, as it always has, a showing that a defendant has practiced each and every element of the claimed invention."[4] *BMC Resources*, 498 F.3d at 1380; *see also Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008) ("direct infringement requires a single party to perform every step of a claimed method"); *Cross Med. Prods. v. Medtronic Sofamor Danek*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (patentee could not combine acts of multiple parties for direct infringement of apparatus claim). The Plaintiff in *BMC*

---

[4] While it is recognized that a direct infringer can infringe by directing and controlling actions of other parties, the allegation still requires identification of the direct infringer and a basis to allege direction and control of other parties. *See, e.g., Desenberg v. Google, Inc.* 2010 U.S. App. LEXIS 18317, at \*7 ("Google could not be a direct infringer because Google did not perform, or direct or control the performance of, all steps of the claimed method.").

*Resources* recognized the "difficulty of proving infringement of this claim format [requiring multiple parties to perform different acts within one claim]."  498 F.3d at 1381.  The Federal Circuit noted, however, that it was a claim drafting issue and that "the patentee who had a clear opportunity to negotiate broader claims but did not do so . . . must bear the cost of its failure. . . ."  *Id.* (quoting *Sage Prods. Inc. v. Devon Indus. Inc.*, 126 F.3d 1420, 1425 (Fed. Cir. 1997).

The '491 Patent is plainly directed toward the actions of multiple parties, and this fact is underscored by EON's allegation against Nokia.  EON provides an allegation, which, even if taken as true, only goes to Nokia providing one component of a purportedly infringing system.  In doing so, EON not only fails to state a claim for which relief can be granted for not identifying a direct infringer, but also illustrates that EON cannot identify a direct infringer.  The inability to identify a direct infringer precludes any allegation of infringement against Nokia as a matter of law and EON's allegations should be dismissed for failure to state a claim upon which relief can be granted

**B.     EON FAILS TO ALLEGE REQUISITE KNOWLEDGE FOR INDIRECT INFRINGEMENT**

Although EON mentions purported inducement and contributory infringement as potential alternative theories against Nokia, it fails to allege that Nokia had any pre-suit knowledge of the patent-in-suit.  "Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent."  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).  Likewise, contributory infringement pursuant to 35 U.S.C. § 271 "requires a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).

This knowledge component is an integral part of both a claim of inducement and contributory infringement. Thus, EON has made no factual assertion that Nokia had pre-suit knowledge of the patent-in-suit and therefore it lacks allegations, even if taken as true, sufficient to make out a plausible claim for either contributory infringement or inducement of infringement.

## IV.    CONCLUSION

EON failed to identify a direct infringer, or plead any factual allegation that Nokia had requisite knowledge of the patent-in-suit. EON has therefore failed to state a claim upon which relief can be granted and Nokia respectfully requests that EON's claims against Nokia be dismissed. Because EON cannot identify a direct infringer due to the very nature of the '491 Patent, Nokia respectfully requests that the Court dismiss EON's claims with prejudice.

Dated:  October 29, 2010                            Respectfully submitted,

/s/ *Steven T. Snyder*
Steven T. Snyder (N.C. Bar. #40421)
King & Spalding LLP
227 West Trade Street, Suite 600
Charlotte, NC 28202
Tel: 704.503.2630
Fax:  704.503.2622
ssnyder@kslaw.com

**ATTORNEYS FOR DEFENDANT NOKIA INC.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 29, 2010.  Any other counsel of record will be served by first class mail on this same date.

/s/ *Steven T. Snyder*
Steven T. Snyder