UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>                Plaintiff,<br><br>        -against-<br><br>T-MOBILE USA, INC., CINCINNATI BELL, INC., RESEARCH IN MOTION CORPORATION., NOKIA INC., BEST BUY CO., INC., WAL-MART STORES, INC., COSTCO WHOLESALE CORPORATION, OVERSTOCK.COM, INC., SEARS ROEBUCK AND CO., AMAZON.COM, INC., RADIOSHACK CORPORATION, AIRVANA, INC., ALCATEL-LUCENT USA INC., D-LINK SYSTEMS, INC., INTELLINET TECHNOLOGIES, INC., ACME PACKET INC., JUNIPER NETWORKS, INC., SAMSUNG TELECOMMUNICATIONS AMERICA LLC, AND VERIZON COMMUNICATIONS INC. D/B/A VERIZON WIRELESS, AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>              Defendants. | Civil Action No. 6:10-cv-00379-LED<br><br>Jury Trial Requested |

## ALCATEL-LUCENT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)

Defendant Alcatel-Lucent USA Inc. ("ALU" or "Defendant") respectfully submits this

Motion to Dismiss Plaintiff Eon Corp. IP Holdings, LLC's ("Eon" or "Plaintiff") Complaint[1]

Pursuant to Rule 12(b) and Memorandum of Law in Support.

---

[1] Eon's Complaint, Amended Complaint and Second Amended Complaint shall be referred to collectively as Eon's or Plaintiff's "Complaint."

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Adrain v. Genetec Inc., et al,* No. 2:08-cv-423 (E.D. Tex. Sept. 30, 2009)................................... 2

*Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574 (Fed. Cir. 1991)....................................... 4

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................................................................... 2

*Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, No. 6:09-cv-89 (E.D. Tex. Oct. 14, 2009) .. 4

*Bedrock Computer Tech., LLC v. Softlayer Tech., Inc., et. al*, No. 6:09-cv-0269 (E.D. Tex. Mar. 29, 2010) ............................................................................................................................ 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 7

*Bender v. Williamsport Area School Dist.,* 475 U.S. 534 (1986) ................................................... 2

*BMC Res., Inc. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) ............................................. 6

*Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481 (E.D. Tex. Mar. 29, 2010) .......................................................................................................................... 3, 6, 7

*Crown Die & Tool Co. v. NYE Tool & Machine Works*, 261 U.S. 24 (1923) ............................... 5

*Escuadra v. Geovera Specialty Insurance Co.*, No. 1:09-cv-974 (E.D. Tex. Sept. 9, 2010).......... 5

*i2 Tech. v. Oracle Corp.*, No. 6:09-cv-00194 (E.D. Tex. Mar. 29, 2010) ..................................... 6

*In re Seagate Tech. LLC*, 497 F.3d 1360 (Fed. Cir. 2007) ........................................................... 8

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333 (Fed. Cir. 2001)..... 4

*Isbell v. DM Records, Inc.*, 591 F. Supp. 2d 871 (E.D. Tex. 2008)............................................... 2

*Landmark Tech. LLC v. Aeropostale, et al.*, No. 6:09-cv-00262 (E.D. Tex. Mar. 29, 2010)......... 6

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) .................................................. 5

*Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008) ..................................... 3, 7

*Realtime Data, LLC v. Morgan Stanley*, No. 6:09-cv-00326 (E.D. Tex. May 7, 2010) (Order Adopted, June 10, 2010) ................................................................................... 3, 5, 6, 8

*Sicom Sys. v. Agilent Techs., Inc.*, 427 F.3d 971 (Fed. Cir 2005)................................................. 3

*Sommers Drug Stores Co. Employment Profit Sharing Trust v. Corrigan,* 883 F.2d 345 (5th Cir. 1989) ............................................................................................................................ 3

*Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003) ............................................................................ 5

*United States v. Hays*, 515 U.S. 737 (1995) ............................................................................ 3

*Williamson v. Tucker*, 645 F.3d 404 (5th Cir. 1981) .............................................................. 4

<u>Statutes</u>

35 U.S.C. § 261 ....................................................................................................................... 4

35 U.S.C. § 271 ....................................................................................................................... 6

35 U.S.C. § 281 ....................................................................................................................... 2

<u>Rules</u>

Federal Rule of Civil Procedure 11 ........................................................................................ 8

Federal Rule of Civil Procedure 12 .................................................................................. 1, 4

Federal Rule of Civil Procedure 8 ................................................................................... 2, 5

Federal Rule of Civil Procedure 84 ........................................................................................ 5

## <u>TABLE OF CONTENTS</u>

I.      STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT ........................... 1

II.     INTRODUCTION ........................................................................................................... 1

III.    ARGUMENT ................................................................................................................... 3

        A.      Plaintiff's Complaint Should Be Dismissed For Lack Of Standing ...................... 3

        B.      Plaintiff's Complaint Should Be Dismissed For Failure To State A Claim ........... 5

                1.      Indirect Infringement ................................................................................. 5

                2.      Willful Infringement ................................................................................... 8

IV.     CONCLUSION ................................................................................................................ 8

## I.      STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

1.      Whether Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because Eon is not the assignee of the patent in suit and therefore lacks standing to sue for patent infringement.

2.      Whether Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) because Eon failed to plead sufficient facts and necessary elements of its cause of action for patent infringement against ALU.

## II.     INTRODUCTION

Plaintiff Eon filed its initial Complaint for patent infringement against seventeen defendants, including ALU, on August 4, 2010.  Dkt. 1.  One day after serving ALU with its initial Complaint, Eon filed an Amended Complaint and subsequently -- before serving the Amended Complaint -- on October 5, 2010 filed a Second Amended Complaint against ALU and the above-captioned defendants.[2]  Eon alleges that ALU participates in "joint infringement, contributory infringement or inducement to infringe."  Dkt. 69, ¶ 32.  Eon does not allege that ALU directly infringes the patent in suit, nor does Eon allege that anyone else directly infringes such patent.  *Id.*

The patent in suit is U.S. Patent No. 5,592,491 ("the '491 patent") entitled "Wireless Modem."  Dkt. 69, ¶ 24.  The face of the '491 patent indicates that it issued on January 7, 1997 and is assigned to EON Corporation.  Dkt. 70, Ex. A.  Yet, in the Complaint, Plaintiff -- Eon

---

[2]  Eon has not served ALU with its Amended Complaint or Second Amended Complaint.  ALU, however, moves to dismiss the August 4, 2010 Complaint, the August 26, 2010 Amended Complaint, and the October 5, 2010 Second Amended Complaint.

Corp. IP Holdings, LLC -- alleges that it is the exclusive assignee of all rights to the '491 patent.

Dkt. 69, ¶ 24.  Plaintiff does not provide an exhibit or support for this factual allegation.

As a threshold matter, Plaintiff lacks standing to sue for patent infringement.  Eon Corp.

IP Holdings, LLC is not the assignee of the patent in suit and therefore cannot sue for any

alleged infringement of the '491 patent.  *See* 35 U.S.C. § 281.  Both the face of the '491 patent

and the U.S. Patent and Trademark Office ("PTO") patent assignment database lists "EON

Corporation" as the assignee – not Eon Corp. IP Holdings, LLC, the named plaintiff in this

action.  Ex. 1.  Lack of standing is a defect in subject matter jurisdiction and warrants dismissal

under Rule 12(b)(1).  *See Isbell v. DM Records, Inc.*, 591 F. Supp. 2d 871 (E.D. Tex. 2008)

(citing *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541-42 (1986)).

Plaintiff's Complaint also is deficient under Rule 8.  Plaintiff fails to show that it is

entitled to relief under Rule 8(a)(2) because it has failed to allege any facts supporting essential

elements to its theories of "joint infringement, contributory infringement or inducement to

infringe" and has not recited any facts supporting its willful infringement allegations.  *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) ("Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."); *Adrain v. Genetec Inc., et al,* No.

2:08-cv-423 (E.D. Tex. Sept. 30, 2009) (failure to allege a necessary element of the cause of

action warrants dismissal).  Furthermore, Eon has failed to allege the fundamental aspect of its

infringement claim – an act of direct infringement by some party.  Instead, Eon alleges that ALU

has engaged in "joint infringement," but never identifies the other party or parties with whom

ALU allegedly conspires to infringe, much less how ALU controls or directs the activity of such

unnamed entities and how any combination of acts of these entities would directly infringe any

claims of the asserted patent:

32.   Alcatel-Lucent makes, sells, offers for sale, or imports UMA related network equipment (e.g., model 1430 Unified Home Subscriber Server) and femtocell related network equipment (e.g., model 9365 Base Station Router) for use with communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent. Alcatel-Lucent thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

Dkt. 69, ¶ 32.

Eon has failed to allege any facts (or even conclusory statements) that there is any operator or user that directly infringes or that ALU has the necessary control or direction over the operator or user to establish a theory of joint infringement.  *See, e.g.*, *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008).   Moreover, Eon has failed to identify both the claims that are indirectly infringed and the infringing "communication network" that the ALU products are allegedly a part of.  *See Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-cv-481, at *7 (E.D. Tex. Mar. 29, 2010).  Such allegations do not meet even the low pleading standard of Form 18 and do not comport with this Court's recent precedent.  *See, e.g.*, *Clear with Computers*, No. 6:09-cv-481 at *7-8; *Realtime Data, LLC v. Morgan Stanley*, No. 6:09-cv-00326,*5-6 (E.D. Tex. May 7, 2010) (Order Adopted, June 10, 2010).

## III.   ARGUMENT

### A.   Plaintiff's Complaint Should Be Dismissed For Lack Of Standing

"Standing to sue is a threshold requirement in every federal action" and "must be present at the time the suit is brought." *Sicom Sys. v. Agilent Techs., Inc.*, 427 F.3d 971, 975-76 (Fed. Cir 2005); *see also Sommers Drug Stores Co. Employment Profit Sharing Trust v. Corrigan,* 883 F.2d 345, 348 (5th Cir. 1989).  The question of standing is a jurisdictional one and "is perhaps the most important of [the jurisdictional] doctrines." *United States v. Hays*, 515 U.S. 737, 742 (1995).  A defendant's motion to dismiss for lack of subject matter jurisdiction is proper at any

time under Federal Rule of Civil Procedure 12(b)(1) and "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

In a patent infringement case, standing is derived from the Patent Act, which provides that "[a] patentee shall have remedy by civil action for infringement of his patent." *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1345 (Fed. Cir. 2001) (quoting 35 U.S.C. § 281). A patentee includes not only the patentee to whom the patent was issued, but also the successors in title to the patentee. *Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, No. 6:09-cv-89 (E.D. Tex. Oct. 14, 2009). A patentee can assign its right to recover damages for patent infringement, but that assignment of patent rights must be executed in writing. *Id.* (citing 35 U.S.C. § 261).

As the party asserting jurisdiction, Eon bears the burden of establishing it has jurisdiction and failed to do so. Eon's conclusory allegations regarding standing are not entitled to a presumption of truthfulness. *Balsam Coffee*, No. 6:09-cv-89 (quoting *Williamson v. Tucker*, 645 F.3d 404, 412-13 (5th Cir. 1981)). In fact, here, Eon's factual allegation that it is the exclusive licensee is expressly contradicted by Eon's own evidentiary support provided with the Complaint. Eon filed Exhibit A with the Complaint, (the '491 patent), which on its face shows that Eon Corp. IP Holding, LLC is not the assignee. Dkt. 70, Ex. A (showing "Assignee: EON Corporation, Reston, VA"). Moreover, there is not an assignment recorded with the PTO nor is there an assignment in the prosecution history of the '491 patent showing "Eon Corp. IP Holdings, LLC" as the assignee. Ex. 1. Because Plaintiff has failed to show that it has legal title to the patent, it lacks standing to sue for patent infringement and the Complaint should be dismissed. *See Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991);

*Crown Die & Tool Co. v. NYE Tool & Machine Works*, 261 U.S. 24, 44 (1923) ("every action must be prosecuted in the name of the real party in interest").

**B.      Plaintiff's Complaint Should Be Dismissed For Failure To State A Claim**

Regional circuit law governs the applicable pleading standards. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007).  The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Id.*  The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint for direct infringement that complies with Form 18 may suffice to state a claim that is plausible on its face. *Realtime Data, LLC v. Morgan Stanley*, No. 6:09-cv-00326,*5-6 (E.D. Tex. May 7, 2010) (Order Adopted, June 10, 2010).  Although Form 18 does not set a high bar for what must be alleged, Plaintiff must provide some specificity to give Defendants sufficient notice of the claims alleged. *Id.* at 7; *Clear with Computers, LLC v. Bergdorf Goodman, Inc., et al.*, No. 6:09-cv-481 (E.D. Tex. Mar. 29, 2010) (citing Fed. R. Civ. P. 84).   Otherwise, identifying only what law forms the basis of the complaint, without pleading facts indicating *how* a defendant violated that law, proves only a theoretical possibility that a cause of action *could* be stated against the defendant, not that plaintiff *did* state a cause of action.  *Escuadra v. Geovera Specialty Insurance Co.*, No. 1:09-cv-974 (E.D. Tex. Sept. 9, 2010) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).

**1.      Indirect Infringement**

Eon has not alleged that ALU directly infringes any claim of the patent in suit, but instead merely alleges that ALU participates in "joint infringement, contributory infringement, or inducement to infringe."  Furthermore, Eon fails to identify any party with whom ALU allegedly conspires to "jointly infringe" one or more claims of the asserted patent, much less how this

unnamed party coordinates with ALU to directly infringe.   Form 18 does not expressly address indirect infringement claims, but this Court has repeatedly found that a complaint for indirect infringement must at least "identify which claims are indirectly infringed," "identify which methods or systems indirectly infringe," and "identify a direct infringer in reference to indirect infringement claims."  *See, e.g.*, *Clear with Computers, LLC*, No. 6:09-cv-481, *7; *Realtime Data*, at *8; *Landmark Tech. LLC v. Aeropostale, et al.*, No. 6:09-cv-00262 (E.D. Tex. Mar. 29, 2010); *i2 Tech. v. Oracle Corp.*, No. 6:09-cv-00194 (E.D. Tex. Mar. 29, 2010); *Bedrock Computer Tech., LLC v. Softlayer Tech., Inc., et. al*, No. 6:09-cv-0269 (E.D. Tex. Mar. 29, 2010).

Here, Eon has failed to identify which of the twenty-three claims of the '491 patent that it alleges are indirectly infringed.  Dkt. 69, ¶ 32.  Additionally, Eon has failed to identify the "method or system" that allegedly indirectly infringes.  Although Eon has identified two ALU products ("model 1430 Unified Home Subscriber Server" and "model 9365 Base Station Router"), it has failed to allege the "communication network" of which ALU's products are allegedly a part of that infringes the patent in suit.  Dkt. 69, ¶ 32.

Moreover, Eon has failed to allege a fundamental element of an infringement claim – who directly infringes or controls every aspect of the infringement?  Eon does not allege that ALU directly infringes the patents in suit and does not identify any other direct infringer, nor a single actor with direction or control over the process, in reference to its indirect and joint infringement claims.  Dkt. 69, ¶ 32.   Identifying a direct infringer is an essential element to a claim of inducement or contributory infringement under 35 U.S.C. §§ 271(a) & (b).  *BMC Res., Inc. Paymentech, L.P.*, 498 F.3d 1373, 1379-81 (Fed. Cir. 2007).  Much like inducement or contributory infringement, joint infringement requires a showing that a single actor has "control

or direction" over the entire process such that every step is attributable to the controlling party or "mastermind."  *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008).  In fact, the Federal Circuit recently reiterated that a joint infringement verdict can *only* be sustained if there is a showing that there was control or direction by one party.  *Golden Hour Data Systems, Inc. v. Emscharts, Inc.* No. 2009-1306, 2009-1396 (Fed. Cir. Aug. 9, 2010) (emphasis added).   Eon, however, has not – because it knows that it cannot – made such a showing.  Eon knows that ALU does not directly infringe the claims of the patents in suit, but instead makes only vague allegations of "joint infringement, contributory infringement, or inducement to infringe" with "users or operators."  These allegations should be dismissed because not only does Eon fail to allege any facts that would explain how ALU is a "mastermind" controlling the alleged infringing activities, but Eon also fails to identify a particular "user or operator" that directly infringes or over which ALU has such control or direction.   In fact, Eon has identified three "operators" in its Complaint (T-Mobile, Cincinnati Bell and Verizon), but does not even accuse ALU of selling its products to these operators.

Such bare assertions and lack of clarity fail to inform ALU as to how they must defend against Eon's charges of indirect infringement.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must also be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.").  This Court has high expectations of a plaintiff's preparedness before it brings suit.  *Clear with Computers*, No. 6:09-cv-481, at *7.  Thus, Eon must already have sufficient knowledge of facts that it could have included in its Complaint that would give Defendant ALU sufficient notice of the claims alleged against them.  *Id.* Eon's failure to do so warrants dismissal.

## 2.    Willful Infringement

Eon's allegations of willful infringement should also be dismissed for failing to comply with Rule 8 because the Complaint does not disclose any factual basis for the allegations.  In fact, Eon's willful infringement allegations consist of a single conclusory sentence directed at all twenty defendants: "Upon information and belief, said infringement has been and/or will be deliberate and willful."  Dkt. 69, ¶40.  Willfulness depends largely on the alleged infringer's pre-litigation conduct.  *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  Thus, when a complaint is filed, a patentee must have a good faith basis and evidentiary support for alleging willful infringement.  *Id.*; *see also Realtime*, 6:09-cv-00326 at *9-10 (citing Rule 11(b)).  Eon's bare willfulness allegation falls very short of the evidentiary basis required by Rule 11(b) and the Federal Circuit's decision in *In re Seagate*, which both require that Plaintiff do more than suggest that more definite allegations are to follow once discovery is underway.  *Realtime*, 6:09-cv-00326, at *10.

## IV.    CONCLUSION

For the reasons stated above, ALU requests that Eon's Complaint is dismissed.

DATED: October 29, 2010

By:  /s/ Brian Craft
  Brian Craft
  State Bar No. 04972020
  Eric H. Findlay
  State Bar No. 04972020
  FINDLAY CRAFT
  6760 Old Jacksonville Hwy, Suite 101
  Tyler, Texas 75703
  Telephone: (903) 534-1100
  Fax: (903) 534-1137
  bcraft@findlaycraft.com
  efindlay@findlaycraft.com

  ATTORNEY FOR ALCATEL-
  LUCENT USA INC.

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2010, counsel of record for the parties are being served a copy of this document via the Court's CM/ECF system.


/s/ Brian Craft
Brian Craft