**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC, § § Plaintiff, § § vs. § T-MOBILE USA, INC., ET AL., § § Defendants. § § | § Civil Action File No. 6:10-cv-00379-LED § § Jury Trial Requested § § § |

**DEFENDANTS AMAZON.COM, INC., BEST BUY CO., INC., COSTCO WHOLESALE CORPORATION, RADIOSHACK CORPORATION. AND SEARS, ROEBUCK AND CO.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants Amazon.com, Inc., Best Buy Co., Inc., Costco Wholesale Corporation, RadioShack Corporation and Sears, Roebuck and Co. (collectively, the "Retail Defendants") hereby move this Court to dismiss Plaintiff EON Corp. IP Holdings, LLC's ("EON") claims against the Retail Defendants for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). EON's Second Amended Complaint fails to allege sufficient facts to state a plausible claim for relief against the Retail Defendants because EON fails: (a) to allege that the Retail Defendants are controlling or directing the actions of others as required to prove infringement under the joint infringement doctrine and (b) to allege any facts upon which a claim for indirect infringement against the Retail Defendants can be based.

**I.  FACTUAL BACKGROUND**

A.  <u>EON'S ALLEGATIONS AGAINST THE RETAIL DEFENDANTS</u>

EON's allegations relating to the Retail Defendants' alleged infringement are limited to the following:

> [Retail Defendants] . . . (a) induce[] others to use or contribute to others using communication networks that embody one or more apparatus claims of the '491

>Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sell[] and offer[] for sale subscriber units that are material portions of these networks. . . .

(*Second Amended Complaint* (D.I. 69) at ¶¶ 6, 8, 10, 11, and 12).

>Defendants Best Buy, . . . Costco, . . . Sears, Amazon.com and RadioShack sell subscriber units including UMA enabled devices (e.g., Blackberry 9700) and dual-mode devices (e.g., Novatel MiFi 2200 Personal Hotspot) for use with communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent. These Defendants each thereby participate in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

(*Second Amended Complaint* (D.I. 69) at ¶ 30).

As the above-cited paragraphs demonstrate, EON does not specifically accuse the Retail Defendants of directly infringing U.S. Pat. No. 5,592,491 ("the '491 Patent") and instead limits its claims of infringement to the following variations: "joint infringement, contributory infringement, or inducement to infringe." Considering that EON's allegations against all of the defendants focus on the operation and use of a "communication network" and that the Retail Defendants are only alleged to sell "subscriber units" (*see Second Amended Complaint* (D.I. 69) at ¶ 6, 8, 10, 11 and 12 and ¶ 30 (citing a Blackberry phone and Novatel "personal hotspots")), it is not surprising that EON did not allege "direct infringement" against the Retail Defendants.

B. THE '491 PATENT

The '491 Patent does not contain any claims that are limited to the subscriber units that are alleged to be sold by the Retail Defendants. The '491 Patent is directed toward a "system to enable communications between a subscriber unit and a local base station repeater cell in areas where such communication has previously been impaired. . . ." ('491 Patent, *Ex. A to Second Amended Complaint* (D.I. 70) at 2:16-18 (under "Disclosure of Invention")). As further reflected in the '491 Patent claims, the claimed invention includes at least the following three common

elements: "a subscriber unit," "a local base station repeater cell," and a "modem." (*Id.* at Cls. 1 (apparatus claim directed to a two-way communication network), 5 (method of communicating between subscriber units and a local base station repeater cell), 12 (system claim for a digital cellular communications system), 13 (system claim for a two-way communications system), and 17 (method of communicating between a subscriber unit and a network hub switching center in two-communication system)).[1]

## II.  ARGUMENT[2]

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted" when it fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2) requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). In the Fifth Circuit, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead sufficient factual allegations that when taken as true show that it is plausibly

---

[1] Although Claim 12 does not cite a local base station repeater cell, it refers to communication network components for receiving and transmitting data including "cell site communication system including a digital transmitter" and "receive only digital receivers." (*Id.* at Cl. 12).

[2] Wal-mart Stores, Inc., another retailer identified in paragraph 30 of the Second Amended Complaint, filed a separate Motion to Dismiss in which it makes similar arguments to those made in this Motion. (*See* Defendant Wal-Mart Stores, Inc.'s Motion To Dismiss For Failure To State A Claim, Fed. R. Civ. P. 12(b)(6) (D.I. 105) (the "Walmart Motion to Dismiss")). To the extent that the Walmart Motion to Dismiss is deemed to raise additional arguments that are not made herein, those arguments are incorporated by reference.

entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009) (discussing *Twombly* and applying T*wombly* generally to civil actions pleaded under Rule 8). "Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

EON's Second Amended Complaint fails to include sufficient factual allegations to support its claims of "joint infringement" or indirect infringement against the Retail Defendants. EON's lone factual assertions that the Retail Defendants sell and offer for sale subscriber units that are "for use with communication networks" and "material portions of these networks" do not supply any plausible basis from which the Court can infer that: (a) the Retail Defendants are direct infringers under the joint infringement doctrine because they have "direction or control" over other actors that use elements or perform steps necessary for infringement, or (b) are indirect infringers that had knowledge of the '491 Patent prior to their actions alleged in the Second Amended Complaint and an intent to induce infringement or are selling products especially made or especially adapted for use in an infringement of such patent, and that do not have substantial non-infringing uses.

A. <u>EON HAS NOT PLED ALLEGATIONS TO SUPPORT A CLAIM OF DIRECT INFRINGEMENT UNDER THE JOINT INFRINGEMENT DOCTRINE</u>

The joint infringement doctrine is an exception to the general rule that "[d]irect infringement requires a party to perform or use each and every step or element of a claimed method or product." *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007). Where the steps or elements of a claim are performed by multiple actors, there may be a finding

of direct infringement under the joint infringement doctrine only if the accused infringer had "direction or control" over the other actors. *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008).

As pled, EON's allegations against the Retail Defendants are based on the underlying premise that each Retail Defendant is one of multiple actors engaged in infringement of the '491 Patent through the use or operation of a communication network. The multiple-party nature of the '491 Patent claims and EON's corresponding allegations are exemplified by EON's allegations against the Retail Defendants that relate solely to their sale and offer for sale of subscriber units that are "for use with communication networks" and are "material portions of these networks." (*Second Amended Complaint* (D.I. 69) at ¶¶ 6, 8, 10-12 and 30). In other words, EON alleges only that the Retail Defendants participate in joint infringement "with operators or users" of communication networks.

Even if EON's allegations are accepted as true, the Retail Defendants are at best alleged to be mere participants in unspecified purportedly infringing activity with unspecified operators or users. The Second Amended Complaint is devoid of the necessary allegations that the Retail Defendants are directing or controlling the actions of any other party (including the user or operator of a communication network) that is performing the missing steps or using the missing elements necessary to prove direct infringement against the Retail Defendants. *BMC Resources*, 498 F.3d at 1380 (finding that "Courts faced with a divided infringement theory have also generally refused to find liability where one party did not control or direct each step of the patented process."); *Muniauction,* 532 F.3d at 1329 ("where the actions of multiple parties combine to perform every step of a claimed method, the claim is directly infringed only if one party exercises 'control or direction' over the entire process such that every step is attributable to

the controlling party, i.e., the 'mastermind.'"). *See also Golden Hour Data Systems, Inc. v. emsCharts, Inc.*, 614 F.3d 1367, 1380 (Fed. Cir. 2010) (citing *Muniauction* and finding that control or direction must be shown to prove direct infringement under the joint infringement doctrine). Because EON has not and cannot plead that the Retail Defendants are controlling other joint actors that are performing steps or using elements of the claims of the '491 Patent, they cannot be found liable as direct infringers under the joint infringement doctrine as a matter of law. EON's reference to "joint infringement" is simply misguided and EON has failed to state a plausible claim against the Retail Defendants according to the joint infringement doctrine.

### B. EON FAILS TO ALLEGE ANY FACTS SPECIFIC TO ITS CLAIM OF INDIRECT INFRINGEMENT

Although EON mentions indirect infringement as a potential alternative theory against the Retail Defendants, it fails to allege that the Retail Defendants had any knowledge of the '491 Patent. Indirect infringement can take the form of induced infringement or contributory infringement. *Realtime Data, LLC v. Morgan Stanley*, Civil Action No. 6:09-cv-326-LED-JDL, 2010 U.S. Dist. LEXIS 58049, at *5 (E.D. Tex. May 7, 2010). To prove induced infringement under 35 U.S.C. § 271(b), EON must show that: (l) each of the Retail Defendants' actions induced others to directly infringe the '491 Patents, (2) each of the Retail Defendants knew or should have known its actions would induce actual infringements, (3) each of the Retail Defendants possessed specific intent to encourage another's direct infringement, and (4) the direct infringement that was encouraged actually occurred. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321–22 (Fed. Cir. 2009) (citing *DSU Med. Corp. v. JMS, Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc* on inducement issue)). Similarly, to prove contributory infringement under 35 U.S.C. § 271(c), EON must show that each of the Retail Defendants sold an article for use in practicing a patent, "knowing it to be 'especially made or especially adapted

for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.'" *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009) (quoting 35 U.S.C. § 271(c)).

For both instances of indirect infringement, EON must first show that each Defendant was aware of the '491 Patent prior to its actions. This knowledge component is an integral part of both a claim of inducement and contributory infringement. EON has made no factual assertion that the Retail Defendants even had knowledge of the '491 Patent, no less that the Retail Defendants possessed specific intent to encourage another's direct infringement or that the subscriber units alleged to be sold by the Retail Defendants are both (i) especially made or especially adapted for use in an infringement of such patent, and (ii) not a staple article or commodity of commerce suitable for substantial non-infringing use.[3] Therefore EON's Second Amended Complaint lacks allegations sufficient to make out a plausible claim for either contributory infringement or inducement of infringement and EON's indirect infringement claims should be dismissed.

## III. CONCLUSION

For at least the foregoing reasons, EON has failed to state a claim upon which relief can be granted against the Retail Defendants and they respectfully request that EON's claims against them be dismissed with prejudice.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

---

[3] To the extent that EON intends to have stated a claim for willful infringement, it likewise should be dismissed on similar grounds given that the only relevant allegation in the Second Amended Complaint is: "Upon information and belief, said infringement has been and/or will be deliberate and willful." (Second Amended Complaint (D.I. 69) at ¶ 40).

7

Respectfully submitted, this 29th day of October, 2010 by,

| | |
|---|---|
| Duane Morris LLP | Klarquist Sparkman LLP |
| | |
| /s/ Matthew S. Yungwirth | |
| Matthew S. Yungwirth | /s/ James E. Geringer |
| Georgia Bar No. 783597 | James E. Geringer |
| (msyungwirth@duanemorris.com) | (Oregon State Bar No. 951783) |
| Leah J. Poynter | james.geringer@klarquist.com |
| Georgia Bar No. 586605 | Salumeh R. Loesch |
| (lpoynter@duanemorris.com) | (Oregon State Bar No. 090074) |
| 700 Atlantic Center Plaza | salumeh.loesch@klarquist.com |
| 1180 West Peachtree Street | 121 S.W. Salmon Street, Suite 1600 |
| Atlanta, Georgia 30309 | Portland, Oregon  97204 |
| Telephone: (404) 253-9600 | Telephone:  503-595-5300 |
| Facsimile:  (404) 253-6901 | Facsimile: 503-595-5301 |
| | |
| Wesley W. Yuan | *Counsel for Defendants Amazon.com, Inc.* |
| Texas Bar No. 24042434 | *and Costco Wholesale Corporation* |
| 1330 Post Oak Blvd., Suite 800 | |
| Houston, Texas  77056 | |
| Telephone:  (713) 402-3900 | |
| Facsimile:  (713) 402-3901 | |

*Counsel for Defendants Sears, Roebuck and Co. and Best Buy Co., Inc.*


Buether Joe & Carpenter, LLC

/s/ Christopher M. Joe
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Brian A. Carpenter
State Bar No.  03840600
Brian.Carpenter@BJCIPLaw.com

1700 Pacific Ave., Suite 2390
Dallas, Texas  75201
Telephone:     (214) 466-1272
Facsimile:      (214) 635-1828

*Counsel for Defendant RadioShack Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 29, 2010.  Any other counsel of record will be served by first class mail on this same date.

s/ Matthew S. Yungwirth<br>
Matthew S. Yungwirth