UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>                    Plaintiff,<br>v.<br><br>T-MOBILE USA, INC.; CINCINNATI BELL, INC.; RESEARCH IN MOTION CORPORATION.; NOKIA INC.; BEST BUY CO., INC.; WAL-MART STORES, INC.; COSTCO WHOLESALE CORPORATION; OVERSTOCK.COM, INC.; SEARS ROEBUCK AND CO.; AMAZON.COM, INC.; RADIOSHACK CORPORATION; ALCATEL-LUCENT USA INC.; D-LINK SYSTEMS, INC.; INTELLINET TECHNOLOGIES, INC.; ACME PACKET INC.; JUNIPER NETWORKS, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA LLC; AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>                    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:10-cv-00379-LED<br><br><br>JURY TRIAL REQUESTED |

## PLAINTIFF EON CORP. IP HOLDINGS, LLC'S AMENDED COMPLAINT

Plaintiff EON Corp. IP Holdings, LLC ("EON") files this Amended Complaint against defendants T-Mobile USA, Inc., Cincinnati Bell, Inc., Research in Motion Corporation, Nokia Inc., Best Buy Co., Inc., Wal-Mart Stores, Inc., Costco Wholesale Corporation, Overstock.com, Inc., Sears Roebuck and Co., Amazon.com, Inc., RadioShack Corporation, Alcatel-Lucent USA Inc., D-Link Systems, Inc., IntelliNet Technologies, Inc., Acme Packet Inc., Juniper Networks, Inc., Samsung Telecommunications America LLC, and Cellco Partnership d/b/a Verizon Wireless (collectively the "Defendants") for infringement of U.S. Patent No. 5,592,491 (the "'491 Patent") pursuant to 35 U.S.C. §271.

### THE PARTIES

1.     Plaintiff EON Corp. IP Holdings, LLC is a Texas limited liability company with its principal place of business located at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

2.     Defendant T-Mobile USA, Inc. ("T-Mobile") is a corporation organized under the laws of the State of Delaware with its principal place of business located at 12920 SE 38th Street, Bellevue, WA 98006. In part, the causes of action against T-Mobile in this Complaint arose from or are connected with purposeful acts committed by T-Mobile in Texas because, at a minimum, within the State of Texas and/or this judicial district, T-Mobile: (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas. T-Mobile may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3.     Defendant Cincinnati Bell, Inc. ("Cincinnati Bell") is an Ohio corporation with its principal place of business at 221 East Fourth Street, Cincinnati, Ohio 45202. In part, the causes of action against Cincinnati Bell in this Complaint arose from or are connected with purposeful acts committed by Cincinnati Bell in Texas because, within the State of Texas and/or this judicial district, Cincinnati Bell: (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas. Cincinnati Bell

may be served with process by serving its registered agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4.      Defendant Research in Motion Corporation ("RIM") is a Delaware corporation with its principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, Texas 75039. In part, the causes of action against RIM in this Complaint arose from or are connected with purposeful acts committed by RIM in Texas because, within the State of Texas and/or this judicial district, RIM: (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas. RIM may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4234.

5.      Defendant Nokia Inc. ("Nokia") is a Delaware corporation with its principal place of business at 102 Corporate Park Drive White Plains, New York 10604. In part, the causes of action against Nokia in this Complaint arose from or are connected with purposeful acts committed by Nokia in Texas because, within the State of Texas and/or this judicial district, Nokia (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas. Nokia may be served with process by

serving its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

6.     Defendant Best Buy Co., Inc. ("Best Buy") is a Minnesota corporation with its principal place of business located at 7601 Penn Avenue South, Richfield, Minnesota 55423. In part, the causes of action against Best Buy in this Complaint arose from or are connected with purposeful acts committed by Best Buy in Texas because, within the State of Texas and/or this judicial district, Best Buy (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas. Best Buy may be served with process through its registered agent, CT Corp. System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

7.     Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal place of business located at 702 Southwest 8th Street, Bentonville, AR 72716. In part, the causes of action against Wal-Mart in this Complaint arose from or are connected with purposeful acts committed by Wal-Mart in Texas because, within the State of Texas and/or this judicial district, Wal-Mart (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas.  Wal-Mart may be

served with process through its registered agent, CT Corp. System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

8.     Defendant Costco Wholesale Corporation ("Costco") is a Washington corporation with its principal place of business located at 999 Lake Drive, Issaquah, Washington 98027. In part, the causes of action against Costco in this Complaint arose from or are connected with purposeful acts committed by Costco in Texas because, within the State of Texas and/or this judicial district, Costco (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas.  Costco may be served with process through its registered agent, CT Corp. System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

9.     Defendant Overstock.com, Inc. ("Overstock.com") is a Delaware corporation with its principal place of business at 6350 South 3000 East, Salt Lake City, Utah 84121. Overstock.com engages in business in Texas, but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process. In part, the cause of action against Overstock.com in this Complaint arose from or is connected with purposeful acts committed by Overstock.com in Texas because, within the State of Texas and/or this judicial district, Overstock.com (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of

infringing communication networks; and (c) transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Overstock.com's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Overstock.com's home or home office, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

10.     Defendant Sears Roebuck and Co. ("Sears") is a New York corporation with its principal place of business located at 3333 Beverly Rd., Hoffman Estates, IL. In part, the causes of action against Sears in this Complaint arose from or are connected with purposeful acts committed by Sears in Texas because, within the State of Texas and/or this judicial district, Sears (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas.  Sears may be served with process through its registered agent, CT Corp. System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

11.     Defendant Amazon.com, Inc. ("Amazon.com") is a Delaware corporation with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, WA 98144. Amazon.com engages in business in Texas, but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process. In part, the

cause of action against Amazon.com in this Complaint arose from or is connected with purposeful acts committed by Amazon.com in Texas because, within the State of Texas and/or this judicial district, Amazon.com (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas.  Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Amazon.com's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Amazon.com's home or home office, c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

12.     Defendant RadioShack Corporation ("RadioShack") is a Delaware corporation with its principal place of business located at Mail Stop CF3-201, 300 RadioShack Circle, Fort Worth, Texas 76102. In part, the causes of action against Radioshack in this Complaint arose from or are connected with purposeful acts committed by Radioshack in Texas because, within the State of Texas and/or this judicial district, Radioshack (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components

that are material portions of infringing communication networks; and (c) transacts other business in Texas. Radioshack may be served with process through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

13. Defendant Alcatel-Lucent USA Inc. ("Alcatel-Lucent") is a Delaware corporation with its principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey, 07974. In part, the causes of action against Alcatel-Lucent in this Complaint arose from or are connected with purposeful acts committed by Alcatel-Lucent in Texas because, within the State of Texas and/or this judicial district, Alcatel-Lucent (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas. Alcatel-Lucent may be served with process by serving its registered agent, Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

14. Defendant D-Link Systems, Inc. ("D-Link") is a California corporation with its principal place of business at 17595 Mt. Herrmann Street, Fountain Valley, California 92708. D-Link engages in business in Texas, but does not maintain a regular place of business in Texas, and has not designated or maintained a resident agent for service of process. In part, the cause of action against D-Link in this Complaint arose from or is connected with purposeful acts committed by D-Link in Texas because, within the State of Texas and/or this judicial district, D-Link (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for

sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to D-Link's home or home office, 17595 Mt. Herrmann Street, Fountain Valley, California 92708.

15.     Defendant IntelliNet Technologies, Inc. ("IntelliNet") is a Florida corporation with its principal place of business at 1990 W. New Haven Ave., Suite 303, Melbourne, Florida 32904. IntelliNet engages in business in Texas, but does not maintain a regular place of business in, Texas, and has not designated or maintained a resident agent for service of process. In part, the cause of action against IntelliNet in this Complaint arose from or is connected with purposeful acts committed by IntelliNet in Texas because, within the State of Texas and/or this judicial district, IntelliNet (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies

Code, the Secretary of State shall forward citation and a copy of this Complaint to IntelliNet's home or home office, 1990 W. New Haven Ave., Suite 303, Melbourne, Florida 32904.

16.     Defendant Acme Packet Inc. ("Acme Packet") is a Delaware corporation with its principal place of business at 71 Third Avenue, Burlington, Massachusetts 08124. Acme Packet engages in business in Texas, but does not maintain a regular place of business in Texas, and has not designated or maintained a resident agent for service of process. In part, the cause of action against Acme Packet in this Complaint arose from or is connected with purposeful acts committed by Acme Packet in Texas because, within the State of Texas and/or this judicial district, Acme Packet (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Acme Packet's home or home office, 71 Third Avenue, Burlington, Massachusetts 08124.

17.     Defendant Juniper Networks, Inc. ("Juniper") is a Delaware corporation with its principal place of business at 1194 North Mathilda Avenue, Sunnyvale, California 94089-1206. Juniper engages in business in Texas, but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process. In part, the cause of

action against Juniper in this Complaint arose from or is connected with purposeful acts committed by Juniper in Texas because, within the State of Texas and/or this judicial district, Juniper (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Juniper's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Juniper's home or home office, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

18.     Defendant Samsung Telecommunications America LLC ("Samsung") is a limited liability company organized under the laws of the State of Delaware and has its principal place of business at 1301 E. Lookout Drive, Richardson, Texas 75082. In part, the causes of action against Samsung in this Complaint arose from or are connected with purposeful acts committed by Samsung in Texas because, within the State of Texas and/or this judicial district, Samsung: (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for

11

sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas. Samsung may be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

19.     Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") is a Delaware general partnership with its principal place of business at One Verizon Way, Baskin Ridge, New Jersey 07920. Verizon engages in business in Texas, but does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process. In part, the cause of action against Verizon in this Complaint arose from or is connected with purposeful acts committed by Verizon in Texas because, within the State of Texas and/or this judicial district, Verizon (a) makes, sells, offers for sale, uses, imports, induces others to use, or contributes to others using, a communication network that embodies one or more apparatus claims of the '491 Patent or practices all the steps of one or more method claims of the '491 Patent; (b) sells, offers for sale, or imports network components that are material portions of infringing communication networks; and (c) transacts other business in Texas. Accordingly, pursuant to Federal Rule of Civil Procedure 4, section 17.044 of the Texas Civil Practice and Remedies Code, and Articles 2.11 of the Texas Business Corporations Act, the Texas Secretary of State is designated as Verizon's agent for service of process in this action. The Texas Secretary of State Citations Unit may be served at P.O. Box 12079, Austin, Texas 78711-2079 by certified mail, return receipt requested. Pursuant to section 17.045(a) of the Civil Practice and Remedies Code, the Secretary of State shall forward citation and a copy of this Complaint to Verizon home or home office, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

20.    This is an action for patent infringement under the Patent Laws of the United States, Title 35 of the United States Code. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a). Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

21.    This Court has personal jurisdiction over the Defendants under the laws of the State of Texas, including the Texas long-arm statute, TX. CIV. PRAC. & REM §17.042.

22.    This Court has personal jurisdiction over each Defendant. Plaintiff incorporates here all statements of jurisdiction in the preceding paragraphs. Each Defendant has conducted and does conduct business within the State of Texas, directly or through intermediaries or agents, or offers for sale, sells, advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use services or products in Texas that infringe U.S. Patent No. 5,592,491, or knowingly contribute to infringement of the asserted patent.

## THE PATENT IN SUIT

23.    On January 7, 1997, the United States Patent and Trademark ("USPTO") duly and legally issued United States Patent No. 5,592,491, entitled "Wireless Modem," after a full and fair examination. A true and correct copy of the '491 Patent is attached hereto as Exhibit A. Pursuant to an agreement titled "Invention Assignment," the named inventor of the '491 Patent, Gilbert Dinkins, assigned the right, title and interest in and to the '491 Patent to EON's parent company, EON Corporation. EON is an assignee under an Exclusive License of all rights, title and interest in and to the '491 Patent and possesses all rights of recovery under the '491 Patent, including the right to recover for past infringement. The Exclusive License is attached hereto as Exhibit B. The '491 Patent is valid and enforceable.

## GENERAL ALLEGATIONS

24.     Defendant T-Mobile makes, uses, sells, offers for sale, or imports a communication network (comprising subscriber units, base stations, and/or network hub switching centers, and modems) and network components configured or for configuration in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent. For example, T-Mobile's communication networks provide functionality compatible with Unlicensed Mobile Access ("UMA") specifications and provide communication services including branded services such as HotSpot@Home, T-Mobile@Home, HotSpot calling, and Wi-Fi calling that infringe one or more claims of the '491 Patent. In addition to their networks and services, T-Mobile sells, offers for sale or imports network components constituting a material part of infringing communication networks, including dual mode devices (e.g. UMA and Wi-Fi), dual-mode handsets, wireless modems, gateways and/or routers used or specially designed for offloading network traffic in accordance with the claims of the '491 Patent. Upon information and belief, T-Mobile has been and is infringing, directly or indirectly, literally or under the doctrine of equivalents, all claims of the '491 Patent alone or jointly with others, including wireless customers, end users, network component manufacturers and/or wireless network operators.

25.     Defendant Cincinnati Bell makes, uses, sells, offers for sale, or imports  a communication network (comprising subscriber units, base stations, and/or network hub switching centers, and modems) and network components configured or for configuration in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent. For example, Cincinnati Bell's communication networks provide functionality compatible with Unlicensed Mobile Access ("UMA")

14

specifications and provide communication services including branded services such as CB Home Run and Wi-Fi Fusion that infringe one or more claims of the '491 Patent. In addition to their networks and services, Cincinnati Bell sells, offers for sale or imports network components constituting a material part of infringing communication networks, including dual mode devices (e.g. UMA and Wi-Fi), dual-mode handsets, wireless modems, gateways and/or routers used or specially designed for offloading network traffic in accordance with the claims of the '491 Patent. Upon information and belief, Cincinnati Bell has been and is infringing, directly or indirectly, literally or under the doctrine of equivalents, all claims of the '491 Patent alone or jointly with others, including wireless customers, end users, network component manufacturers and/or wireless network operators.

26.     Defendant RIM makes, uses, sells, offers for sale, or imports dual mode subscriber units including UMA enabled handsets (e.g., model 9700, 9300, 8900, 8530, 8520, 8320) and Wi-Fi enabled handsets (e.g., model 9330, 8350i) specially configured or intended for use with communication networks (e.g., T-Mobile, Cincinnati Bell, or Verizon Wireless) comprising subscriber units, base stations, and/or network hub switching centers, and modems, deployed and operated in accordance with one or more claims of the '491 Patent. Upon information and belief, RIM has been and is infringing, directly or indirectly, literally or under the doctrine of equivalents, all claims of the '491 Patent alone or jointly with others, including wireless customers, end users, network component manufacturers and/or wireless network operators.

27.     Defendant Nokia makes, uses, sells, offers for sale, or imports dual mode subscriber units including UMA enabled handsets (e.g., model 7510), Wi-Fi enabled handsets (e.g., model E71), and dual-mode enabled netbooks (e.g., model Nokia Booklet 3G) specially

configured or intended for use with communication networks (e.g., T-Mobile, Cincinnati Bell, or Verizon Wireless) comprising subscriber units, base stations, and/or network hub switching centers, and modems, deployed and operated in accordance with one or more claims of the '491 Patent. Upon information and belief, Nokia has been and is infringing, directly or indirectly, literally or under the doctrine of equivalents, all claims of the '491 Patent alone or jointly with others, including wireless customers, end users, network component manufacturers and/or wireless network operators.

28.     Defendant Samsung makes, uses, sells, offers for sale, or imports dual mode subscriber units including UMA enabled handsets (e.g., model t406) specially configured or intended for use with communication networks (e.g., T-Mobile, Cincinnati Bell, or Verizon Wireless) comprising subscriber units, base stations, and/or network hub switching centers, and modems, deployed and operated in accordance with one or more claims of the '491 Patent. Upon information and belief, Samsung has been and is infringing, directly or indirectly, literally or under the doctrine of equivalents, all claims of the '491 Patent alone or jointly with others, including wireless customers, end users, network component manufacturers and/or wireless network operators.

29.     Defendants Best Buy, Wal-Mart, Costco, Overstock.com, Sears, Amazon.com and RadioShack make, use, sell, offer for sale, or import dual mode subscriber units including dual mode handsets (e.g., UMA enabled handsets such as Blackberry 9700 and Wi-Fi enabled devices such as Blackberry 9330) and material network components (e.g., wireless modems, routers, and personal hotspots) that are specially configured or intended for use with communication networks (e.g., T-Mobile, Cincinnati Bell, or Verizon Wireless) comprising subscriber units, base stations, and/or network hub switching centers, and modems, deployed and

operated in accordance with one or more claims of the '491 Patent. These defendants also sell and offer for sale branded reseller wireless plans (e.g., "Wal-Mart Family Mobile" using T-Mobile's network, "Costco Wireless" using Verizon's network, "Amazon Wireless" using T-Mobile and Verizon's networks, "Radio Shack Wireless" using T-Mobile's network and Best Buy using Verizon's network) which infringe one or more claim of the '491 Patent. Upon information and belief, these defendants have been and are infringing, directly or indirectly, literally or under the doctrine of equivalents, all claims of the '491 Patent alone or jointly with others, including wireless customers, end users, network component manufacturers and/or wireless network operators.

30.     Defendant Alcatel-Lucent makes, uses, sells, offers for sale, or imports dual mode related network equipment, including UMA related network equipment (e.g., model 1430 Unified Home Subscriber Server), femtocell related network equipment (e.g., models 9360 and 9365), and femtocell device management solutions specially configured or intended for use with communication networks (e.g., T-Mobile, Cincinnati Bell, or Verizon Wireless) comprising subscriber units, base stations, and/or network hub switching centers, and modems, deployed and operated in accordance with one or more claims of the '491 Patent. Upon information and belief, Alcatel-Lucent has been and is infringing, directly or indirectly, literally or under the doctrine of equivalents, all claims of the '491 Patent alone or jointly with others, including wireless customers, end users, network component manufacturers and/or wireless network operators.

31.     Defendant D-Link makes, uses, sells, offers for sale, or imports dual mode related network equipment, including UMA related network equipment (e.g.,TM-G5240, DIR-450, DIR-451) specially configured or intended for use with communication networks (e.g., T-Mobile, Cincinnati Bell, or Verizon Wireless) comprising subscriber units, base stations, and/or

network hub switching centers, and modems, deployed and operated in accordance with one or more claims of the '491 Patent. Upon information and belief, D-Link has been and is infringing, directly or indirectly, literally or under the doctrine of equivalents, all claims of the '491 Patent alone or jointly with others, including wireless customers, end users, network component manufacturers and/or wireless network operators.

32.     Defendant IntelliNet makes, uses, sells, offers for sale, or imports dual mode related network equipment, including UMA and femtocell gateway equipment (e.g., model IntelliNet Femtocell Gateway and model Azaire Wireless Services Gateway) specially configured or intended for use with communication networks (e.g., T-Mobile, Cincinnati Bell, or Verizon Wireless) comprising subscriber units, base stations, and/or network hub switching centers, and modems, deployed and operated in accordance with one or more claims of the '491 Patent. Upon information and belief, IntelliNet has been and is infringing, directly or indirectly, literally or under the doctrine of equivalents, all claims of the '491 Patent alone or jointly with others, including wireless customers, end users, network component manufacturers and/or wireless network operators.

33.     Defendant Acme Packet makes, uses, sells, offers for sale, or imports dual mode related network equipment, including UMA gateway equipment (e.g., models Net-Net 4000, Net-Net 4500, Net-Net 9000, Net-Net 9200) specially configured or intended for use with communication networks (e.g., T-Mobile, Cincinnati Bell, or Verizon Wireless) comprising subscriber units, base stations, and/or network hub switching centers, and modems, deployed and operated in accordance with one or more claims of the '491 Patent. Upon information and belief, Acme Packet has been and is infringing, directly or indirectly, literally or under the doctrine of

equivalents, all claims of the '491 Patent alone or jointly with others, including wireless customers, end users, network component manufacturers and/or wireless network operators.

34.    Defendant Juniper makes, uses, sells, offers for sale, or imports dual mode related network equipment, including UMA equipment (e.g., model SBR SIM Server) specially configured or intended for use with communication networks (e.g., T-Mobile, Cincinnati Bell, or Verizon Wireless) comprising subscriber units, base stations, and/or network hub switching centers, and modems, deployed and operated in accordance with one or more claims of the '491. Upon information and belief, Juniper has been and is infringing, directly or indirectly, literally or under the doctrine of equivalents, all claims of the '491 Patent alone or jointly with others, including wireless customers, end users, network component manufacturers and/or wireless network operators.

35.    Defendant Verizon makes, uses, sells, offers for sale, or imports a communication network (comprising subscriber units, base stations, and/or network hub switching centers, and modems) and network components configured or for configuration in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent. For example, Verizon's communication networks provide communication services including branded services such as Verizon Wi-Fi hotspot calling that infringe one or more claims of the '491 Patent. In addition to their networks and services, Verizon sells, offers for sale or imports network components constituting a material part of infringing communication networks, including dual mode devices, dual-mode handsets, wireless modems, gateways and/or routers used or specially designed for offloading network traffic in accordance with the claims of the '491 Patent. Upon information and belief, Verizon has been and is infringing, directly or indirectly, literally or under the doctrine of equivalents, all claims of

the '491 Patent alone or jointly with others, including wireless customers, end users, network component manufacturers and/or wireless network operators.

## INFRINGEMENT OF THE EON PATENT IN SUIT

36.     EON repeats and realleges the allegations set forth in Paragraphs 1-35 as if those allegations have been fully set forth herein.

37.     Defendants, without authorization or license, have been and are now infringing the '491 Patent, (i) directly in violation of 35 U.S.C. § 271(a), either alone or jointly with others including wireless customers, end users, network component manufacturers and/or wireless network operators, and/or (ii) indirectly by knowingly inducing and/or contributing to the infringement of the '491 Patent in violation of 35 U.S.C. §271(b) and/or 35 U.S.C. §271(c), literally or under the doctrine of equivalents by, among other things, manufacturing, selling, offering for sale, using, or importing communication networks (comprising subscriber units, base stations, and/or network hub switching centers, and modems), network components and/or device management solutions specially configured for and material to the use of communication networks that embody one or more apparatus claims of the '491 Patent or practice all the steps of one or more method claims of the '491 Patent.

38.     Upon information and belief, said infringement has been and/or will be deliberate and willful.

39.     EON is in compliance with the requirements of 35 U.S.C. § 287.

40.     Defendants' infringement will continue unless enjoined by this Court.

41.     EON has suffered, and will continue to suffer, irreparable injury as a result of Defendants' infringement.

42.     EON has been damaged by Defendants' infringement, and will continue to be damaged until this Court enjoins Defendants.

## PRAYER FOR RELIEF

WHEREFORE, EON prays for the following relief:

A.      That each Defendant be adjudged to have infringed the '491 Patent;

B.      That each Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the '491 Patent;

C.      An award of damages sufficient to compensate EON for the Defendants' infringement, pursuant to 35 U.S.C. § 284;

D.      An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

E.      That Defendants be directed to pay EON's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

F.      That EON have such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

EON demands a trial by jury of any and all issues triable of right before a jury.

Dated this 18th day of November, 2010       Respectfully submitted,

 /s/ *Jeffery R. Johnson*_____
Jeffery R. Johnson
Texas State Bar No. 24048572
email:jjohnson@reedscardino.com
Daniel Scardino
Texas State Bar No. 24033165
email:dscardino@reedscardino.com
Cabrach J. Connor
Texas State Bar No. 24036390
email: cconnor@reedscardino.com
REED & SCARDINO L.L.P.
301 Congress Avenue, Suite 1250
Austin, Texas 78701
[Tel.] (512) 474-2449
[Fax] (512) 474-2622


Deron R. Dacus
Texas State Bar No. 00790553
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
[Tel.] (903) 597-3301
[Fax] (903) 597-2413
email: derond@rameyflock.com

**ATTORNEYS FOR PLAINTIFF
EON CORP. IP HOLDINGS, LLC**


## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2010, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, November 18, 2010.

/s/ *Jeffery R. Johnson*
Jeffery R. Johnson