UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § § § | |
| Plaintiff, | § | Civil Action No. 6:10-cv-00379-LED |
| v. | § § | |
| T-MOBILE USA, INC., ET AL | § § | JURY TRIAL REQUESTED |
| Defendants. | § § | |

**PLAINTIFF EON CORP. IP HOLDINGS, LLC'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS**

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................ 1

II.     STATEMENT OF FACTS ........................................................................................... 1

III.    CONTROLLING LAW AND STANDARDS ............................................................. 2

        A.      Rule 12(b)(1) Lack of Subject Matter Jurisdiction. ................................................. 2

        B.      Rule 12(b)(6) Failure to State a Claim ..................................................................... 3

IV.     ARGUMENT ............................................................................................................... 4

        A.      Standing. .................................................................................................................... 4

        B.      IP Holdings Has Adequately Pleaded Joint Infringement. ....................................... 4

        C.      IP Holdings Has Adequately Pleaded Indirect Infringement. ................................... 7

                1.      The Complaint Sufficiently Identifies A Direct Infringer. ......................... 7

                2.      The Complaint Sufficiently Identifies The Methods/Systems or
                        Products/Devices That The Defendants Have Indirectly Infringed. ......... 11

                3.      The Complaint Is Not Required To Identify Which Claims Of The Patent-
                        In-Suit Are Indirectly Infringed. .............................................................. 12

                4.      IP Holdings Is Not Required To Allege Knowledge And/or Specific
                        Intent. ........................................................................................................ 13

                5.      The Complaint Cites Sufficient Legal Authority For Indirect Infringement
                        Claims. ...................................................................................................... 15

        D.      The Complaint Sufficiently States Affirmative Infringement Theories. .............. 16

        E.      Willful Infringement. ............................................................................................. 17

V.      CONCLUSION .......................................................................................................... 18

## TABLE OF AUTHORITIES

**FEDERAL CASES**  PAGES

*Actus, LLC v. Bank of Am. Corp.*,
   No. 2:09-cv-102-TJW, 2010 WL 547183 (E.D. Tex. Feb. 10, 2010)...............................3, 5, 6

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) .......................................................................................1, 2, 3, 8

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*,
   434 F.3d 1336 (Fed. Cir. 2006)....................................................................................2

*Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*,
   No. 10:609-cv-269, *5 (E.D. Tex. Mar. 29, 2010) ......................................7, 16, 17

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................... passim

*BMC Res., Inc. v. Paymentech, L.P.*,
   498 F.3d 1373 (Fed. Cir. 2007).................................................................................5, 6

*Celltrace, LLC v. Metropcs Commc'ns, Inc.*,
   No. 6:09-cv-371, *5 (E.D. Tex. March 29, 2010) .......................................... passim

*Clear with Computers, LLC v. Hyundai Motor Am., Inc.*,
   No. 6:09-cv-479, *2 (E.D. Tex. Mar. 29, 2010) ...................................................17

*Desenberg v. Google, Inc.*,
   2010 U.S. App. LEXIS 18317 (Fed. Cir. 2010) ...................................................10

*Doe v. Myspace, Inc.*,
   528 F.3d 413 (5th Cir. 2008) .......................................................................................3

*Eolas Tech., Inc. v. Adobe Sys., Inc.*,
   No. 6:09-cv-446, 2010 WL 2026627 (E.D. Tex. May 6, 2010) ..........................8, 9

*ESN, LLC v. Cisco Sys., Inc.*,
   685 F. Supp. 631 (E.D. Tex. Dec. 30, 2009) ...........................................................3

*Fotomedia Techs., LLC v. AOL, LLC*,
   No. 2:07-cv-255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008)......................7, 18

*Golden Hour Data Sys., Inc. v. Emscharts, Inc.*,
   2010 WL 3133539 (Fed. Cir. 2010)............................................................................6

*i2 Techs., Inc. v. Oracle Corp.*,
   No. 609-cv-194, *5 (E.D. Tex. Mar. 29, 2010) .............................................12, 13

ii

*In Re Seagate*,
    497 F.3d 1360 (2d. Cir. 2007)..................................................................................17, 18

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994).....................................................................................................2

*Lawyers Title Ins. Corp v. Doubletree Partners, L.P.*,
    No. 4:08-cv-243, 2010 WL 278877 (E.D. Tex. Jan. 20, 2010) .............................17

*Lucent Tech., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009)................................................................................14

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007)..................................................................................3

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007)..................................................................................2

*Muniauction, Inc. v. Thomson Corp.*,
    532 F.3d 1318 (Fed. Cir. 2008)..............................................................................5, 6

*PA Advisors, LLC v. Google, Inc.*,
    2008 WL 4136426 (E.D. Tex. Aug. 8, 2008) ...................................................13, 15

*Perform. Aftermarket Parts Grp. v. TI Grp. Auto. Sys., LLC*,
    2007 WL 2818269 (S.D. Tex. Sept. 25, 2007) ......................................................15

*Realtime Data, LLC vs. Morgan Stanley*,
    No. 6:09-cv-326-LED-JDL, 2010 WL 4274576, *2 (E.D. Tex. May 7, 2010) (Order
    Adopted June 10, 2010). ....................................................................................7, 17

*Soverain Software LLC v. J.C. Penny Corp., Inc.*,
    No. 6:09-cv-274, *1 (E.D. Tex. April 12, 2010) ........................................... passim

*Tune Hunter, Inc. v. Samsung Telecomm. Am., LLC*,
    No. 2:09-cv-148-TJW, 2010 WL 1409245 (E.D. Tex. Apr. 1, 2010) ........................ passim

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009)................................................................................14

**FEDERAL STATUTES**

35 U.S.C. § 271 ...............................................................................................................15, 16

**RULES**

U.S. District Court, Eastern District of Texas, Local Patent Rule 3-1 .........................13

Federal Rule of Civil Procedure 8 ........................................................................... passim

Federal Rule of Civil Procedure 8(a)(2) ............................................................................3, 10, 11

Federal Rule of Civil Procedure 8(a) and 11(b)...........................................................................17

Federal Rule of Civil Procedure (8)(d)(2) ...................................................................................17

Federal Rule of Civil Procedure 11(b).........................................................................................18

Federal Rule of Civil Procedure 12 ...............................................................................................1

Federal Rule of Civil Procedure 12(b)(1) ................................................................................2, 4

Federal Rule of Civil Procedure 12(b)(6) .......................................................................3,6,10,16

## I.    INTRODUCTION

Although EON Corp. IP Holdings, LLC ("IP Holdings") strongly believes that the Second Amended Complaint (the "Complaint") (Doc. No. 69) states facially plausible claims, it has filed an amended complaint (the "Amended Complaint") (Doc. No. 156) simultaneously with this response to resolve without further delay the procedural issues raised and to moot the five Rule 12 motions to dismiss filed by certain Defendants (Doc. Nos. 105, 107, 111, 118, 121) (the "Motions").

IP Holdings, through its Complaint, has stated facially plausible claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 8.  Accordingly, if the filing of the Amended Complaint does not render the Motions moot, then the Court should deny all of the Motions.  Specifically, IP Holdings avers that the Complaint sufficiently alleges patent infringement, including both allegations of direct infringement as well as indirect infringement, in light of the Federal Rules of Civil Procedure and the recent Supreme Court decisions of *Iqbal* and *Twombly*.  In addition, Plaintiff believes that it has both constitutional and prudential standing to enforce the patent-in-suit, and therefore respectfully requests that this Court deny the Motions.

## II.    STATEMENT OF FACTS

On August 4, 2010, IP Holdings filed its Original Complaint (Doc. No. 1) against seventeen defendants for infringement of U.S. Patent No. 5,592,491 (the "'491 Patent").  Subsequently, IP Holdings filed its First Amended Complaint on August 26, 2010 (Doc. No. 7) and the Complaint on October 5, 2010.  On October 29, 2010, Alcatel-Lucent ("Alcatel") (Doc. No. 111); Wal-Mart Stores, Inc. ("Wal-Mart") (Doc. No. 105); D-Link Systems, Inc. ("D-Link") (Doc. No. 121); Amazon.com, Inc., Best Buy Co., Inc., Costco Wholesale Corporation, RadioShack Corporation, Sears, Roebuck and Co. ("Retail Defendants") (Doc. No. 118); and

1

Nokia Inc. ("Nokia") (Doc. No. 107) (collectively, the "Defendants") challenged the sufficiency of the Complaint via the Motions.  Defendants' Motions essentially argue that Plaintiff's joint, indirect, and willful infringement claims are inadequate under Rule 8, as interpreted by the Supreme Court in *Iqbal* and *Twombly*, because they lack the necessary factual allegations to state facially plausible claims.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Moreover, Alcatel attacks the Plaintiff's standing to bring the present suit in this jurisdiction pursuant to Rule 12(b)(1).  (Doc. No. 111)  Alcatel believes that this Court does not have subject matter jurisdiction over this matter because the '491 Patent is allegedly assigned only to IP Holding's parent company, EON Corporation ("EON"), rather than to IP Holdings.  To date, there has been no scheduling conference, the parties have not engaged in discovery, nor has the Court begun claim construction.

## III.    CONTROLLING LAW AND STANDARDS

### A.    <u>Rule 12(b)(1) Lack of Subject Matter Jurisdiction.</u>

Federal courts have limited subject matter jurisdiction, and the party asserting jurisdiction bears the burden of establishing it.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The Patent Act instructs that only a "patentee" or a "successor[]" in title to the patentee has standing to bring suit for patent infringement in its own name.  *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) (quoting 35 U.S.C. §§281 and 100(d)).  However, when a patentee transfers title in a patent by assignment, the assignee becomes the "effective patentee" and has standing to sue in its own name.  *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1340 (Fed. Cir. 2006).  In addition, when a patentee or assignee exclusively licenses all substantial rights to the patent, the exclusive licensee becomes the "effective patentee" and has both constitutional and prudential standing to bring suit by itself, without joining the licensor, assignee, or patentee.  *Morrow*, 499 F.3d at 1340 n. 7.  A Rule 12(b)(1)

challenge to a plaintiff's standing to bring suit on a patent can be either a facial attack (requiring the court merely to determine whether the plaintiff has alleged a sufficient basis of subject matter jurisdiction) or a factual attack (requiring the court to determine, based on matters outside the pleadings, whether it is more likely than not that the plaintiff does, in fact, have standing). *ESN, LLC v. Cisco Sys., Inc.*, 685 F. Supp. 631, 639-640, (E.D. Tex. Dec. 30, 2009).

> B.   <u>**Rule 12(b)(6) Failure to State a Claim**</u>

When deciding whether to grant motions to dismiss, federal courts apply regional circuit law because motions to dismiss involve purely procedural questions. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). In the Fifth Circuit, "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356; *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Moreover, "a motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Actus, LLC v. Bank of Am. Corp.*, No. 2:09-cv-102-TJW, 2010 WL 547183, *2 (E.D. Tex. Feb. 10, 2010).

Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the Supreme Court in *Twombly* and *Iqbal* heightened the pleading standards required in Federal civil cases. *Iqbal*, 129 S.Ct. at 1950; *Twombly*, 550 U.S at 545. The standard articulated in these cases necessitates a complaint be "plausible on its face" in order to survive a motion to dismiss under Rule 12(b)(6). *Id.* The "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S at 545. Additionally, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S.Ct. at 1950. This entails a context-specific determination requiring the court "to draw on its judicial experience and common sense." *Id.*

## IV.   ARGUMENT

### A.   Standing.

Alcatel argues that this Court does not have subject matter jurisdiction over this matter because the '491 Patent is allegedly assigned to IP Holding's parent company, EON Corporation ("EON"), and not to IP Holdings.  In response, IP Holdings has attached as Exhibit A to this response, an Exclusive License between IP Holdings and EON executed on September 29, 2008.  By the terms and intent of the Exclusive License, EON exclusively licensed to IP Holdings, its successors, and legal representatives, "the entire right, title, and interest in or to US Patent Nos. 5388101, 5481546, and 5592491 (the 'Patents') and any causes of action related to the patents that may accrue or may have accrued in Assignor's favor including, without limitation, any and all rights in or to any past infringement of the patents or any recovery therefor…."  As this Court has previously held in a related case, this conveyance establishes that IP Holdings is the effective patentee of the subject patents (including the '491 Patent) and possesses both constitutional and prudential standing to bring this action.[1]  IP Holdings respectfully requests that the Court deny Alcatel's motion to dismiss brought pursuant to Rule 12(b)(1).

### B.   IP Holdings Has Adequately Pleaded Joint Infringement.

Defendants' claim is incorrect that a plaintiff is required to plead direction or control for a valid joint infringement claim in the Eastern District of Texas.  In *Tune Hunter, Inc. v. Samsung Telecomm. Am., LLC*, No. 2:09-cv-148-TJW, 2010 WL 1409245, *5 (E.D. Tex. Apr. 1, 2010), defendants filed motions to dismiss arguing that the complaint was inadequate because the plaintiff had failed to allege that a party controlled or directed the infringement.  Although the court believed that the infringement claims were performed by multiple actors and therefore

---

[1]   *See* Doc. No. 515 in *EON Corp. IP Holdings, LLC v. Verizon Clinton Center Drive Corp., et al*, Case No. 6:08cv385, In the United States District Court for the Eastern District of Texas, Tyler Division.

would eventually require proof of control or direction to succeed on the merits, the court denied the defendants' motions to dismiss as premature. *Id.* at 5. The court reasoned that at such an early stage in the litigation, the plaintiff was not required to "crystallize its theory of infringement without having the benefit of discovery to aid it." *Id.* The court suggested that it would be in a better position to resolve such an issue through summary judgment. *Id.*

Similarly, in *Actus*, the defendants argued that the plaintiff had failed to allege any theories or facts that would support a joint infringement claim. *Actus*, 2010 WL 547183, at *2. The court denied the motion to dismiss, holding that plaintiffs in patent infringement lawsuits are not required to attach fully-developed infringement contentions to their complaints. *Id.* The court denied the motion to dismiss because in it, the movants simultaneously asked the court to "adopt a construction that the claims can only be performed by multiple actors—before the completion of claim construction discovery and without the benefit of thorough claim construction briefing—and then impose an excessively conservative pleading requirement on those claims." *Id.*

Finally, in *Soverain Software LLC v. J.C. Penny Corp., Inc.*, No. 6:09-cv-274, *1 (E.D. Tex. April 12, 2010), Judge Davis held that the plaintiff adequately alleged joint and indirect infringement. In that case, the defendant argued that since the patents-in-suit required participation by multiple parties for infringement to have occurred, the plaintiff had to allege which party directed and/or controlled all of the infringing elements under *BMC* and *Muniauction*. *Id.* Judge Davis held that the argument was premature and that he would not consider such arguments until after discovery and claim construction. *Id.* at 2.

The Retail Defendants (Doc. No. 118, *5), Alcatel (Doc. No. 111, *7), and Wal-Mart (Doc. No. 105, *11-12) argue that since IP Holdings has not alleged that any particular defendant

is the infringement "mastermind" the requisite allegations of "control" or "direction" to prove joint infringement are absent and, therefore, the Court must dismiss the Complaint.  In support of their arguments, the Defendants cite several landmark Federal Circuit cases, such as *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007), *Golden Hour Data Sys., Inc. v. Emscharts, Inc.*, 2010 WL 3133539 (Fed. Cir. 2010), and *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008).  But, the Defendants' assertions that IP Holdings was required to plead control or direction in the Complaint is a misstatement of the law.  *See e.g. Soverain*, No.6:09-cv-274, at *2; *Tune Hunter*, 2010 WL 1409245, at *5; *Actus*, 2010 WL 547183, at *2. The cases cited by the Defendants establish the requirements necessary to *prove* joint infringement on the merits, but do not provide guidance on the sufficiency of the pleadings. *Actus*, 2010 WL 547183, at *2.  Therefore, the Defendants' arguments are premature at this juncture.

In fact, Judge Ward specifically distinguished *BMC* from *Actus*, stating that *BMC* involved a summary judgment motion whereas *Actus* involved a Rule 12(b)(6) motion to dismiss.  *Id.*  Although IP Holdings may eventually be required to prove that a party "controlled or directed" each step of the patented process to establish joint infringement, this Court does not require parties to allege direction or control in pleadings.  *See Soverain*, No.6:09-cv-274, at *2; *Tune Hunter*, 2010 WL 1409245, at *5; *Actus*, 2010 WL 547183, at *2.  IP Holdings is not required to "crystallize its theory of infringement without having the benefit of discovery to aid it," and this Court will be in a better position to resolve these issues through summary judgment after claim construction.  *Id.*  IP Holdings therefore respectfully requests that the Court deny the Defendants' Motions.

C.      **IP Holdings Has Adequately Pleaded Indirect Infringement.**

Collectively, the Defendants argue that the Court should dismiss the indirect infringement claims because IP Holdings has failed to identify: (1) a direct infringer in reference to the indirect infringement claims, (2) which methods or systems are indirectly infringed, and (3) which claims of the patent-in-suit are indirectly infringed.  (Doc. No. 111, *5-7; Doc. No. 121, *7-9; Doc. No. 107, *6-8)  In addition, the Defendants aver that IP Holdings has failed to allege the requisite level of knowledge and/or specific intent for valid indirect infringement claims and that IP Holdings' claims also fail because it has not specified under which section of the Patent Statute that it is bringing the contributory and inducement claims.  (Doc. No. 107, *8-9; Doc. No. 105, *9-11; Doc. No. 118, *6-7)  The Defendants' arguments are unconvincing, and the Court should deny the Defendants' Motions.

1.      **The Complaint Sufficiently Identifies A Direct Infringer.**

In assessing the sufficiency of indirect infringement allegations, Eastern District courts typically consider whether the complaint identifies: (1) a direct infringer in reference to the indirect infringement claims, (2) which methods or systems are being indirectly infringed, and (3) which claims of the patent(s)-in-suit are being indirectly infringed.  *Realtime Data, LLC vs. Morgan Stanley,* No. 6:09-cv-326-LED-JDL, 2010 WL 4274576, *2 (E.D. Tex. May 7, 2010) (Order Adopted June 10, 2010).  The Court weighs these factors differently depending on the context of the complaint, and rarely will the Court require plaintiffs to allege every factor.  *Id.; See also Fotomedia Techs., LLC v. AOL, LLC*, No. 2:07-cv-255, 2008 WL 4135906, *2 (E.D. Tex. Aug. 29, 2008).  Rather, the central inquiry is whether the complaint, taken as a whole, states a plausible claim for relief.  *See e.g. Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, No. 10:609-cv-269, *5 (E.D. Tex. Mar. 29, 2010).

7

Alcatel (Doc. No. 111, *5-7), D-Link (Doc. No. 121, *8-9), and Nokia (Doc. No. 107, *6-8) argue that the Complaint should be dismissed for failing to identify a direct infringer in reference to the indirect infringement claims.  But IP Holdings' indirect infringement allegations comply with Rule 8 as well as the mandates of *Iqbal* and *Twombly* by stating facially plausible claims.

In the Complaint, IP Holdings alleges as follows:

> Alcatel-Lucent makes, sells, offers for sale, or imports UMA related network equipment (e.g., model 1430 Unified Home Subscriber Server) and femtocell related network equipment (e.g., model 9365 Base Station Router) for use with communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent.  Alcatel Lucent thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.

Complaint ¶32.  These allegations are nearly verbatim for each defendant that is accused of indirect infringement, except that the accused network components are uniquely identified for each individual Defendant.  *See* Complaint ¶¶ 27-36.

Consequently, the Complaint provides more detail in its description of the direct infringers than has traditionally been required by this Court.  *See e.g. Celltrace, LLC v. Metropcs Communications, Inc.,* No. 6:09-cv-371, *5 (E.D. Tex. March 29, 2010).  D-Link cites *Eolas Tech., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 2026627 (E.D. Tex. May 6, 2010) in support of its argument that IP Holdings has not adequately identified a direct infringer in the Complaint.  (Doc. No. 121, *8)  But, Defendant's argument is unpersuasive because the pleadings contained in the Complaint are much more detailed than those in *Eolas*.  In *Eolas*, the plaintiff alleged that the defendant directly and/or indirectly infringed

> (by inducement and/or contributory infringement), and is continuing to infringe, directly and/or indirectly, the '906 Patent and/or the '985 Patent

in this District or otherwise within the United States by making, using, selling, offering to sell, and/or importing in or into the United States, without authority: (i) web pages and content to be interactively presented in browsers, including, without limitation, the web pages and content accessible via www.jpmorgan.com and maintained on servers located in and/or accessible from the United States under the control of JPMorgan Chase; (ii) software, including, without limitation, software that allows content to be interactively presented in and/or served to browsers; and/or (iii) computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs any of the foregoing. *Id*. at 1.

Although the Court concluded that the plaintiff stated a plausible direct infringement claim, Judge Davis dismissed the indirect infringement claim, with leave to amend, because the complaint failed to allege a direct infringer in relation to its indirect infringement claim. Unlike the complaint in *Eolas*, which clearly did not reference *any* direct infringer, the Complaint explicitly states that each Defendant "…participates in joint infringement, contributory infringement, or inducement to infringe *with operators or users of the communication networks*."

Plaintiff is puzzled by D-Link's averment that IP Holdings has not specified "the role of the mysterious and unidentified 'operators or users.'" *See* Doc. No. 121, *8. From the face of the Complaint, it is obvious that these "operators or users" are, in fact, the direct infringers. This Court expressly approved similar language in *Celltrace, LLC v. Metropcs Communications, Inc.,* No. 6:09-cv-371, *5 (March 29, 2010). In *Celltrace*, Judge Davis in denying a motion to dismiss held that the plaintiff's identification of the alleged direct infringers as the defendant's "customers" satisfied the requirements of Rule 8. *Id*. Specifically, the allegations stated, in part, that the defendants were "selling, and offering to sell a network comprised of base stations and cellular phones to *customers*…." The Court stated that the plaintiff's complaint was plausible on its face and that further factual specificity was unnecessary. *Id*. Here, the Complaint identifies the direct infringers as the "operators or users of the communications networks." This description is just as specific as the description in *Celltrace*, if not more so, because it

9

unmistakably identifies the direct infringers as those people using or operating the infringing communications networks.

Next, Nokia argues that IP Holdings cannot identify a direct infringer because "the '491 Patent requires multiple actors to find infringement as each of the claims recite both user-controlled components (such as subscriber units) and operator-controlled components (such as local base station repeater cell)." (Doc. No. 107, *6)  This argument is both unsubstantiated and premature.  Nokia's argument relies on *Desenberg v. Google, Inc.*, 2010 U.S. App. LEXIS 18317, *3 (Fed. Cir. 2010).  In *Desenberg*, a Federal Circuit court upheld the district court's dismissal of the plaintiff's complaint for failure to state a claim under Rule 12(b)(6).  *Id*.  The district court reasoned that because all of the steps of the method claim required action by both users and providers, the plaintiff could not plead the requisite level of direction or control necessary for a joint infringement claim.  *Id*. at 2.

The matter at hand is distinguishable from *Desenberg*.  In *Desenberg*, the court had already completed claim construction, so it was in a superior position to determine whether infringement was possible.  *Id*.  Here, the Court has not started claim construction, nor has Nokia offered any evidence to support its argument that the '491 Patent's claims require multiple parties.  Indeed, the '491 Patent does not require the participation of multiple parties on its face, and the Complaint specifically alleges direct infringement by either an operator *or* user of the communication networks.  In *Soverain Software*, this Court considered a similar argument and ruled that it was premature.  *Soverain Software*, No. 6:09-cv-274, at *1-2.  The defendant argued that the plaintiff could not prove infringement because the patent-in-suit required the participation of multiple parties in order for direct infringement to occur.  *Id*.  But, the Court held that both the plaintiff's direct and indirect infringement allegations were sufficient under Rule

8(a)(2) and *Twombly*.   *Id*. at 2.   The Court stated that the defendant's argument would be more appropriate after discovery and claim construction.   *Id*.   For the reasons stated above, IP Holdings believes it has adequately identified a direct infringer.   Still, in the interest of resolving this matter expeditiously, Plaintiff has amended its complaint to address this issue.   *See* Amended Complaint.

2. **The Complaint Sufficiently Identifies The Methods/Systems or Products/Devices That The Defendants Have Indirectly Infringed.**

D-Link argues that IP Holdings has failed to identify a product it believes infringes the '491 Patent.  (Doc. No. 121, *7)  In the Complaint, IP Holdings allegations against D-Link are as follows:

> D-Link makes, sells, offers for sale or imports UMA related network equipment (e.g., wireless routers) for use with one or more communication networks configured in accordance with one or more apparatus claims of the '491 Patent or operating in accordance with one or more method claims of the '491 Patent.   D-Link thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks.  *See* Complaint ¶33.

These allegations sufficiently identify the accused products as "UMA[2] related network equipment (e.g. wireless routers) for use with one or more communication networks…."  *Id*. Although IP Holdings does not identify a specific model of wireless router, this Court has "…not required a specific identification of accused products."   *Realtime*, 2010 WL 4274576, *1. Rather, the Court "examines the description of the accused systems or devices in context to determine whether the description is sufficient, but has not required that individual products be identified."  *Id*. at 2.

Taken as a whole, the Complaint clearly states a claim that is plausible on its face.  The reference to "UMA related network equipment (e.g. wireless routers)" sufficiently identifies the

---

[2]   UMA is an abbreviation for Unlicensed Mobile Access technology.  UMA technology provides access to certain mobile services over unlicensed spectrum technologies, such as Bluetooth and 802.11.

accused product as a wireless router that is used as part of the infringing communication networks.   Still, D-Link, as well as Alcatel (Doc. No. 111, *6), argue that IP Holdings has not identified which communication network(s) their accused products are being used in combination with for a valid claim of indirect infringement.   The Defendants' argument is unwarranted because each Defendant must know which of the accused infringing networks are compatible with their accused products.   Despite having adequately identified the infringing systems, though, Plaintiff has amended the complaint to ensure that there is no further confusion. *See* Amended Complaint.

3.      **The Complaint Is Not Required To Identify Which Claims Of The Patent-In-Suit Are Indirectly Infringed.**

Alcatel argues that IP Holdings has failed to identify which claims of the '491 Patent are allegedly indirectly infringed.  (Doc. No. 111, *6)  But, this Court does not require plaintiffs to identify which claims are infringed in every case.  *Realtime*, 2010 WL 4274576, *2.  Rather, the Court "examines the specific context of the complaint to determine whether specific claims must be identified as indirectly infringed."  *Realtime*, 2010 WL 4274576, *1.  In *i2 Technologies, Inc. v. Oracle Corp.*, No. 609-cv-194, *5 (E.D. Tex. Mar. 29, 2010), the Court found that as a whole the complaint did not state a claim for relief which was plausible on its face.  The Court reasoned that the complaint, which did not identify (1) any asserted claims, (2) any accused products or services, (3) which patents were indirectly infringed, or (4) a direct infringer, failed to inform the defendant as to what it must defend.  *Id*.  As a portion of its analysis, the Court found it significant that the defendants alleged infringement of eleven patents yet failed identify which of the numerous claims were infringed.  *Id*.

The current Complaint, taken as a whole, clearly states a facially plausible claim for which relief can be granted.  First, the Complaint contains only one patent-in-suit, the '491

Patent, whereas there were eleven patents-in-suit in *i2 Technologies*. The need to identify which specific claims a plaintiff alleges have been infringed becomes much more apparent as the number of patents-in-suit increases. Furthermore, the complaint in *i2 Technologies* was inadequate in other ways. For example, it did not even hint at the identity of a direct infringer. In fact, it is quite possible that this Court would not have dismissed the complaint if the plaintiff had identified the direct infringer. *See Celltrace*, No. 6:09-cv-371, at *5, quoting *PA Advisors, LLC v. Google, Inc.,* 2008 WL 4136426, *8 (E.D. Tex. Aug. 8, 2008) ("requiring only the pleading of direct infringers and not other 'material elements.'"). Still, in the interest of resolving this matter expeditiously, Plaintiff has amended its complaint to address this issue. *See* Amended Complaint.

> **4.      IP Holdings Is Not Required To Allege Knowledge And/or Specific Intent.**

In this District, plaintiffs are not strictly required to plead knowledge or intent for claims of indirect infringement because "it is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement, or non-infringement as the case may be." *Tune Hunter*, 2010 WL 1409245, at 4; *See also Soverain Software*, No. 6:09-cv-274, at *1; *PA Advisors,* 2008 WL 4136426. In its initial disclosures under Patent Rule 3-1,

> [Plaintiff] will be obligated to provide Defendants with a 'chart identifying specifically where each element of each asserted claim is found.' P.R. 3-1(b). Until then, a statement that a defendant makes an embodying device would provide that defendant with sufficient notice as to what it will be required to defend. *Id*.; *See also McZeal,* 501 F.3d at 1357.

Retail Defendants, Wal-Mart, and Nokia argue that the Complaint should be dismissed because IP Holdings failed to allege the requisite level of knowledge and/or intent to prove claims of infringement by inducement and contributory infringement. (Doc. No. 107, *8-9; Doc.

No. 105, *9-11; Doc. No. 118, *6-7)   But this argument has no merit.   Although Plaintiff may ultimately be required to prove that the Defendants possessed the requisite level of knowledge and/or intent to *establish* indirect infringement prior to the filing of the lawsuit, this Court does not require allegations of knowledge and/or intent to be pleaded in a complaint.   In support of their argument, Defendants point to several Federal Circuit cases, such as *Lucent Tech., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321-22 (Fed. Cir. 2009) and *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009).   These cases do not establish the pleading standard for indirect infringement claims, but rather discuss what must eventually be proven on the merits. See *Tune Hunter*, 2010 WL 1409245, at *4.

Moreover, this Court has held that knowledge and/or intent do not need to be pleaded, specifically.   *Celltrace*, No. 6:09-cv-371, at *4.   In *Celltrace,* the defendants argued that the complaint was deficient for failing to include factual allegations concerning the Defendants' state-of-mind in their indirect infringement claims.   *Id.*   Judge Davis held that further factual specificity regarding the claims was unnecessary because Rule 8 does not require detailed factual support for each element of indirect infringement.   *Id.*

In *Soverain Software,* defendants filed a motion to dismiss arguing that the plaintiff's complaint was inadequate in regard to its indirect infringement claims because it did not allege factual allegations of knowledge.   *Soverain Software*, No. 6:09-cv-274, at *2.   Again, this Court held that the argument was premature and would not consider such an argument until after discovery and claim construction.   *Id.* at 2.

In another Eastern District of Texas case, Judge Ward held that knowledge and intent do not need to be pleaded for indirect infringement claims.   *Tune Hunter*, 2010 WL 1409245, at *4. Judge Ward stated that, "it is in the discovery phase of litigation, not pleading, that the parties are

14

required to conscientiously develop facts that support the various theories of infringement, or non-infringement as the case may be." *Id.*; *See also PA Advisors*. Therefore, the Complaint is sufficient in this regard and further allegations regarding the Defendants' knowledge and/or intent are unnecessary.

5.   **The Complaint Cites Sufficient Legal Authority For Indirect Infringement Claims.**

Wal-Mart argues that the Complaint is deficient because "merely mentioning "contributory infringement" is inadequate when Subsection (c) is not cited in the pleading." (Doc. No. 105, *11)  In support of this argument, Wal-Mart refers to *Perform. Aftermarket Parts Grp. v. TI Grp. Auto. Sys., LLC*, 2007 WL 2818269, at *2 (S.D. Tex. Sept. 25, 2007).  But Wal-Mart has misinterpreted this case.

*Performance Aftermarket* is readily distinguishable from the present matter.   In *Performance Aftermarket*, the defendant's counterclaim did not make any reference to contributory infringement, except that it cited 35 U.S.C. §271 in the "Parties, Jurisdiction, and Venue" sections of the counterclaim and requested that the court enjoin the plaintiffs from "directly or indirectly infringing in any manner" and from "inducing or contributing to the infringement" of the defendant's patents.  *Id*.  In other words, the complaint did not contain any allegations of indirect infringement but requested relief from indirect infringement.   In the present matter, the Complaint unmistakably claims contributory infringement and infringement by inducement in the section titled "General Allegations" by stating "[Defendant] thereby participates in joint infringement, contributory infringement, or inducement to infringe with operators or users of the communication networks."  *See* Complaint ¶¶27-36.  The Complaint also alleges indirect infringement and cites 35 U.S.C. §271 in the section titled "Infringement of the EON Patent in Suit" by stating "Defendants, without authorization or license and in violation

15

of 35 U.S.C. § 271, have been and are infringing the '491 Patent directly, by inducement, and/or contributorily." *See* Complaint ¶39. Still, in the interest of resolving this matter expeditiously, Plaintiff has amended its complaint to address this issue. *See* Amended Complaint.

D.    **The Complaint Sufficiently States Affirmative Infringement Theories.**

Another argument presented by Nokia (Doc. No. 107, *5) and D-Link (Doc. No. 121, *8) is that IP Holdings' allegations are made in the alternative and therefore do not affirmatively specify a theory of infringement.   In the Complaint, IP Holdings avers that the Defendants participate in "…joint infringement, contributory infringement, *or* inducement to infringement with operators or users of the communication networks." *See* Complaint ¶ 28.  The Defendants argue that the Complaint is inadequate because Rule 8 "…requires plaintiffs to disclose their preliminary infringement contentions before discovery has even begun," and pleading in the alternative does not meet this standard. *Bedrock*, No. 10:609-cv-269, at *5-6.

In *Bedrock*, Judge Davis granted the defendant's motion to dismiss with leave to amend. *Id*. at 6.  In doing so, he stated that Bedrock's complaint, "*taken as a whole,*" did not state a claim for relief that was plausible on its face.  *Id*. at 5.  Although the plaintiff pleaded their theories of infringement in the alternative, this fact played no part in the Court's Rule 12(b)(6) analysis.  Rather, the Court found it significant that the complaint did not identify any accused products, services, or methods, or identify a direct infringer.  *Id*.

As a whole, the Complaint here states a claim for relief which is plausible on its face. The complaint in *Bedrock* did not provide any identification of the infringing devices or services, describing them only as "products and/or services that fall within one or more claims of the '120 Patent."  The Complaint in this matter describes Nokia's allegedly infringing devices/services as "subscriber units including UMA enabled handsets (e.g., model 7510), dual-mode handsets (e.g., model e71), and dual mode netbooks (e.g., model Nokia Booklet 3G)," and D-Link's as "UMA

related network equipment (e.g., wireless routers)." *See* Complaint ¶¶ 19, 28. These allegations provide significantly more information than merely stating that products and/or services infringe like in the *Bedrock* complaint. Furthermore, the complaint in *Bedrock* did not identify any direct infringer, whereas the Complaint identifies direct infringers as "operators or users of the communication networks." *See* Complaint ¶¶28, 33.

Although never specifically addressing the issue, multiple courts in the Eastern District of Texas have allowed plaintiffs to plead their theories of infringement in the alternative. *See e.g., Tune Hunter*, 2010 WL 1409245, at *4; *Celltrace*, No. 6:09-cv-371, at *1; *Clear with Computers, LLC v. Hyundai Motor Am., Inc.*, No. 6:09-cv-479, *2 (E.D. Tex. Mar. 29, 2010). The Court's allowance of alternative pleading is not surprising since Rule (8)(d)(2) specifically permits pleading in the alternative. Claims which are pleaded in the alternative are equally as deserving of the Court's attention as regular pleadings. *See Lawyers Title Ins. Corp v. Doubletree Partners, L.P.*, No. 4:08-cv-243, 2010 WL 278877, *2 (E.D. Tex. Jan. 20, 2010). IP Holdings therefore respectfully requests that the Court deny the Defendants' Motions.

E.   **Willful Infringement.**

In *In Re Seagate*, 497 F.3d 1360, 1370 (2d. Cir. 2007), the Federal Circuit set forth the requirements for a successful willful infringement claim. This Court has interpreted *Seagate* as requiring plaintiffs to possess a good faith basis to file a willful infringement claim. *Realtime Data, LLC vs. Morgan Stanley,* No. 6:09-cv-326-LED-JDL, 2010 WL 4274576, *9-10 (E.D. Tex. May 7, 2010). A plaintiff possesses a good faith basis for filing a willful infringement claim where the requirements of Rules 8(a) and 11(b) are satisfied at the time the original complaint is filed. *Id.* at 10.

Alcatel argues that the Court should dismiss IP Holdings' allegations of willful infringement for lack of factual specificity. (Doc. No. 111, *8) There is much debate throughout

the circuits and within the Eastern District of Texas as to what facts must be pleaded for a plausible willful infringement claim.  In *Fotomedia Techs., LLC v. AOL, LLC*, No. 2:07-cv-255, 2008 WL 4135906, *2 (E.D. Tex. Aug. 29, 2008), Judge Everingham held that the plaintiff's complaint adequately alleged willful infringement.  The court determined that the complaint, which alleged willfulness without providing any additional factual specificity, adequately stated a willful infringement claim.  *Id*.

In support of its argument, Alcatel cites *Realtime Data*.  (Doc. No. 111, * 8)  In *Realtime Data*, the plaintiff's willfulness allegation read, "To the extent that facts learned in discovery show that Defendants' infringement of the Patents-in-Suit is or has been willful, Plaintiff Realtime Data reserves the right to request such a finding."  *Realtime Data, LLC*, 2010 WL 4274576, at *9-10.  Judge Love held that the plaintiff's allegation of willful infringement lacked a factual basis and fell short of the "good faith" evidentiary basis required by Rule 11(b).  *Id*. Relying on *Seagate*, Judge Love stated that a patentee must "do more than suggest that more definite allegations are to follow once discovery is underway."  *Id*.  But, the matter at hand is readily distinguishable from *Realtime Data*. The present willful infringement reads as follows: "Upon information and belief, said infringement has been and/or will be deliberate and willful." This is an affirmative assertion that the Defendants' infringement has in the past or will in the future be deliberate, whereas in *Realtime Data* the plaintiff did not allege willfulness but rather attempted to reserve the right to allege willfulness in the future.  Therefore, Plaintiff respectfully requests that the Court deny the Motions.

## V.    CONCLUSION

For the reasons stated herein, Plaintiff EON Corp. IP Holdings, LLC, respectfully requests that the Court deny the Defendants' Motions.

Dated this 18th day of November, 2010              Respectfully submitted,

                                                   /s/ *Jeffery R. Johnson*_____
                                                   Jeffery R. Johnson
                                                   Texas State Bar No. 24048572
                                                   email:jjohnson@reedscardino.com
                                                   Daniel Scardino
                                                   Texas State Bar No. 24033165
                                                   email:dscardino@reedscardino.com
                                                   Cabrach J. Connor
                                                   Texas State Bar No. 24036390
                                                   email: cconnor@reedscardino.com
                                                   REED & SCARDINO L.L.P.
                                                   301 Congress Avenue, Suite 1250
                                                   Austin, Texas 78701
                                                   [Tel.] (512) 474-2449
                                                   [Fax] (512) 474-2622

                                                   Deron R. Dacus
                                                   Texas State Bar No. 00790553
                                                   RAMEY & FLOCK, P.C.
                                                   100 E. Ferguson, Suite 500
                                                   Tyler, Texas 75702
                                                   [Tel.] (903) 597-3301
                                                   [Fax] (903) 597-2413
                                                   email: derond@rameyflock.com

                                                   **ATTORNEYS FOR PLAINTIFF**
                                                   **EON CORP. IP HOLDINGS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2010, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, November 18, 2010.

                                                   /s/ *Jeffery R. Johnson* _____
                                                   Jeffery R. Johnson