UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| EON CORP. IP HOLDINGS, LLC, | § § § | |
|---|---|---|
| Plaintiff, | § § | Civil Action No. 6:10-cv-379 |
| v. | § § | |
| T-MOBILE USA, INC., ET AL., | § § | |
| Defendants. | § | |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.** By March 9, 2011, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A. the correct names of the parties to the lawsuit;
    B. the name, address, and telephone number of any potential parties;
    C. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    D. the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
    E. any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
    F. any settlement agreements relevant to the subject matter of this action;
    G. any statement of any party to the litigation;

2. **Additional Disclosures.** Each party shall provide to every other party the following information and/or documents by the deadline(s) set forth in the Docket Control Order or this Discovery Order:

    A. the disclosures required by the Court's Patent Rules ;
    B. all documents and things relevant to the claims or defenses in the litigation and, to the extent that any party pleads a claim for relief or defensive matter other than

those addressed in the Patent Rules[1] and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action; and

C. a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials.

3. **Testifying Experts.** Each party is limited to four testifying expert witnesses. By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

   A. The expert's name, address, and telephone number;
   B. The subject matter on which the expert will testify;
   C. A report as required by Federal Rule of Civil Procedure 26(a)(2)(B); and
   D. The expert's current resume and bibliography.

Consistent with the Federal Rules of Civil Procedure, non-final drafts of expert reports, any expert's work papers, and communications with experts will not be discoverable.

4. **Discovery Limitations.** Discovery is limited to the disclosures described in Paragraphs 1 - 3, together with the following:

   A. <u>Interrogatories:</u>

      a. Plaintiff is allowed to serve ten (10) common interrogatories on Defendants.
      b. Plaintiff is allowed to serve fifteen (15) individual interrogatories on each Defendant.
      c. All Defendants, collectively, are allowed to serve ten (10) common interrogatories on Plaintiff;
      d. Each Defendant is allowed to serve fifteen (15) individual interrogatories on Plaintiff.

   B. <u>Requests for Admission:</u> Plaintiff may serve thirty (30) requests for admissions on each Defendant. Each Defendant may serve thirty (30) individual requests for

---

[1] The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

2

admissions on Plaintiff. The number of requests for admissions to establish the authenticity of a document are unlimited and the parties shall have the right to submit an unlimited number of depositions on written questions to custodians of business records for third parties.

C. Depositions of Parties and Third-Parties:
   a. The Plaintiff shall be limited to forty hours (40) of deposition time per Defendant for depositions taken pursuant to Fed. R. Cir. P. 30(b)(6) or employees of parties pursuant to Fed. R. Cir. P. 30(a)(1). Defendants, collectively, shall be limited to thirty-five hours (35) of deposition time for depositions of Plaintiff taken pursuant to Fed. R. Cir. P. 30(b)(6) or employees of Plaintiff pursuant to Fed. R. Cir. P. 30(a)(1); in addition to the thirty-five hours (35) of collective deposition time for Defendants, each Defendant shall have up to five hours (5) of deposition time for depositions of Plaintiff taken pursuant to Fed. R. Cir. P. 30(b)(6) or employees of Plaintiff pursuant to Fed. R. Cir. P. 30(a)(1). Each side shall be limited to one hundred fifteen hours (115) of deposition time for third-party witnesses. Expert depositions are not included within these limits.
   b. The inventor shall be deposed for no more than twelve (12) hours over two (2) consecutive days, in his capacity as the inventor, (including any testimony as a witness pursuant to Fed. R. Civ. P. 30(b)(6)), absent a showing of good cause to the contrary.

D. Depositions of Experts:
   a. Each side may take up to seven (7) hours of deposition testimony of each testifying expert for each report on a separate subject (e.g., if an expert opines on infringement and validity, 14 hours of deposition testimony would be permitted). Further, if any expert is providing opinions related to more than one party and such opinions are not common, each party that is the subject of such opinions that are not common may take an additional three (3) hours of deposition testimony. For example, if one expert provides separate damages testimony on behalf of three defendants, plaintiff may take up to thirteen (13) hours of deposition testimony for that expert.

The parties will discuss the format for the document and information exchange. The parties agree to meet and confer in good faith about reasonable adjustments to any of the preceding limits as discovery progresses. Any party may move to modify these limitations for good cause.

5. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order pursuant to the provisions set forth in the Protective Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The

parties shall not be required to list on their respective privilege logs attorney-client communications or litigation-related work product created after the commencement of this action. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order. None of the parties shall be required to log any privileged documents or information authored or generated after the date such party anticipated litigation.

6. **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

   A. The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
   B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
   C. An appropriate identification of each document or, other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

   By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that maybe made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. The parties are under a continuing obligation to supplement their document production. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12. **Discovery Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13. **Discovery Conferences.** Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

14. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15. **Protective Orders.** The parties are meeting and conferring regarding the terms of a protective order and will submit an agreed or competing protective order by March 25, 2011. Any documents produced prior to the entry of the protective order shall be treated in accordance with the provisions of Patent Rule 2-2.

16. **Courtesy Paper Copies.** Paper copies will not be accepted by this Court unless specifically requested.

17. **Hearing Notebooks.** With the exception of providing notebooks to the appointed technical advisor, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.

5

**So ORDERED and SIGNED this 14th day of March, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE