IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Case No. 6:10-cv-379-LED |
| T-MOBILE USA, INC.; CINCINNATI BELL, INC.; RESEARCH IN MOTION CORPORATION.; NOKIA INC.; BEST BUY CO., INC.; WAL-MART STORES, INC.; COSTCO WHOLESALE CORPORATION; OVERSTOCK.COM, INC.; SEARS ROEBUCK AND CO.; AMAZON.COM, INC.; RADIOSHACK CORPORATION; ALCATEL-LUCENT USA INC.; D-LINK SYSTEMS, INC.; INTELLINET TECHNOLOGIES, INC.; ACME PACKET INC.; JUNIPER NETWORKS, INC.; SAMSUNG TELECOMMUNICATIONS AMERICA LLC; AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | § § § § § § § § § § § § § § § § | JURY TRIAL REQUESTED |
| Defendants. | § § § § | |

**DEFENDANTS ACME PACKET INC., ALCATEL-LUCENT USA INC., D-LINK SYSTEMS, INC., INTELLINET TECHNOLOGIES, INC., AND JUNIPER NETWORKS, INC.'S MOTION TO STAY**

Defendants Acme Packet Inc., Alcatel-Lucent USA Inc., D-Link Systems, Inc., IntelliNet Technologies, Inc., and Juniper Networks, Inc. (collectively, the "Equipment Vendors") respectfully move to stay all allegations against the Equipment Vendors in this matter pending resolution of the direct infringement allegations against the remaining defendants.

## PRELIMINARY STATEMENT

Patent law dictates that there can be no indirect infringement without first proving direct infringement. As such, the only question this Court must answer to resolve this motion is whether staying the case against the defendants accused only of indirect infringement while the Court adjudicates the allegations of direct infringement will promote judicial and party economy without causing prejudice to EON.

The answer is "yes." As plaintiff EON Corp. IP Holdings, LLC's ("EON") has asserted only indirect infringement claims against the Equipment Vendors, EON cannot establish liability against the Equipment Vendors without first establishing liability against one or more direct infringers.

This Court can achieve the two goals it recently articulated during the February 15, 2011 Status Conference without prejudicing EON by exercising its inherent power to stay EON's allegations against the Equipment Vendors. First, such a stay will allow the Court and all parties to conduct the case in an "efficient, economical, and effective manner" by focusing on EON's complex direct infringement allegations.[1] Second, such a stay will prevent cost-of-defense settlements by eliminating unnecessary litigation costs to the Equipment Vendors and thereby removing the incentive for such settlements.[2]

---

[1] *See* Ex. 1, Feb. 15, 2011 Status Conference Tr. 10:25-11:6.

[2] *See id* at 9:13-25.

**BACKGROUND**

The following facts are undisputed:

- EON sued 18 defendants in this action for infringement of U.S. Patent No. 5,592,491 (the "'491 patent").[3]

- For the purposes of its infringement allegations, EON divided these 18 defendants into four groups:[4] Mobile Network Operators,[5] Retailers/Resellers,[6] Handset Manufacturers,[7] and Equipment Vendors.[8]

- Due to the nature of the claims of the '491 patent, the direct infringement allegations at issue in this action are exceedingly complex.[9]

- EON has accused the Mobile Network Operators, Retailers/Resellers, and Handset Manufacturers of direct infringement.[10]

- EON has not accused the Equipment Vendors of direct infringement.[11]

---

[3] *See* Doc. 156, EON's Third Am. Compl.

[4] *See* Ex. 1, Feb. 15, 2011 Status Conference Tr. 19:3-10 (Mr. Scardino: "If you wanted to classify them, there's kind of four groupings that are easy to come up with.").

[5] *See* Ex. 2, Jan. 28, 2001 EON's 3-1 Disclosure of Asserted Claims and Infringement Contentions at 1 (identifying T-Mobile, USA, Inc., Cincinnati Bell, Inc., and Cellco Partnership d/b/a/ Verizon Wireless as "Mobile Network Operators").

[6] *Id.* at 3 (identifying Best Buy, Co., Inc., Wal-Mart Stores, Inc., Costco Wholesale Corporation, Overstock.com, Inc., Sears Roebuck and Co., Amazon.com, and RadioShack Corporation as "Retailers/Resellers").

[7] *Id.* at 4 (identifying Research in Motion Corp., Samsung Telecommunications America LLC, and Nokia Inc. as "Handset Manufacturers").

[8] *Id.* at 6 (identifying Acme Packet Inc., Alcatel-Lucent USA Inc., D-Link Systems, Inc., Intellinet Technologies, Inc., and Juniper Networks, Inc. as "Equipment Vendors").

[9] *See supra* Section II. A.

[10] Ex. 2, Jan. 28, 2001 EON's 3-1 Disclosure of Asserted Claims and Infringement Contentions at 1-6 (alleging direct and indirect infringement claims against the Mobile Network Operators, Retailers/Resellers, and Handset Manufacturers).

[11] *Id.* at 6-7 (alleging only indirect infringement claims against the Equipment Vendors); *see also* Ex. 1, Feb. 15, 2011 Status Conference Tr. 58:16-21 (" . . . based on the information that we have, we understand that the equipment manufacturers are indirectly infringing . . . ."). EON has accused distinct products from each Equipment Vendor.

3

- The Equipment Vendors represent the only group of defendants accused only of indirect infringement.

Given these facts, judicial and party economy would be served by staying the allegations against the Equipment Vendors.

## ARGUMENT

### I. LEGAL STANDARD

A district court has the "inherent power to control its own docket, including the power to stay proceedings."[12] This power "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."[13]

Courts consider three factors when evaluating whether to stay litigation: (1) whether the stay will "simplify the issues in question and trial of the case;" (2) whether the stay will "unduly prejudice or present a clear tactical disadvantage to the nonmoving party;" and (3) "whether discovery is complete and whether a trial date has been set."[14] Essentially, courts determine whether the benefits of a stay outweigh the costs.[15]

---

[12] *Southwire Co. v. Cerro Wire, Inc.*, Case No. 6:09-cv-289-LED, 2010 U.S. Dist. LEXIS 120951, at *5 (E.D. Tex. Nov. 10, 2010) (Davis, J.) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (Davis, J.)) (granting motion to stay).

[13] *Premier Int'l Assocs., LLC v. Hewlett-Packard Co.*, 554 F. Supp. 2d 717, 720 (E.D. Tex. 2008) (Folsom, J.) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).

[14] *Katrinecz v. Zippy Tech. Corp.*, Case No. 2:08-cv-00048-TJW, 2010 U.S. Dist. LEXIS 113909, at *9-10 (E.D. Tex. Oct. 26, 2010) (Ward, J.) (quoting *Soverain Software LLC*, 356 F. Supp. 2d at 662 (Davis, J.)) (analyzing these factors in consideration of a motion to stay pending action by a court in another state).

[15] *Constellation IP, LLC v. The Allstate Corp.*, Case No. 5:07-cv-132-LED, 2008 U.S. Dist. LEXIS 46820, at *8 (E.D. Tex. May 12, 2008) (Craven, J.) (granting motion to stay, noting that "courts determine whether the benefits of a stay outweigh the inherent costs based on these factors.").

## II.     EVALUATION OF THE FACTORS GUIDING A DECISION TO STAY

### A.     Staying the allegations against the Equipment Vendors will simplify the issues in this case.

Staying the allegations against the Equipment Vendors will simplify the issues in this case by focusing the proceedings on direct infringement. Patent law dictates that there cannot be an indirect infringer without a direct infringer.[16] Here, EON will first have to identify and prove direct infringement before it can prove indirect infringement by the Equipment Vendors. Resolution of the direct infringement allegations first will promote both judicial and party economy.

Even when considering the issue of direct infringement in a light most favorable to EON, the direct infringement issues of this case are exceedingly complex. EON's preliminary infringement contentions contained in the two binders shown by EON to the Court at the February 15 Status Conference -- which were approximately ten inches thick -- is evidence of this point.[17] Further, the defendants accused of direct infringement assert that even those two binders worth of preliminary infringement contentions are insufficient.[18] Removing the

---

[16] *See BMC Res. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007) ("Indirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement."); *see also Acco Brands, Inc. v. ABA Locs Mfr. Co., Ltd.*, 510 F.3d 1307, 1314 (Fed. Cir. 2007) (reversing the lower court's finding of inducement where there was insufficient evidence of direct infringement); *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) ("There can be no inducement or contributory infringement without an underlying act of direct infringement."); *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004) ("A defendant's liability for indirect infringement must relate to the identified instances of direct infringement.").

[17] Ex. 1, Feb. 15, 2011 Status Conference Tr. 58:9-11 (Mr. Connor: "Well, first of all, these [sic] our infringement contentions, and we believe we have identified the direct infringers . . . .").

[18] *See e.g.*, *id.* at 38:12-17 (Mr. Jameson: "And I'm not aware of who it is that they're saying is the direct infringer of all of these elements of any one of these claims. And perhaps that's why they've sued everybody, is because they don't know who the direct infringer is. But under the law, they've got to tell us who a direct infringer is."); 53:20-54:3 (Mr. Gutman: "As my colleagues ably pointed out, if we had infringement contentions that actually addressed at the

5

Equipment Vendors from this complex equation will allow the remaining parties and the Court to focus on the direct infringement allegations. This will streamline discovery and trial for all parties.

Additionally, resolution of the direct infringement issues will likely render adjudication of the indirect infringement allegations against the Equipment Vendors unnecessary. If EON is unsuccessful, and fails to establish direct infringement, or the '491 patent is found to be invalid or unenforceable,[19] the indirect infringement allegations against the Equipment Vendors will be moot.

If EON is successful at summary judgment, at trial, or in reaching settlement with the accused direct infringers, the indirect infringement allegations may again be moot. Any settlement agreements reached between EON and the accused direct infringers will result in the licensed use of the '491 patent, which "does not constitute direct infringement and, therefore, does not support a finding of indirect infringement."[20] Further, any compensation paid to EON, through settlement or damages by the accused direct infringers, will almost certainly exhaust the associated rights that EON may have against those accused of indirect infringement.[21]

---

level of detail what each of us is individually accused of doing and how that matches up with the individual elements of the claims, what your Honor would see, and I think will see at the appropriate point, is that none of us actually infringe."); 55:12-16 (Mr. Pritikin: "The fundamental problem we face at this stage of the case are the infringement contentions that have been served by the Plaintiffs. They just don't do the job and they don't do what the local rules provide for.").

[19] Multiple defendants have proffered affirmative defenses and counterclaims of invalidity and unenforceability. *See, e.g.*, Doc. 199, T-Mobile's Answer and Countercl. to EON's Third Am. Compl. at 9-12; Doc. 200 Cellco Partnership d/b/a/ Verizon Wireless' Answer and Countercl. to EON's Third Am. Compl. at 7-27.

[20] *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 793 (Fed. Cir. 2010) (internal citations omitted).

[21] *See Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008) ("The longstanding doctrine of patent exhaustion provides that the initial authorized sale of a patented item

### B. Staying the allegations against the Equipment Vendors will not prejudice EON.

A stay of the allegations against the Equipment Vendors will not prejudice EON procedurally or economically.

There will be no procedural prejudice to EON because the Equipment Vendors have already stated to this Court that they are willing to meet, within reason, EON's discovery needs.[22] EON's concerns regarding the management of third-party discovery from the accused indirect infringers are unwarranted.[23]

There will be no economic prejudice to EON because, as explained above, there is no additional recovery to be had by EON with respect to the accused indirect infringers. Even assuming that EON prevails on infringement, validity, and enforceability, the recovery it receives from the accused direct infringers will exhaust any associated claim for recovery against the accused indirect infringers. It follows that even if EON prevails in the entirety against the

---

terminates all patent rights to that item."); *see also Transcore, LP v. Elec. Transaction Consultants Corp.*, 563 F. 3d 1271, 1274 (Fed. Cir. 2009) (affirming the district court's decision that, in view of a settlement agreement between the patentee and the party responsible for selling the allegedly infringing product to the defendant, the patentee's claims of patent infringement were barred by the doctrine of patent exhaustion); *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 859 (Fed. Cir. 2006) (affirming the district court's denial of the patentee's motion to set trial on the issue of indirect infringement, concluding that the damages awarded at trial on the issue of direct infringement compensated the patentee for indirect infringement, and noting that "in most cases damages assessed for indirect infringement will be equal to damages assessed for the underlying direct infringement").

[22] Ex. 1, Feb. 15, 2011 Status Conference Tr. 69:3-14. *See also id.* at 69:10-14 (The Court: "So if the Court were to stay, as a particular group of Defendants, those Defendants would be willing to provide whatever -- within reason, discovery that the Plaintiff needs to prove --" Mr. Fisch: "Yes, Your Honor, absolutely.").

[23] *Id.* at 61:13 – 62:13 (The Court: "What would be wrong with focusing this case on, for example, the mobile network operators? In other words, staying it as to the retailers and/or staying it as to the equipment vendors . . . ." Mr. Connor: ". . . parsing out the case at this point in time is not going to yield any efficiency for the Court or the parties, and the Court's going to -- not just your court, Your Honor, but other courts, if there's third-party discovery issues that arise, managing third-party discovery is -- has a different dimension added to it.")

7

accused direct infringers, it has no available recovery from the indirect infringers and thus cannot be prejudiced by a stay. It also follows that any settlement entered into by the Equipment Vendors if the case is not stayed will be exclusively for the purpose of avoiding the tumult of being a defendant in this complex litigation, and not tied to EON's damages models in this case.[24]

### C. This is an appropriate time for the court to stay the allegations against the Equipment Vendors.

Discovery in this case has just begun. Thus far, the only disclosures that have been served are EON's infringement contentions that are presumably based on EON's pre-suit investigation.[25] EON has also recently produced documents pursuant to paragraphs 2. B. and 2. C. of the Discovery Order. Accordingly, a stay of the indirect infringement allegations against the Equipment Vendors is particularly appropriate at this early stage of the case.

### CONCLUSION

EON has identified four groups of defendants in this case -- the Mobile Network Operators, the Retailers/Resellers, the Handset Manufacturers, and the Equipment Vendors. The Equipment Vendors are the only group of defendants EON has not accused of direct infringement. EON must prove direct infringement before it can prove any indirect infringement by the Equipment Vendors. As a result, bringing the Equipment Vendors through the proceedings required to prove direct infringement will be wasteful of both judicial and party resources. Further, as issues of direct infringement are resolved, through settlement, dispositive

---

[24] *Id.* at 24:16-18 (Mr. Scardino: "[T]hey're saving billions of dollars. And it's this technology at its core that's allowing them to do that.").

[25] *See, e.g.*, *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (Davis, J.) ("The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun.").

motion, or trial, the doctrine of patent exhaustion will preclude EON from achieving economic recovery from any of the accused indirect infringers.

To the extent that EON has identified that the value of keeping the indirect infringers in this case is to ease its discovery burden, the Equipment Vendors as a group have already committed to this Court that they will fully cooperate as to all reasonable discovery. That commitment remains.

The Equipment Vendors respectfully request that the Court stay the allegations against the Equipment Vendors pending resolution of the direct infringement allegations. Such a stay would provide an efficient and economical way to conserve the resources of the Court and many of the parties involved without causing any prejudice to EON.

Dated: March 15, 2011

Respectfully submitted,

/s/ Alan M. Fisch
Alan M. Fisch
District of Columbia Bar No. 453068
Caroline Rieger Brownlie (*Pro Hac Vice*)
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Tel: (202) 682-3500
Fax: (202) 682-3580
Email: alan.fisch@kayescholer.com
Email: caroline.brownlie@kayescholer.com

Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH L.L.P.
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Juniper Networks, Inc.*


/s/ N. Andrew Crain  (with permission)
Dan R. Gresham
Georgia Bar No. 310280
N. Andrew Crain – *Lead Attorney*
Georgia Bar No. 193081
THOMAS, KAYDEN, HORSTEMEYER &
RISLEY
600 Galleria Parkway, Suite 1500
Atlanta, GA 30339
Tel: (770) 933-9500
Fax: (770) 951-0933
Email: dan.gresham@tkhr.com
Email: andrew.crain@tkhr.com

*Attorneys for Acme Packet, Inc. & IntelliNet Technologies, Inc.*

/s/ Brian Craft (with permission)
Brian Craft
State Bar No. 04972020
Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Fax: (903) 534-1137
Email: bcraft@findlaycraft.com
Email: efindlay@findlaycraft.com

David Nelson (admitted *pro hac vice*)
Ellen Padilla (admitted *pro hac vice*)
Thomas Ferrone (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W. Madison, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Email: davenelson@quinnemanuel.com
Email: ellenpadilla@quinnemanuel.com
Email: tomferrone@quinnemanuel.com

*Attorneys for Alcatel-Lucent USA Inc.*


/s/ Duncan Palmatier (with permission)
Duncan Palmatier (admitted *pro hac vice*)
S.J. Christine Yang (admitted *pro hac vice*)
Victoria Hao (admitted *pro hac vice*)
The Law Office of S.J. Christine Yang
17220 Newhope Street, Suites 101 & 102
Fountain Valley, CA  92708
Tel: (714) 641-4022
Fax: (714) 6410-2082
Email: dpalm@dpalmlaw.com
Email: cyang@sjclawpc.com
Email: vhao@sjclawpc.com

Herbert A Yarbrough, III
YARBROUGH WILCOX, PLLC
100 East Ferguson, Suite 1015
Tyler, TX 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
Email:   trey@yw-lawfirm.com

*Attorneys for D-Link Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2011, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas, Tyler Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

/s/ Alan M. Fisch
Alan M. Fisch

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Acme Packet Inc., Alcatel-Lucent USA Inc., D-Link Systems, Inc., IntelliNet Technologies, Inc., and Juniper Networks, Inc. (collectively, the "Equipment Vendors") complied with the meet and confer requirement in Local Rule CV-7(h). On March 7, 2011, on behalf of the Equipment Vendors, I met with Cabrach Connor, counsel for Plaintiff EON Corp. IP Holdings, LLC's ("EON"), by telephone.  On March 9, 2011, on behalf of the Equipment Vendors,  Caroline Rieger Brownlie met with Cabrach Connor and Daniel Scardino, counsel for EON, by telephone.  The parties further conferred via electronic mail on March 10, 2001 and March 11, 2011.  The parties were unable to agree to terms under which EON would consent to a stay.  The discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.

/s/ Alan M. Fisch
Alan M. Fisch