UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>     Plaintiff,<br>v.<br><br>T-MOBILE USA, INC., *et al*.,<br><br>     Defendants. | Civil Action No. 6:10-cv-379-LED<br><br>JURY TRIAL REQUESTED |

**EON'S MOTION FOR LEAVE TO FILE AMENDED INFRINGEMENT
CONTENTIONS AGAINST ALCATEL-LUCENT USA INC.**

Plaintiff EON Corp. IP Holdings, LLC ("EON") respectfully requests leave to amend its Infringement Contentions ("ICs") as to defendant Alcatel-Lucent.

**I. Introduction**

Good cause exists to allow EON to amend its infringement contentions under P.R. 3-6(b) and Federal Rule of Civil Procedure 16(b). *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003). Applying the Court's four-factor test for determining good cause, EON shows here the specific reasons and factual developments that warrant amendment to identify additional accused products. *See Forgent Networks, Inc. v. Echostar Techs. Corp.*, No. 6:06-cv-00208-LED, slip op. at *2-3 (E.D. Tex. Dec. 8, 2006) (considering four elements when determining whether to allow a modification: (1) the explanation for failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice). EON has moved swiftly to mitigate any prejudice by amending its contentions long before trial and even before *Markman* briefing.

## II. EON Diligently Has Sought Discovery from Alcatel-Lucent Aimed at Identifying Specific Products and Focusing EON's Infringement Contentions.

On March 23, 2011, EON requested by letter that Alcatel-Lucent identify potentially infringing products based upon EON's descriptions and products in EON's original ICs:

> …EON invites Alcatel-Lucent to streamline discovery by providing the following minimal information…
> • A list of Alcatel-Lucent UMA-related servers, gateways, and access points; and datasheets for each;
> • A list of Alcatel-Lucent dual-mode communication modules or software products and datasheets for each;
> • A list of Alcatel-Lucent base station, transmitter, and receiver products used on the Verizon or T-Mobile networks; and
> • A list of Alcatel-Lucent femtocells and mobile packet core products (e.g., packet switch gateways and mobility servers) used on the T-Mobile or Verizon networks.

EON reiterated its request two months later, by letter of May 27: "[p]lease list all Alcatel-Lucent devices (by model number) available since 2002, discontinued and current, specially made for enabling, enhancing, or improving mobile data offload or DUAL-MODE communication or functionality and provide the name of the mobile cellular network(s) to which any (by modem number) was sold."

On June 9, EON again wrote to Alcatel-Lucent's counsel identifying in detail the specific categories of information and specific products about which EON requested discovery. EON served its interrogatories to Alcatel-Lucent for targeted discovery on June 17, 2011 and its first common interrogatories on May 25, 2011, both of which requested "a list of all Accused Products." Alcatel-Lucent refused to provide discovery of any products not specifically identified in EON's ICs (save one server product represented as the only "reasonably similar" product) and refused to provide a list of products falling in the technical categories EON described.

**III. EON Has Obtained Newly Available Technical Information and Product Information Bearing on its Infringement Contentions.**

Discovery obtained mostly from Alcatel-Lucent's co-defendants has revealed additional infringing products. Also, in March 2011, 3GPP issued Release 10 of a set of relevant technical standards concerning access point mobility enhancements relating to how Alcatel-Lucent products work in the infringing networks. Despite EON's diligence, reviewing documents produced by Alcatel-Lucent and other defendants has required a substantial and ongoing effort. EON is filtering through 380,000 pages of uncategorized, unlabeled documents produced by Alcatel-Lucent alone.

Although EON served multiple interrogatories requesting the identity of Alcatel-Lucent products containing certain defined functionalities[1] that EON contends infringe the '491 Patent, Alcatel-Lucent identified only one product not contained in EON's original ICs. *See Stragent, LLC v. Freescale Semiconductor, Inc.,* No. 6:10-cv-224-LED-JDL, slip op. at *3 (E.D. Tex. July 14, 2011) (granting leave to amend where defendant did not identify infringing products after being asked to do so in interrogatories); *See also Nidec Corp. v. LG Innotek Co.*, slip op., 2009 WL 3673253, at *2 (E.D. Tex. Sept. 2, 2009) (citing *Mass Engineered Design v. Egrotron, Inc.*,

---

[1] EON defined "Accused Products" as follows:
> As used herein, the term "ACCUSED PRODUCT(S)" shall mean and refer to any product and/or service used, manufactured, sold, offered for sale or imported by each DEFENDANT that incorporates or facilitates DUAL-MODE functionality, including but not limited to all products and/or services EON accuses of infringing the '491 PATENT, such as DUAL-MODE devices and devices for aiding or enabling DUAL-MODE communication with a mobile cellular network or mobile core network (e.g., wireless access points, Wi-Fi access points, femtocells, femtocell access points, picocells, network extenders, network gateways, media gateways, UMA or GAN gateways, UMA controllers, servers, offloading controllers, T-Mobile HotSpots, T-mobile@Home components, Verizon Wireless Network Extenders, or Verizon Wi-Fi Hotspots) that are or were available through Verizon, RIM, or T-Mobile, or were or are compatible with the Verizon, RIM, or T-Mobile networks, or were or are Verizon, RIM, or T-Mobile branded. ACCUSED PRODUCTS also include but are not limited to those specifically identified in EON's pleadings, infringement contentions, correspondence, and proposed amended infringement contentions, and further include products that EON may identify specifically as information becomes available through discovery or other sources.

(EON's Interrogatories to Alcatel-Lucent for Targeted Discovery Pursuant to Court Order, P. 9-10).

No 2:06-cv-272, 2008 WL 1930299, at *3-4 (E.D. Tex Apr. 30, 2008) ("granting leave to amend where defendant was uncooperative as to discovery of products not explicitly listed in the original infringement contentions.")).  For example, in response to Targeted Interrogatory No. 2, which asked Alcatel-Lucent to produce a list of all Accused Products, Alcatel-Lucent stated:

> that the accused products identified by EON in its January 28, 2011 Local Rule 3-1 Infringement Contentions are: 1430 Unified Home Subscriber Server for UMA, 8950 AAA Server, 9365 Base Station Router and the 9360 Small Cell Solution. Alcatel-Lucent has produced documents as a result of reasonable search related to these products and any reasonably similar products, including a UMA Solution provided to T-Mobile. . . .

(Alcatel-Lucent's Objections and Responses to EON's Interrogatories for Targeted Discovery, at *9).  Of these four products, only the 9365 Base Station Router was not identified in EON's ICs although EON asked Alcatel-Lucent for a list of all Accused Products that specifically included "UMA or GAN gateways [and] UMA controllers." (EON's Interrogatories to Alcatel-Lucent for Targeted Discovery Pursuant to Court Order, at *9-10).

EON later discovered, after sorting through non-public Alcatel-Lucent documents that "Key Products" in Alcatel-Lucent's UMA Solution include: "Alcatel-Lucent 5020 Wireless Call Server; Alcatel-Lucent 7570 Media Gateway or Alcatel-Lucent 7540 Wireless Media Gateway (WMG) (Tekelec T8000 MG); Alcatel-Lucent 1430 Unified HSS (AAA & UMA DB pack); Alcatel-Lucent 1000 Wireless Network Controller."[2]  EON seeks leave to add these products to its ICs.  After acquiring this information, EON promptly conferred with Alcatel-Lucent regarding its intention to amend its ICs to include specific types of equipment such as gateways, access points, and base stations that Alcatel-Lucent sells and sold to T-Mobile as part of its solution.  *See* EON's Letter to Ellen Padilla (Exhibit A).  EON's amended infringement contentions narrow certain issues in the case (e.g., amending out direct infringement contentions)

---

[2] ALU0083942-ALU0083972, at *72.

4

and introduce no new infringement theories, instead providing specifically the types and model numbers (if available) of Alcatel-Lucent products that EON now understands are sold as part of Alcatel-Lucent's fixed mobile convergence and data-offloading solutions, including specifically to T-Mobile.

As another example, EON discovered through a non-public document produced by Verizon that Alcatel-Lucent provides its Converged Telephony Server ALU 5420 for use in Verizon's VoIP over EVDO Rev A service. *See* VZW 00298616. This product as employed in Verizon's service facilitates data offload from radio access networks to IP networks as claimed in the '491 Patent. Alcatel-Lucent failed to identify this product or produce information about it in its response to EON's interrogatories despite it falling well within EON's definitions. Alcatel-Lucent's discovery shortcomings are inexcusable even if the requested information had been publicly available. *See Mondis Tech., Ltd. v. LG Electronics, Inc.*, No. 2:07-cv-565-TJW-CE, 2011 WL 2149925, at *3 (E.D. Tex. May 5, 2011) (". . . the fact that information may be publicly available is no excuse for a party not performing its discovery obligations.").

The products that EON intends to add are important. Indeed, Alcatel-Lucent's sale and offer for sale of the newly accused products may comprise a substantial aspect of Alcatel-Lucent's infringing activity. Moreover, Alcatel-Lucent will not be prejudiced if leave is granted as Alcatel-Lucent has been on notice of EON's intent to amend for months, and the *Markman* hearing is not scheduled until January 5, 2012. *See Stragent, LLC,* No. 6:10-cv-224-LED-JDL, slip op. at *4 (citing *Performance Pricing, Inc. v. Google Inc.*, No. 2:07-cv-432, 2009 U.S. Dist. LEXIS 84211, at *7 (E.D. Tex. Aug. 28, 2009) (citations omitted) ("[P]rejudice is significantly lessened when amendment occurs prior to *Markman* hearing.").

For these reasons, EON respectfully requests the Court allow EON leave to serve amended ICs as to Alcatel-Lucent.

Date: September 7, 2011                         By:

                                              */s/ Cabrach J. Connor*_____
Daniel Scardino
Texas State Bar No. 24033165
email: dscardino@reedscardino.com
Cabrach J. Connor
Texas State Bar No. 24036390
email: cconnor@reedscardino.com
Craig S. Jepson
Texas State Bar No. 24061364
email: cjepson@reedscardino.com
Jeffery R. Johnson
Texas State Bar No. 24048572
email: jjohnson@reedscardino.com
REED & SCARDINO L.L.P.
301 Congress Avenue, Suite 1250
Austin, Texas 78701
Tel.: (512) 474-2449
Fax: (512) 474-2622

Deron R. Dacus
Texas State Bar No. 00790553
email: derond@rameyflock.com
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702
Tel.: (903) 597-3301
Fax: (903) 597-2413

ATTORNEYS FOR PLAINTIFF
EON CORP. IP HOLDINGS, LLC

## CERTIFICATE OF CONFERENCE

EON has attempted to resolve these issues with Alcatel-Lucent via email and conference but the parties were unable to come to an agreement.  Defendant Alcatel-Lucent opposes this motion.

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court.

*/s/ Cabrach J. Connor*
Cabrach J. Connor