**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., RESEARCH IN MOTION CORPORATION, NOKIA, INC., BEST BUY CO., INC., WAL-MART STORES, INC., COSTCO WHOLESALE CORPORATION, OVERSTOCK.COM, INC. SEARS ROEBUCK AND CO., AMAZON.COM, INC., RADIOSHACK CORPORATION, ALCATEL-LUCENT USA INC., D-LINK SYSTEMS, INC., INTELLINET TECHNOLOGIES, INC., ACME PACKET, INC., JUNIPER NETWORKS, INC., SAMSUNG TELECOMMUNICATIONS AMERICA LLC, and CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>　　Defendants. | Civil Action No.: 6:10-cv-379-LED<br><br>JURY TRIAL REQUESTED |

**DEFENDANT INTELLINET TECHNOLOGIES, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendant IntelliNet Technologies, Inc. ("IntelliNet") hereby sets forth its Answer and Affirmative Defenses to Plaintiff Eon Corp. IP Holdings, LLC's ("Plaintiff") Fourth Amended Complaint as follows:

**ANSWER**

Responding to the individually enumerated paragraphs of the Fourth Amended Complaint (for simplicity, merely referred to hereinafter as "the Complaint"), IntelliNet states as follows:

## **THE PARTIES**

1. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and, therefore, denies them.

2. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and, therefore, denies them.

3. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and, therefore, denies them.

4. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and, therefore, denies them.

5. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and, therefore, denies them.

6. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and, therefore, denies them.

7. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and, therefore, denies them.

8. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and, therefore, denies them.

9. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and, therefore, denies them.

10. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and, therefore, denies them.

11. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and, therefore, denies them.

12. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and, therefore, denies them.

13. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and, therefore, denies them.

14. IntelliNet admits that it is a Florida corporation and that its principal place of business is as stated in Paragraph 14 of the Complaint. IntelliNet also admits that it engages in business in Texas and does not maintain a regular place of business in Texas nor does it have a designated or maintained resident agent for service of process. IntelliNet denies all remaining allegations stated in Paragraph 14 of the Complaint.

15. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and, therefore, denies them.

16. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and, therefore, denies them.

17. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and, therefore, denies them.

18. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and, therefore, denies them.

19. IntelliNet admits that Paragraph 19 of the Complaint purports to group the Defendants into various groups for reference in the Complaint. IntelliNet denies any allegation or implication in Paragraph 19 that purports to or can be construed to assert any claim for relief against IntelliNet.

## **JURISDICTION AND VENUE**

20. IntelliNet admits that the Fourth Amended Complaint purports to state claims of patent infringement that arise under the Patent Laws of the United States, Title 35 of the United

States Code. IntelliNet admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a). IntelliNet admits that Plaintiff purports to base venue in this district under 28 U.S.C. § 1391 and 1400(b). IntelliNet denies the remaining allegations to Paragraph 20 to the extent they relate to IntelliNet.

21. IntelliNet admits that it is subject to personal jurisdiction in this Court. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint, and, therefore, denies them.

22. IntelliNet admits that it is subject to personal jurisdiction in this Court. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint, and, therefore, denies them.

23. IntelliNet admits that it is subject to personal jurisdiction in this Court, but denies all remaining allegations of Paragraph 23 of the Complaint, including without limitation Eon's allegations that IntelliNet infringes U.S. Patent No. 5,592,491.

## THE PATENT IN SUIT

24. IntelliNet admits that U.S. Patent No. 5,592,491 ("the '491 patent") purports to have issued on January 7, 1997 and that a copy of the '491 patent is attached to the Complaint as Exhibit A. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint, and, therefore, denies them.

## GENERAL ALLEGATIONS

25. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and, therefore, denies them.

26. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and, therefore, denies them.

27. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and, therefore, denies them.

28. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and, therefore, denies them.

29. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and, therefore, denies them.

30. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and, therefore, denies them.

31. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and, therefore, denies them.

32. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and, therefore, denies them.

33. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and, therefore, denies them.

34. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and, therefore, denies them.

35. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and, therefore, denies them.

36. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and, therefore, denies them.

37. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and, therefore, denies them.

38. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and, therefore, denies them.

39. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and, therefore, denies them.

40. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and, therefore, denies them.

41. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and, therefore, denies them.

42. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and, therefore, denies them.

43. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and, therefore, denies them.

44. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, and, therefore, denies them.

45. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and, therefore, denies them.

46. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, and, therefore, denies them.

47. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and, therefore, denies them.

48. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and, therefore, denies them.

49. IntelliNet denies the allegations of Paragraph 49 of the Complaint.

50. IntelliNet denies the allegations of Paragraph 50 of the Complaint.

51. IntelliNet denies the allegations of Paragraph 51 of the Complaint.

52. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and, therefore, denies them.

53. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and, therefore, denies them.

54. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and, therefore, denies them.

55. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and, therefore, denies them.

56. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and, therefore, denies them.

57. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, and, therefore, denies them.

58. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, and, therefore, denies them.

59. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and, therefore, denies them.

60. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint, and, therefore, denies them.

61. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and, therefore, denies them.

**ALLEGED INFRINGEMENT OF THE PATENT IN SUIT**

62. IntelliNet incorporates by reference Paragraphs 1-61 above herein, and to the extent not otherwise addressed, denies all remaining allegations of Paragraph 62 of the Complaint.

63. IntelliNet denies the allegations of Paragraph 63 of the Complaint to the extent such allegations are asserted as to IntelliNet. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 with respect to any other Defendant, and, therefore, denies them.

64. IntelliNet denies the allegations of Paragraph 64 of the Complaint to the extent such allegations are asserted as to IntelliNet. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 with respect to any other Defendant, and, therefore, denies them.

65. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint, and, therefore, denies them.

66. IntelliNet denies the allegations of Paragraph 66 of the Complaint to the extent such allegations are asserted as to IntelliNet. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 with respect to any other Defendant, and, therefore, denies them.

67. IntelliNet denies the allegations of Paragraph 67 of the Complaint to the extent such allegations are asserted as to IntelliNet. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 with respect to any other Defendant, and, therefore, denies them.

68. IntelliNet denies the allegations of Paragraph 68 of the Complaint to the extent such allegations are asserted as to IntelliNet. IntelliNet lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 with respect to any other Defendant, and, therefore, denies them.

69. In addition to the foregoing, IntelliNet hereby denies each and every allegation asserted in the Complaint that is not expressly admitted above, and IntelliNet further denies that Plaintiff is entitled to any relief whatsoever from IntelliNet.

## **RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

These paragraphs (A-I) set forth a statement of relief requested by Plaintiff, to which no response is required. IntelliNet denies that Plaintiff is entitled to any of the requested relief and denies any and all associated allegations contained therein.

## **Jury Demand**

IntelliNet denies that Plaintiff is entitled to a trial by jury except as permitted by law.

## **AFFIRMATIVE DEFENSES**

IntelliNet, as further and separate defenses to the Complaint and without assuming any burden it would not otherwise have, alleges, upon information and belief, the following defenses:

## **First Defense**
(Failure to State a Claim)

70. Each and every one of Plaintiff's claims for relief and each and every one of its allegations fails to state a claim upon which any relief may be granted against IntelliNet.

## **Second Defense**
(Non-Infringement)

71. IntelliNet has not and does not infringe, directly (individually or as a joint infringer) or indirectly (as a contributory infringer or inducer of infringement), any valid and enforceable claim of U.S. Patent No. 5,592,491 either literally, under the doctrine of equivalents, or otherwise.

### Third Defense
(Invalidity)

72. Each claim of the '491 patent is invalid or void for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Defense
(Equitable Defenses)

73. Plaintiff's claims are barred, in whole or in part, pursuant to the doctrines of estoppel, unclean hands, laches, and/or waiver.

### Fifth Defense
(Limitation on Damages and Costs)

74. Any claim for damages for infringement of the '491 patent is limited by 35 U.S.C. § 287 to those alleged damages occurring after notice of infringement.

### Sixth Defense
(No Exceptional Case)

75. Plaintiff cannot prove that this is an exceptional case justifying award of attorneys fees against IntelliNet pursuant to 35 U.S.C. § 285.

### Seventh Defense
(Prosecution History Estoppel)

76. Due to statements, representations, and/or other conduct during the prosecution of the patent application that became the '491 patent, including its parent application and other related applications to the '491 patent, Plaintiff is estopped from asserting any interpretation of the claims of the '491 patent that would cover any of IntelliNet's products or services.

### PRAYER FOR RELIEF

Wherefore, IntelliNet prays that this Court enter judgment:

(a) Dismissing Plaintiff's Complaint with prejudice;

(b) Declaring this an exceptional case under 35 U.S.C. § 285 justifying the award of costs and fees against Plaintiff;

(e) Awarding IntelliNet its costs in this action and its reasonable attorney's fees; and

(f) Awarding IntelliNet such further necessary and proper relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Defendant IntelliNet demands a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: September 14, 2011

Respectfully submitted,

/s/ N. Andrew Crain
Dan R. Gresham
dan.gresham@tkhr.com
Georgia Bar No. 310280
N. Andrew Crain – **Lead Attorney**
andrew.crain@tkhr.com
Georgia Bar No. 193081
**THOMAS, KAYDEN, HORSTEMEYER & RISLEY**
400 Interstate North Parkway, Suite 1500
Atlanta, GA 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Attorneys for Defendant
IntelliNet Technologies, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE USA, INC., RESEARCH IN MOTION CORPORATION, NOKIA, INC., BEST BUY CO., INC., WAL-MART STORES, INC., COSTCO WHOLESALE CORPORATION, OVERSTOCK.COM, INC. SEARS ROEBUCK AND CO., AMAZON.COM, INC., RADIOSHACK CORPORATION, ALCATEL-LUCENT USA INC., D-LINK SYSTEMS, INC., INTELLINET TECHNOLOGIES, INC., ACME PACKET, INC., JUNIPER NETWORKS, INC., SAMSUNG TELECOMMUNICATIONS AMERICA LLC, and CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> Defendants. | Civil Action No.: 10-cv-379-LED <br><br> JURY TRIAL REQUESTED |

## **CERTIFICATE OF SERVICE**

I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on September 14, 2011. Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system.

/s/ N. Andrew Crain<br>
N. Andrew Crain<br>
Attorney for IntelliNet Technologies, Inc.