**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **EON CORP. IP HOLDINGS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **CASE NO. 6:10-CV-379-LED-JDL** |
| | § | |
| **vs.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **T-MOBILE USA, INC., et al.** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Eon Corp. IP Holdings, LLC's ("Eon") Motion for Leave to File Amended Infringement Contentions Against Alcatel-Lucent USA Inc. ("ALU") (Doc. No. 453)("Motion"). The matter is fully briefed (Doc. Nos. 466, 487, and 499). At a November 28, 2011 hearing on the Motion, the Court ordered Eon to provide ALU with amended infringement contentions that articulate how each particular ALU product is used in an infringing network in accordance with Local Patent Rule ("P.R.") 3-1(b)-(c). *See* NOVEMBER 28, 2011 ORDER (Doc. No. 554). After Eon served its amended contentions in compliance with the Court's Order, ALU filed an opposition to the amended contentions (Doc. No. 584) to which Eon responded (Doc. No. 585). Because the Court finds that Eon's amended contentions served on ALU pursuant to this Court's November 28, 2011 Order comply with the Order and P.R. 3-1, the Court **GRANTS** Eon's Motion.

**BACKGROUND**

On August 4, 2010, Eon filed its original complaint against ALU, among others, identifying two ALU accused products. *See* (Doc. No. 1). On January 28, 2011, Eon served ALU its

infringement contentions pursuant to P.R. 3-1, accusing ALU of indirect infringement and identifying four accused products. *See* DEFENDANT ALCATEL-LUCENT USA INC.'S OPPOSITION TO EON'S MOTION FOR LEAVE TO FILE AMENDED INFRINGEMENT CONTENTIONS AGAINST ALCATEL LUCENT (Doc. No. 466) ("ALU RESPONSE") at 3. In an effort to crystalize the proceedings, the Court allowed for a targeted discovery period after which the parties were invited to file letter briefs with the Court seeking leave to file motions for summary judgment on direct infringement. *See* (Doc. No. 340). Shortly after the conclusion of this discovery period, on August 10, 2011, Eon filed its Fourth Amended Complaint alleging indirect infringement against ALU but failed to include any products by name. *See* (Doc. No. 394) at ¶ 43. On September 7, 2011, Eon filed the instant motion, seeking leave to amend its infringement contentions against ALU to include 76 products, 72 of which were not included in its initial infringement contentions.

ALU argues that Eon's Motion should be denied because (1) Eon failed to show good cause to amend as required by P.R. 3-6(b) and (2) Eon's proposed amended contentions lack the specificity required by P.R. 3-1. *See generally* ALU RESPONSE. ALU argues that Eon's original proposed infringement contentions "merely identify and compile into a single chart seventy-six ALU products that hypothetically could be connected in an allegedly directly infringing two-way communication network or system" and thus failed to comply with P.R. 3-1. ALU RESPONSE at 1.

At a November 28, 2011 hearing on the Motion, the Court was of the opinion that the crux of the dispute between Eon and ALU centered on the insufficiency of the infringement contentions served on ALU. *See* HEARING TRANSCRIPT (Doc. No. 556) at 27:22 - 28:12. The Court was not persuaded that the original proposed infringement contentions ("Original PICs") satisfy P.R. 3-1 because although they name infringing networks such as "T-Mobile @Home service and Network,"

they do not show how ALU's accused products are used in those particular networks. Eon represented that while it has a good faith basis for belief that these ALU products are used in infringing T-Mobile or Verizon networks, Eon has not received enough information via discovery from these entities to fill in every detail of the claim chart. *See* HEARING TRANSCRIPT at 31-34. Nevertheless, the Court Ordered Eon to modify its infringement contentions to articulate how particular ALU products are used in an infringing network in accordance with P.R. 3-1(b)-(c) with the understanding that there may be some gaps in the charts to be later filled in by discovery from mobile network operators like T-Mobile or Verizon. *See id.*

On December 19, 2011, Eon served amended infringements against Alcatel-Lucent, T-Mobile, and Verizon Wireless purportedly pursuant to the Court's November 28 Order.[1] *See* PLAINTIFF'S NOTICE OF COMPLIANCE, Dec. 20, 2011, (Doc. No. 574). Pursuant to the Court's November 28, 2011 Order, ALU filed an opposition to the amended contentions (Doc. No. 584)("ALU OPPOSITION") to which Eon responded (Doc. No. 585) ("EON RESPONSE").

**LEGAL STANDARD**

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). Patent Rule 3-1 requires a party claiming infringement to serve infringement contentions on all parties. Infringement contentions are intended to frame the scope of the case in order to provide for "full, timely discovery and [to] provide parties with adequate notice and information with which to litigate their case."

[1]The Court notes that Research in Motion Corp. and T-Mobile USA Inc. have filed notices objecting to these amended infringement contentions. *See* (Doc. Nos. 581 and 583). Because the only matter before the Court is the dispute between Eon and ALU, the Court expresses no opinion on the propriety of Eon's service of amended contentions on parties other than ALU.

*Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007); *see also Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009). This Court has previously explained the role of infringement contentions:

> Infringement contentions are not intended to require a party to set forth a *prima facie case* of infringement and evidence in support thereof. While infringement contentions must be reasonably precise and detailed . . . to provide a defendant with adequate notice of the plaintiff's theories of infringement, they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement because infringement contentions "are not meant to provide a forum for litigation on the substantive issues."

*Realtime Data*, 2009 WL 2590101, at *5 (quoting *Linex Tech., Inc. v. Belkin Intern., Inc.*, 628 F. Supp.2d 703, 713 (E.D. Tex. 2008) (internal quotations omitted)). Nevertheless, a party may not rely on vague conclusory language or simply mimic the language of the claims. *Davis-Lynch, Inc. v. Weatherford Int'l*, No. 6:07-cv-559, 2009 WL 81874, at *2 (E.D. Tex. Jan. 12, 2009).

Leave to amend is required when a plaintiff seeks to amend or supplement the contentions, and a plaintiff must show good cause. P.R. 3-6. When determining whether to grant leave to amend, the Court considers: 1) the explanation for failure to meet the deadline; 2) the importance of the thing that would be excluded; 3) the potential prejudice in allowing the thing that would be excluded; and 4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

**DISCUSSION**

The Court finds that Eon's amended contentions served on ALU on December 19, 2011 are sufficient under P.R. 3-1 based on the information Eon has at this stage in the litigation. *See Computer Acceleration Corp.*, 503 F. Supp. 2d at 822. ALU contends that like Eon's Original PICs, the modified infringement contentions served in accordance with the Court's December 19, 2011

Order ("Dec. PICs") lack the specificity required by P.R. 3-1. *See* ALU RESPONSE at 1,9-12; ALU OPPOSITION at 1-5. ALU argues that the Dec. PICs should be rejected because they fail to identify a directly infringing network, fail to properly allege indirect infringement, and are intentionally vague because they include language such as "alone or together with other [unidentified] components" and "alone or in conjunction with the other . . . third party products."

As noted above, the Court ordered Eon to serve amended contentions on ALU which identify how the accused ALU products are used in a directly infringing network, with the understanding that there may be some gaps in the contentions due to an apparent lack of discovery. The Dec. PICs served on ALU identify "mobile network operator networks" employed by Verizon Wireless or T-Mobile. EX. 1 to EON RESPONSE, DEC. PICS (Doc. No. 586-1), at 1. For example, with regards to T-Mobile, the Dec. PICs. identify characteristics of the network such as the standard used by the network and the network's downlink speed but do not identify specific named networks. *Id.* The Dec. PICs served on ALU also include "Appendix A – Amended Infringement Contentions for T-Mobile," which includes a "caveats and disclaimers" section at the beginning of the contentions:

> These Amended Infringement Contentions ("Amended ICs") were constructed from EON's best efforts using the information available. These Amended IC note where more information from T-Mobile is needed. At a minimum, EON needs T-Mobile to provide:
>
> > Model and number of all mobile terminals (i.e., phones and subscriber units) approved, validated, or sold by T-Mobile that are (were) capable of both cellular and Wi-Fi communication.
> >
> > The names used by T-Mobile for each of its "networks", including a map showing how each is interconnected with every other, and a detailed description differentiating each from every other.
> >
> > Using the common line equipment identifier (CLEI), a list of all the equipment used in any T-Mobile network for dual-mode communications.

EX. B TO EON'S RESPONSE, AMENDED INFRINGEMENT CONTENTIONS FOR T-MOBILE (Doc. No. 586-2)("T-Mobile Appendix"), at 1. Despite this disclaimer, Eon's T-Mobile Appendix served on ALU along with the Dec. PICs includes detailed descriptions of how ALU's products are used within T-Mobile's networks that use the standards identified above.

Although neither the Dec. PICs nor the T-Mobile Appendix explain how ALU products are used within a particular named, discrete network, they do show how the products fit within a network operating on specific standards identified by Eon. In the Original PICs, Eon's identification of a directly infringing network was limited to defining "networks" as a "multipath, two way communication systems . . . that embody claims of the '491 Patent or practice the method claimed in the '491 Patent." Ex. 1 to ALU RESPONSE TO MOTION, ORIGINAL PICS (Doc. No. 466-2), at 1. The Original PICs specifically identify the "T-Mobile UMA infrastructure associated with T-Mobile's @Home service and Network" but fail to identify each element of the @Home service and Network or how ALU products are used within that network. *See id.* at 2. In its Dec. PICs, rather than identify a named, discrete network, Eon explains that the infringing networks include those that operate on certain wireless standards. DEC. PICS at 1-4. Although this may have broadened the definition of "network" previously asserted in the Original PICs, Eon's Dec. PICs show how ALU products are used within that network.[2] For example, the Dec. PICs assert that ALU provides the network infrastructure for T-Mobile's UMA network. DEC. PICS at 4. In doing so, they identify ALU products that meet the "network hub switching center" limitation and include evidence and explanation as to why that particular product meets the "network hub switching center" limitation

---

[2]The Dec. PICs may have broadened the definition of network by focusing on networks defined by certain wireless standards rather than named networks. Nevertheless, the Dec. PICs. provide substantially more information than the Original PICs which define "networks" only as "multi-path, two way communication systems." *See* ORIGINAL PICS at 1.

*See, e.g., id.* The Dec. PICs identify the "Alcatel 1430 Unified Home Subscriber Server and Alcatel/Spatial WSS" as a network hub switching center because the devices "facilitate routing messages and are material components of T-Mobile's Networks." *Id.* at 8. In contrast, the Original PICs offer significantly less information by alleging, *inter alia*, that the Alcatel 1430 Unified Home Subscriber Server "provide[s] authentication and authorization services between MNO Networks," which the Original PICs define as mobile network operator "multi-path, two-way communication systems." ORIGINAL PICS at 1-3.

ALU has not shown why such a description is so deficient that it does not serve the notice role of infringement contentions. ALU may disagree with the substance of Eon's contentions, but this is not the stage for Eon to marshal evidence to prove its infringement theory. Patent Rule 3-1 is not meant to create unfair or unrealistic expectations on either party. In deciding the sufficiency of infringement contentions, the Court balances defendants' need for notice as to the plaintiff's infringement theory with the realities of the accused systems, methods, and apparatuses. Here, while not making any substantive determination, the Court recognizes the difficulties in identifying a named, discrete network where there is a complicated infringement theory depending on interrelated discovery from multiple direct and indirect infringers. Under the technological framework presented here, the Court is not persuaded that Eon's description concerning ALU products runs afoul of the purpose of P.R. 3-1. With these considerations in mind, the Court finds that Eon's contentions satisfy the Court's November 28, 2011 Order and P.R. 3-1 because they provide sufficient detail to put ALU on notice as to how to litigate its case.[3]

---

[3]ALU's remaining arguments are unavailing. As explained above, P.R. 3-1 does not require plaintiffs to marshal evidence to prove their infringement theories which includes, in this case, "substantive information as to how ALU contributes to or induces infringement of the '491 patent." *See Realtime Data*, 2009 WL 2590101, at *5 n.5 (finding that infringement contentions are not meant to provide a forum for litigation of the substantive issues).

Having found the Dec. PICs sufficient, the Court now turns to the "good cause" requirement of P.R. 3-6. After considering the good cause factors discussed above, the Court finds that Eon has good cause to amend its contentions to include the new products in the Original PICs. However, the Dec. PICs include twenty products not in Eon's previous proposed amended contentions that were the subject of the original Motion. *See* ALU OPPOSITION at 1; EX. A TO ALU OPPOSITION (listing new ALU products not in Eon's Original Amended contentions). These products were not subject to the Court's November 28, 2011 Order and Eon has provided no excuse or justification for its delay in including these products in its amended contentions. As a result, the Court **ORDERS** Eon to remove reference to the twenty new products identified in Exhibit A to ALU's Opposition Brief (Doc. No. 584-2) from its Dec. PICs and to serve ALU with these modified contentions by **January 30, 2012**.

## CONCLUSION

Eon's Motion is **GRANTED**. The Court further **ORDERS** Eon to remove the twenty additional products that were not subject to Eon's Motion to Amend from its amended infringement contentions against ALU and serve ALU with the modified contentions by **January 30, 2012**.

**So ORDERED and SIGNED this 24th day of January, 2012.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

Moreover, ALU's argument that Eon's infringement contentions are insufficient because they include phrases such as "alone or together with other [unidentified] components" is overruled at this time. As the case progresses through discovery and export report deadlines, if Eon continues to include hedging language and vague open-ended assertions in its infringement contentions, the Court may revisit the issue.