UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC., ET AL.<br><br>                              Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:10-CV-379-LED-JDL<br><br>JURY TRIAL REQUESTED |

**<u>JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS</u>**

## STATEMENT OF THE PARTIES

EON Corp. IP Holdings, LLC ("EON"), and Defendants T-Mobile USA, Inc., Cellco Partnership d/b/a Verizon Wireless, Research In Motion Corporation, Nokia Inc., and Samsung Telecommunications America LLC, and Alcatel-Lucent USA Inc. (collectively, "Defendants"), hereby submit their proposed joint preliminary jury instructions.  These proposed preliminary jury charges are based on the current status of the case in which a single trial has been set for all Defendants, except the Retail Defendants that have been severed and stayed.  If the trial structure changes, the parties reserve the right to amend these instructions or propose additional instructions as necessary.

The parties have met and conferred to limit the number and scope of issues to be resolved by the Court.  Through this meet-and-confer process, the parties have substantially reduced the disputed issues.  The remaining disputed issues are identified as follows:

1.  Disputed language is identified in bold and by brackets and underlining (*e.g.*, [**disputed language**])

2.  Language that is proposed by EON but objected to by Defendants is further identified by yellow highlighting (*e.g.*, [**EON's proposed language**])

3.  Language that is proposed by Defendants but objected to by EON is further identified by blue highlighting (*e.g.*, [**Defendants' proposed language**])

In accordance with the Court's instructions, all objections and supporting statements are provided as footnotes to the disputed instruction or language.

## [PROPOSED] JOINT PRELIMINARY INSTRUCTIONS

Members of the jury:   Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

### I.   Duty of the Jury and Issues to be Decided[1]

Your role as the jury is going to be to decide all disputed questions of fact.  And it is my role as the Judge to decide all questions of law and procedure.  I will provide you with instructions on the rules of law and procedure that you must follow in making your decision in this case.  From time to time during the trial and at the end of the trial, I will give you more detailed, final instructions on the law and procedure you must follow in reaching a verdict in this case.

Today, we are beginning the actual trial of the case.   After I have completed my preliminary instructions, you will then hear the attorneys' opening statements.   An opening statement is an overview of what each side expects the evidence will show, but, remember, what the attorneys say is not evidence.   It is only intended as a roadmap to help you understand the evidence as you hear it during the course of the trial.

The only evidence that you will hear or see will come from one of four sources.   One is testimony you hear from the witness stand.  The second is deposition testimony that will be shown to you as video, or read to you.  The third is exhibits, which again will be shown to you.  And the fourth is stipulations.   I will tell you when you must accept a stipulation.   You will rely on the evidence to decide the case.  What the attorneys say in opening statement or closing argument is not evidence.

After the opening statements, the Plaintiff, EON, will present its evidence.   Then, the

---

[1]   Source:  Adapted from the Joint Proposed Preliminary Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex. Jan. 16, 2012) (Dkt. No. 1245-1); transcript of the Court's Preliminary Jury Instructions in *Cheetah Omni LLC v. Verizon Services Corp., et al*, No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447).

Defendants will present their evidence.  After the Defendants present evidence, either party or both may be permitted to present rebuttal evidence.

Once all of the evidence has been presented to you, I will then give you my final instructions.  I will instruct you on the law that you must apply.  Then both sides will present their closing arguments.  After closing arguments, but not until after closing arguments, you may begin to discuss the case among yourselves.  After you discuss the case among yourselves, you, in your collective wisdom, may reach a verdict.

During the course of the trial, you should keep an open mind and should not decide what the facts are.  Until you have heard all of the evidence, my final instructions, and the attorneys' closing arguments, you must keep an open mind.  Be sure to pay close attention to all of the testimony and evidence.

You may take notes during the trial, if you wish.  A juror notebook has been provided for your convenience.  Please write your name on the front cover of your juror notebook.  On the left, you will see a steno notebook.  Take that notebook out and please and write your name on the front cover of the notebook.  That will be your notebook to keep during the course of the trial.  You can keep it on the inside of the juror notebook, which has the copy of the patent in it.

You will turn in your juror notebooks every day.  We will return them to you the following day.  Everything you write in your notebook will be kept confidential.  We will shred the notebooks at the end of the case.

You do not have to take notes.  If you do take notes, please don't get so involved in your note-taking that you miss any of the testimony.  Your notes are to be used as an aid to your memory.  If your memory is different from your notes, then you should rely on your memory and

not your notes.[2]  Just because something gets written down on your notepad doesn't make it any more important than your recollection or another juror's recollection.  So don't be unduly influenced by the notes that others may take.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  This includes your family, friends, and even your fellow jurors.  So when you take a break or when we break for lunch or when you're walking to the car, there might be a natural tendency, if you're walking and chatting with one of your fellow jurors, to say something about the case.  Again, please don't.  The reason for that is, as the jury, you're working as a unit, and it would be improper and could jeopardize the case if two or three of you started discussing the case among yourselves.  You shouldn't discuss it at all until the end of the case when you begin your deliberations, and then you should only discuss it with all eight of you present.  So, for example, if someone has to go to the bathroom during your final deliberations, you should stop discussing the case until that person comes back.  The reason for that is simple:  so that all of you will hear everything that is said in reaching your collective decision as to the verdict in this case.

If anyone should attempt to discuss this case with you or approach you concerning this case, you should inform me immediately through my court staff.

During this trial, keep away from the people involved in the trial and the lawsuit:  the parties, the witnesses, and the attorneys, and any people associated with them.  It is important to be fair and impartial.  It is also important to appear to others that you are fair and impartial.  That is

---

[2]  *See, e.g.,* transcript of the Court's Preliminary Jury Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex.) (noting that jurors are only to be guided by the "legally admissible evidence that you hear here in the courtroom"); *Cheetah Omni LLC v. Verizon Services Corp., et al*, No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447) ("The evidence that you will actually decide the case on is not what the attorneys say in opening statement or closing argument but the testimony you hear from that witness stand and the exhibits that are admitted into evidence.").

why you should not have any contact with any of the people involved.  They understand that. They're not going to be talking to you in the hallway or elevators.  They're not being rude, and they know you're not being rude.

Also, if any of you happen to use a social networking Internet site or tool, such as Facebook, MySpace, or Twitter, you should not discuss, mention, or post updates in any manner about this trial, or your involvement in it, or the lawsuit.  Do not send or receive text messages about the trial, or your involvement in it, or the lawsuit.

Do not investigate anything about this matter, not the lawyers, or the parties, or the facts. Nothing.  Do not learn anything about the case from any other outside source.  Do not watch television or read the newspaper about this case.  Do not use the Internet or Google to find information about the lawsuit, the parties, the facts, or the attorneys.

For example, if you have a home computer, during this case, do not go home and start trying to figure things out on your own.  You are to be guided solely by the evidence.  You are to be guided only by what you see and hear here in this courtroom.  Again, that's why it is improper to do any searches or investigation.  It would not be evidence.  So please refrain from that.

During trial it may be necessary for me to talk with the lawyers where you cannot hear.  I may have to conduct a part of the trial with you out of the room.  I will handle these matters as briefly and as conveniently for you as I can.  Please keep in mind that these things are a necessary part of any trial.

## II.     The Parties and the Nature of this Case[3]

Now let me explain to you about the parties and the nature of this case.  The party who brings a lawsuit is called the Plaintiff.  The Plaintiff in this case is EON Corp. IP Holdings, LLC.  I

---

[3]     Source:  Adapted from The Federal Circuit Bar Association Model Patent Jury Instructions, Preliminary Instruction § A.2 (updated October 2011).

will refer to the plaintiff as "EON" or "Plaintiff."

The party against whom a suit is brought is called the Defendant.  In this case, there are six Defendants, which can be broken out into three groups.  The first group of Defendants, which I will call the "Carrier Defendants" or just the "Carriers," includes T-Mobile USA, Inc. and Cellco Partnership d/b/a Verizon Wireless.  I will call these Defendants individually "T-Mobile" and "Verizon Wireless."  The second group of Defendants, which I will call "Handset Supplier Defendants" or just the "Handset Defendants," includes Research In Motion Corporation, Nokia Inc. and Samsung Telecommunications America LLC.  I may call these three Handset Manufacturer Defendants individually "RIM," "Nokia," or "Samsung."  The third group of Defendants, which I will call the "Equipment Manufacturers," consists of just one Defendant, Alcatel-Lucent USA, Inc.  I may sometimes refer to Alcatel-Lucent USA Inc. as "Alcatel-Lucent." I will refer to the three groups of Defendants together as "Defendants."  [**EON Proposes:  Eon proposes that three groupings should be revisited and revised for clarity if the Court agrees.**]

## III.    Patent Protection: What a Patent Is and How One Is Obtained.[4]

This case is about a United States Patent.  I next want to explain what a patent is and how one is obtained.

The United States Constitution instructed Congress to enact laws to promote the progress of science by granting inventors the exclusive right to their inventions.  Following that instruction, Congress enacted the United States patent laws.

The United States Patent and Trademark Office (sometimes called "the PTO" or "Patent Office", for short) examines applications for patents and grants patents to those whose inventions

---

[4]    Source:  Adapted from National Jury Instruction Project, Model Patent Jury Instructions, Preliminary Instruction 1.1 (June 17, 2009).

and applications meet the requirements.  A valid United States patent gives the patent holder (usually called the "patentee") certain rights for up to 20 years from the date the application was filed or the patent was granted.  Not every invention is patentable.

The process of obtaining a patent is called patent prosecution.  To obtain a patent, an inventor must file an application with the PTO.  The PTO is the arm of the federal government that employs patent examiners who review applications for patents.  The application includes a section called the "specification," which contains a description of the invention that tells and shows what the invention is, how it works, and how to make and use it.  That description (both text and illustrations) has to be full, clear, concise, and exact enough so that a person having ordinary skill in the field would know how to make the invention and how to use it.  At the end of the patent, but still part of the specification, there are numbered sentences called "patent claims."  If the application for a patent is eventually granted as a patent by the PTO, the claims define the boundaries of protection and give notice to the public of those boundaries.  Claims can be in independent format or dependent format **[Defendants propose: and I will explain that difference shortly**].  **[EON proposes: An independent claim is self-contained.  A dependent claim refers back to an earlier claim and includes the elements of that claim.]**[5]

After the applicant files a patent application, a PTO patent examiner reviews the application to determine whether the claims are patentable and whether the specification adequately describes and illustrates the invention claimed.  In examining a patent application, the

---

[5]   Defendants object to EON's proposal.  The distinction is addressed later in the instructions, and it would be unnecessarily confusing to introduce EON's proposed summary statement without further context.  *See, e.g.,* transcript of the Court's Preliminary Jury Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.,* 6:09-cv-00446-LED (E.D. Tex.) (not discussing difference between independent and dependent claims until discussion of the patent at issue); *Cheetah Omni LLC v. Verizon Services Corp., et al,* No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447) (same).

Plaintiff objects to Defendants' proposal because the jury will be listening to hear this short explanation of "independent format or dependent format" immediately after those terms are introduced.

patent examiner may review what is called "prior art."  Prior art [**Defendants propose:  is defined by law**] [**EON proposes:  has a strict legal definition**][6], and, at a later time, I will tell you specifically what constitutes prior art.  In general, though, prior art includes things that existed before the claimed invention, that were publicly known or used in the United States, or that were patented or described in a publication in any country.  The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious when compared with the prior art.  A patent lists the prior art the examiner considered; this list is called the "cited references."  The cited references include the prior art found by the examiner as well as any prior art submitted to the PTO by the applicant.

After the prior art search and examination of the application, the patent examiner then issues an "Office Action" that describes the Patent examiner's analysis of the application.  For example, if any claim is patentable, the Office Action will report that the claim is "allowed."  If the examiner rejects any of the claims, the Office Action will report that the claim is "rejected or objected to."  The applicant then responds and sometimes changes the claims or submits new claims.  This process, which takes place only between the patent examiner and the patent applicant, may go back and forth for some time until the patent examiner believes that the application and claims meet the requirements for a patent.  The papers generated during this communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history" or the "administrative history" or the "file wrapper" of the patent. All of this material becomes available to the public no later than the date when the PTO grants the patent.

---

[6]   Defendants' proposal follows the National Jury Instruction Project, Model Patent Jury Instructions, Preliminary Instruction 1.1 (June 17, 2009), and Defendants object to EON's proposal because it fails to do so.

Just because the PTO grants a patent does not necessarily mean that any invention claimed in that patent is, in fact, legally entitled to the protection of a patent.  One or more claims may, in fact, not be patentable under the law.  A person accused of infringement has the right to argue in Federal court that a claimed invention in the patent is not entitled to patent protection because it does not meet the requirements for a patent.  In other words, an accused infringer may defend a lawsuit for patent infringement on the grounds that the patent is invalid.  Even though the PTO examiner has allowed the claims of a patent, you have the ultimate responsibility for deciding whether the claims of the patent are valid.

## IV.     The United States Patent Involved in this Lawsuit

Every issued patent is assigned a consecutive number.  EON's patent is number 5,592,491. For short, the parties have referred to the patent as the 491 Patent, after the last three of its numbers.   The patent is entitled "Wireless Modem" and Gilbert M. Dinkins is [**Defendants propose: identified as**] the inventor.  EON filed the application for the 491 patent December 4, 1994 [**Defendants propose:  and the patent issued on January 7, 1997**].[7]  [**EON proposes: The 491 Patent also has a priority date that may be earlier than the filing date.  EON says that date is earlier than the filing date.  Defendants say that date is not earlier than the filing date.  The 491 patent issued on January 7, 1997.**]

EON says that Defendants T-Mobile and Verizon Wireless infringe claims 12, 13, 14, 17, 19, and 21 of the 491 patent by making, using, selling, and offering for sale within the United

---

[7]     Defendants object.  It would be unnecessarily confusing to include in this section a summary statement concerning the parties' dispute about priority date, without any further instruction.  We also believe that our suggested version of these instructions more closely tracks the Court's routine preliminary instructions.  *See, e.g.,* transcript of the Court's Preliminary Jury Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex.); *Cheetah Omni LLC v. Verizon Services Corp., et al,* No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447).

Plaintiff believes that as the jury will hear, we believe, extensive testimony on the prior date issue, this short introduction will orient the jury and prevent confusion.

States two-way communication networks.  EON also says that each of the six Defendants, T-Mobile, Verizon Wireless, RIM, Nokia, Samsung, and Alcatel-Lucent, [**Defendants propose: actively induce the direct infringement of these claims and that the Carrier Defendants and Handset Defendants contribute to the direct infringement of these claims.**] [**EON proposes: cause the infringement of those claims.  The legal term is indirect infringement, which is also called inducement or contributory infringement.**][8]

Defendants deny that they have infringed those claims of the 491 patent.  Defendants also deny that they induced or contributed to any infringement of the 491 patent.

Defendants also say that claims 12, 13, 14, 17, 19, and 21 of the 491 patent are invalid. Invalidity is a defense to infringement.  A claim that is invalid cannot be infringed.  Whether or not a patent claim is valid is determined from the point of view of a person having ordinary skill in the field, not from the viewpoint of you or me, so please keep that in mind.  [**EON proposes:  A patent is presumed valid, which means that Defendants must prove that each of claims 12, 13, 14, 17, 19, and 21 are invalid, otherwise those claims are valid.**][9]  I will instruct you later as

---

[8]  Defendants object.  EON's proposed language on active inducement does not accurately and fully characterize the law of active inducement and thus including it would be prejudicial and confusing to the jury.  Defendants also believe that it may be unnecessarily confusing and prejudicial to go any detail concerning the legal elements of contributory infringement and active inducement in the preliminary jury instructions, prior to any evidence being presented.  *Compare* transcript of the Court's Preliminary Jury Instructions in *Alcatel v. Newegg*, Case 6:09-cv-00422-LED (E.D. Tex. Nov. 11, 2011) (Dkt. No. 493) (instructing simply that "Alcatel-Lucent USA alleges that Overstock.com, Inc. and Newegg, Inc., and Magnell Associate, Inc. ... infringe its patents.  And that it is entitled to damages for such infringement.").

Plaintiff believes that the plain English it proposes will prevent confusion by the jurors.

[9]  Plaintiff believes that this sentence balances the sentence that follows it.  The sentence is not duplicative of the preceding sentence.

Defendants object to an instruction on the presumption of validity.  Support for omission of reference to the presumption of validity may be had by reference to model instructions from the Federal Circuit Bar Ass'n, § B.4.1, at 36 (2008) and N.D. Cal., § B.4.1 at 24 (Oct. 9, 2007).  *See also Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258 (Fed. Cir. 2004), *cert. denied*, 543 U.S. 1050 (2005).  In *Chiron*, the Federal Circuit affirmed the district court's refusal to instruct the jury about the presumption of validity when the court had already given an instruction about the alleged infringer's heightened burden of proof.  *See Chiron*, 363 F.3d at 1258-59; *see also Agere Sys., Inc. v. Atmel Corp.*, Civ. A. No. 02-CV-864, 2005 WL 2994702, *3 (E.D. Pa. Aug. 17, 2005) (rejecting similar challenge and explaining that, in *Chiron*, "the Federal Circuit . . . clearly held that a district court does not err in failing to so instruct [on the presumption] when the instruction on the burden of proof has been

to the ways in which a patent claim may be invalid.

Your job will be to decide whether or not any of the claims of the 491 patent have been proven infringed, and whether or not any of those claims have been proven invalid.

If you decide that any claim of the 491 patent has been infringed and is not invalid, you will then need to decide whether EON should be compensated monetarily and, if so, by how much.

## V.    The Copy of the 491 Patent in Your Notebook

Your notebook contains a copy of the 491 patent and the Certificate of Correction.  Please refer to these documents in your binder at Tab 1.**[10]**

Look at the first page of the 491 patent at Tab 1.  It provides identifying information.  In the upper right-hand corner, you'll see Patent Number 5,592,491.  That is the patent number for the 491 patent, which we call by its last three digits.

Next, you'll see the issue date of the patent, January 7, 1997.

In the left-hand column, you'll see the inventor's name – Gilbert Dinkins.  On the next line you'll see the Assignee – that's who owns the patent – EON Corporation.

Near the bottom, there is a heading "References Cited."  These are the "prior art" or references that were considered by the Patent Office when deciding to issue the patent.

On the right-hand column near the top there is a paragraph titled Abstract.  The Abstract is a brief summary of the technical disclosure of the invention.

On the next several pages are drawings, which appear as Figures 1 through 3.  The drawings depict various aspects or features of the inventions.  They are described in words later in

---

adequate").

[10]    Source:  Adapted from the Joint Proposed Preliminary Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex. Jan. 16, 2012) (Dkt. No. 1245-1); transcript of the Court's Preliminary Jury Instructions in *Cheetah Omni LLC v. Verizon Services Corp., et al*, No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447).

the patent.   [**EON Proposes: Figure 1 is labeled "(Prior Art)".   EON says that that label was in error.   Defendants say that that label was not in error.**][11]

Next, there are typewritten columns.  In this portion of the patent, each page is divided into two columns, which are numbered at the top.

You'll also see down the margin between the two columns in the middle of the page are numbers.  These are line numbers:  5, 10, 15, 20, and so forth.  The columns and line numbers make it easy to refer to the words of the patent.

For example, if you wanted to look at Column 1, Line 3, you would find what's called the Background Art of the Invention.  So at any point in the testimony, if a witness is testifying about the patent, or if you see a reference in some of the documents, it will be referred to by Column and Line numbers.  If you'll notice on the next page, it continues with Columns 3, 4, and so on.

Now, let me step through the specification with you.  You will see a number of paragraphs beginning in Column 1.  As I mentioned, you will see sections entitled the Background Art of the Invention as well as the Technical Field of the Invention.  In Column 2, there are sections entitled Disclosure of the Invention, Brief Description of the Drawings, and Best Mode for Carrying Out the Invention.  The Best Mode for Carrying Out the Invention section continues on Columns 3 through 6.

Then flipping all the way over to Column 6, you'll find that the text ends with numbered paragraphs that are called claims.

---

[11]   Defendants object.  This characterization of the dispute between the parties concerning the content of the patent is not appropriate to include in preliminary instructions.  Defendants believe it would be unnecessarily confusing to include in this section a summary statement concerning the parties' dispute about priority date, without any further instruction.  *Compare* transcript of the Court's Preliminary Jury Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex.); *Cheetah Omni LLC v. Verizon Services Corp., et al*, No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447).  Defendants furthermore believe that adding this discussion will be confusing to the jury.

Plaintiff believes that because the jurors will immediately receive a copy of the patent, with the controverted label to Fig. 1, it will prevent confusion when the jurors hear testimony about the controverted label if they have been alerted before hand.

If you'll look in Column 6, Line 16 and 17, it says:

"I claim:  A two way communication network comprising…"  And then it lists a number of elements of that claim.

You'll see that the claims continue on through Column 10, Claim No. 23 at the end.  Not all of those claims are asserted in this case, only claims 12, 13, 14, 17, 19, and 21.

If you turn to the last page of Tab 1, you will see a Certificate of Correction.  At the request of a patentee, the Patent Office may issue a Certificate of Correction to correct a mistake of a clerical or typographical nature, or of a minor character where a showing has been made that the mistake was made by the applicant in good faith and the correction must not involve changes in the patent that are significant, such as those that would add new matter to the patent or that would require the Patent Office to examine the patent all over again.[12]  The Certificate of Correction becomes a part of the official patent.  In the Certificate of Correction, text appearing in quotes was deleted from the 491 patent and text appearing between two dashes was added to the 491 patent.  Not all of those claims discussed in the Certificate of Correction are important in this lawsuit and the attorneys will explain to you the things that they believe are important.

## VI.     Significance of the Claims of a Patent[13]

I will now explain the significance of the claims of a patent.  The claims of a patent are a main focus of a patent case, because the claims are what define the patent owner's property rights under the law.  That is, the claims define what the patent owner may exclude others from doing during the term of the patent.

The claims of a patent serve two purposes.  First, they set the boundaries of the invention

---

[12]   35 U.S.C. §255 for Certificate of Correction of Applicant's Mistake.

[13]   Source:  Adapted from the Joint Proposed Preliminary Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex. Jan. 16, 2012) (Dkt. No. 1245-1); transcript of the Court's Preliminary Jury Instructions in *Cheetah Omni LLC v. Verizon Services Corp., et al*, No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447).

covered by the patent.  Second, they provide notice to the public of those boundaries.  The claims

of the patent are what are infringed when patent infringement occurs [**Defendants propose: ,**

**because the claims define what the patent is**].[14]  Thus, when a system or a process is accused of

infringing a patent, the patent claims are compared to the accused system or to the accused process

to determine whether there is infringement.  You'll hear experts from both sides who will address

each of the claims of the patent that are asserted in this case.  The experts will list the elements of

each of the claims.  The experts will testify about whether or not each of these elements is met by

the accused products or processes.  The claims are also at issue when the validity of the patent is

challenged.  In reaching your determination with respect to infringement and validity, you must

consider each claim of the patent separately.

## VII.    Independent and Dependent Claims[15]

The patent claims at issue here are in one of two formats, referred to as an independent

claim or a dependent claim.  Claims 12, 13, and 17 are in independent format, claim 14 depends

from claim 13.  Claims 19 and 21 are in dependent format and depend from claim 17.  An

independent claim does not refer to any other claim of the patent.  In other words, it's not necessary

to look at any other claim to determine what an independent claim covers. A claim in dependent

format refers to another claim, the claim from which it depends.  A dependent claim includes each

of the elements of the claim from which it depends as well as any elements recited in the dependent

---

[14]    Defendants' proposed edit is adapted from transcript of the Court's Preliminary Jury Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex.); *Cheetah Omni LLC v. Verizon Services Corp., et al*, No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447).
      Plaintiff believes that the language is inaccurate (the claims are in fact not what the patent is) and therefore confusing.  Moreover, the language is unnecessary.

[15]    Source:  Adapted from the Joint Proposed Preliminary Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex. Jan. 16, 2012) (Dkt. No. 1245-1); transcript of the Court's Preliminary Jury Instructions in *Cheetah Omni LLC v. Verizon Services Corp., et al*, No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447).

claim itself.  Therefore, to determine what a dependent claim covers, it is necessary to look at both the dependent claim and the claim to which it refers.

[**Defendants propose: For example, turning now to Column 8, Line 55, Claim 14 is a dependent claim.  Claim 14  starts with, "The base station configuration of claim 13 . . ." et cetera.  That is the wording of a dependent claim.  As you can see, it refers back to Claim 13. For something to be covered by Claim 14, it must satisfy not only all of the elements set forth in Claim 14 itself but also all of the elements set forth in Claim 13, the independent claim to which it refers.**][16]

If an independent claim is not infringed, then dependent claims depending from that independent claim cannot be infringed.  If an independent claim is infringed, then you still have to determine if the additional element of the dependent claim is met by the accused system or method.

[**Defendants propose:  I know that all sounds complicated.  There's complicated terminology.  You're going to have a lot of good experts helping you understand all of this as we work through it.**][17]

## VIII.   Meaning of the Claims of the Patent[18]

While the claims define the inventions, sometimes there is a disagreement between the

---

[16]   Plaintiff submits that this detail is unnecessary and confusing.  This presentation adds a layer of detail that confuses rather than clarifies.

Defendants submit that it is helpful for jurors to walk through examples of independent and dependent claims that are at issue.  It is a routine element of this Court's preliminary jury instructions.  *See* transcript of the Court's Preliminary Jury Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex.); *Cheetah Omni LLC v. Verizon Services Corp., et al*, No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447).

[17]   Defendants submit that:  This is a routine element of this Court's preliminary jury instructions.  *See* transcript of the Court's Preliminary Jury Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex.); *Cheetah Omni LLC v. Verizon Services Corp., et al*, No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447).

Plaintiff submits that it would be unfairly prejudicial to plaintiff to prejudice the jury that a simple case is complex.  This instruction may tend to make the jurors uneasy and reticent to try to follow the testimony.

[18]   Source: Adapted from the Joint Proposed Preliminary Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex. Jan. 16, 2012) (Dkt. No. 1245-1); transcript of the Court's Preliminary Jury Instructions in *Cheetah Omni LLC v. Verizon Services Corp., et al*, No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447).

parties as to what certain words or terms in the claims mean.  When this happens, the parties ask the Court to interpret these terms.  This is to help resolve their disagreement and to give you, the jury, guidance in applying the claims to the facts of the case.  I have interpreted those terms in light of the specification.  In your jury notebooks behind Tab 3, you will find an Appendix of the Court's Claim Construction Orders.  You, the attorneys, the parties and the experts will be bound by the constructions and interpretations I have given to these terms.  You must use these meanings when you decide the issues of infringement and invalidity in this case.

## IX.   Burdens of Proof[19]

I will now give you some information about the issues that will be presented to you at this trial, as well as a short overview of the applicable law.  At the close of the trial you will be given more specific instructions that you must follow in reaching your verdict.  You will also be given a verdict form and questions that you must answer in providing your verdict.

First, let me discuss with you the burdens of proof required in this case.  In any legal action, facts must be proved by a required standard known as the burden of proof.  You have probably heard of the "beyond a reasonable doubt" burden of proof required in criminal cases.  This is the highest burden of proof.  It is not involved in this case, and you should put it out of your mind.  In a patent case, there are two different burdens of proof.  The first is called preponderance of the evidence.  The second is called clear and convincing evidence.

In this case, Plaintiff has the burden of proving infringement and damages by the preponderance of the evidence standard.  A preponderance of the evidence means that something is more probable than not.  When a party has the burden of proof by the

---

[19]   Source:  Adapted from the Joint Proposed Preliminary Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex. Jan. 16, 2012) (Dkt. No. 1245-1); transcript of the Court's Preliminary Jury Instructions in *Cheetah Omni LLC v. Verizon Services Corp., et al*, No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447).

preponderance of the evidence, it means that you must be persuaded that what the party seeks to prove is more probably true than not true.  Put another way, if you were to put the evidence for and against the party who must prove the fact on the opposite sides of the scale, the preponderance of the evidence standard requires that the scale tip at least somewhat toward the party that has the burden of proof.

Defendants' burden of proving invalidity is by the clear and convincing evidence standard. When a party has the burden of proof by the clear and convincing standard, it means that you must be persuaded that what the party seeks to prove is highly probable.  This is a higher burden of proof than "preponderance of the evidence."[20]

[**Defendants propose: Even though the PTO examiner has allowed the claims of the patent you have the ultimate responsibility for deciding whether the claims of the patent are valid.  Furthermore, you can consider the fact of whether or not the PTO examiner considered the prior art being asserted by Defendants in making your evaluation.  Evidence of prior art that was not reviewed by the PTO may carry more weight in proving invalidity than prior art that was reviewed by the PTO.**][21]

Plaintiff's burden of proof for willfulness is also clear and convincing evidence.

---

[20]   Source:  AIPLA's Model Patent Jury Instructions states that "clear and convincing" evidence regarding validity means that the evidence "shows it is highly probable that the claims are invalid."  AIPLA's Model Patent Jury Instruction at § II.

[21]   Plaintiff objects that this instruction may tend to confuse the jury into thinking that the burden of proving invalidity is lessened when references are introduced that were not considered by the patent office.  Defendants must prove that the references were more material than those considered by the PTO before the "*Microsoft Corp. v. i4i Ltd. P'ship*" consideration (see below) comes into play.  Such an instruction therefore should be reserved for post-trial.

Source: *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2251 (2011) ("Simply put, if the PTO did not have all material facts before it, its considered judgment may lose significant force.  And, concomitantly, the challenger's burden to persuade the jury in its invalidity defense by clear and convincing evidence may be easier to sustain.  In this respect, although we have no occasion to endorse any particular formulation, we note that a jury instruction on the effect of new evidence can, and when requested, most often should be given.") (citations omitted).

## X.     Glossary of Patent and Technical Terms[22]

To assist you in your deliberations, I have attached a Glossary of Patent Terms that identifies terms used in patent matters and gives you a definition of those terms.

---

[22]     Source:   Model Patent Jury Instructions prepared by The National Jury Instruction Project, Preliminary Instruction 1.6 (June 17, 2009).

# APPENDIX A

## GLOSSARY OF PATENT TERMS

**Patent Terms:**

**Application** – The initial papers filed by the applicant with the United States Patent and Trademark Office (also called the Patent Office or PTO).

**Claims** – The numbered sentences appearing at the end of the patent that define the invention.  The words of the claims define the scope of the patent holder's exclusive rights during the life of the patent.  Claims can be independent or dependent.  An independent claim is self-contained.  A dependent claim refers back to an earlier claim and includes the requirements of the earlier claim.

**File wrapper** – Another term for the "prosecution history" defined later.

**License** – Permission to use or make the patented invention, or perform any of the other exclusive rights granted by the patent, which may be granted by a patent holder (or a prior licensee) in exchange for a fee called a "royalty" or other types of payment.

**Office action** – Communication from the patent examiner regarding the patent application.

**Patent examiners** – Personnel employed by the PTO who review (examine) patent applications, each in a specific technical area, to determine whether the claims of a patent application are patentable and whether the specification adequately describes and enables the claimed invention.

**Prior art** – Prior art is not art as one might generally understand the word art.  Rather, prior art is a technical term relating to patents.  In general, it includes things that existed before the claimed invention and might typically be a patent or a printed publication or a product.  I will give you a more specific definition of prior art later.

**Prosecution history** – The written record of proceedings between the applicant and the PTO, including the original patent application and later communications between the PTO and applicant.  The prosecution history may also be referred to as the "File wrapper" of the patent during the course of this trial.

**Specification** – The information that appears in the patent and concludes with one or more claims.  The specification includes the [**EON proposes:  original claims of the application**],[23] the written text, and the drawings.  In the specification, the inventor should provide a description telling what the invention is, how it works, and how to make and use it so as to enable others skilled in the art to do so, and what the inventor believed at the time of filing to be the best way of making the invention.

**Ordinary skill in the art** – The level of experience, education, and/or training that those individuals who worked in the area of the invention ordinarily possessed at the time of the effective filing date of the patent application.

---

[23]   Defendants object.  EON's proposed edit is inappropriate for preliminary instructions and will confuse the jury because it adds the undefined phrase "original claims of the application".  *See* Model Patent Jury Instructions prepared by The National Jury Instruction Project, Preliminary Instruction 1.6 (June 17, 2009).

Plaintiff believes that because Defendants will argue that the 491 specification lacked a written description, the jury needs to know that the original application claims , which are not before the jury in the printed 491 patent, were part of the specification.

## XI.    Overview of the Applicable Law[24]

In deciding the issues I just discussed, you will be asked to consider specific legal standards.  I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

One issue you will be asked to decide is whether the Defendants have presented clear and convincing evidence to meet the burden of clear and convincing evidence that any of claims 12, 13, 14, 17, 19, or 21 is invalid.  Invalidity is assessed on a claim-by-claim basis.  A particular patent claim may be invalid for a number of reasons, including because it claims subject matter that was not new or would have been obvious.  Every claim is presumed to be valid until proven otherwise.

For a claim to be made invalid because it is not new, Defendants must present clear and convincing evidence that all of the elements of a claim were present in a single previous device or method, or sufficiently described in a single previous printed publication or patent.  We call these "prior art."  If a claim is not new, it is said to be anticipated.

Another way that a claim may be made invalid is if Defendants present clear and convincing evidence that the claimed subject matter taken as a whole would have been obvious to a person having ordinary skill in the field of the patent at the time that the invention was invented.  For an determination of obvious, you are not limited to considering a single event, device, or publication.  You may combine two or more pieces of prior art and you may modify a single piece of prior art, if the combination or modification would have been done by the person having ordinary skill in the art at the time the invention was invented.  You may need to consider a number of questions in deciding whether any invention claimed in the 491 patent **[EON proposes: , every**

---

[24]    Source:   Adapted from The Federal Circuit Bar Association Model Patent Jury Instructions, Preliminary Instruction § A.4 (updated October 2011).

==separate claim is considered a separate invention for this purpose,==][25] would have been obvious at the time the invention was invented.  I will provide you detailed instructions on these questions at the conclusion of the case.

Any particular claim may also be invalid if its description in the specification (meaning the original claims, the text, and the drawings) does not meet certain requirements.  One such requirement is the "written description" requirement.  In order to meet this written description requirement, the description of the invention in the specification portion of the patent must be detailed enough when considered with the knowledge, training, and skill of a person having ordinary skill in the art of the patent to demonstrate that the applicant actually possessed the invention as claimed in each of the claims.  Each claim is considered separately for this purpose.

The patent must also meet the "enablement" requirement.  To meet this requirement, the description of the claimed invention in the patent has to be sufficiently full and clear to have allowed a person having ordinary skill in the field of technology of the patent to make and use the claimed invention without undue experimentation, at the time the patent application was originally filed.  Each claim is also considered separately for this purpose.  I will provide you detailed instructions on each of these defenses at the conclusion of the case.

You also will be asked to decide whether Defendants have infringed the claims of the 491 patent that EON asserts against them, in other words any of claims 12, 13, 14, 17, 19, or 21.  Infringement is assessed on a claim-by-claim basis.  Therefore, a Defendant may infringe one claim but not another.  There are a few different ways that a patent may be infringed.  I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the

---

[25]  Defendants object.  EON's proposed edit is unnecessarily duplicative and will confuse the jury because it adds the novel concept of each claim being a "separate invention."

Plaintiff submits that this sentence cannot be both novel and duplicative.  Every claim is a separate invention.  *Jones v. Hardy*, 727 F.2d 1524, 1528 (Fed. Cir. 1984) ("each claim must be considered as defining a separate invention.").

case.  In general, however, a defendant may directly infringe a system claim by making, using, selling, or offering for sale a system that meets all the elements of that claim of the 491 patent.  A defendant may also directly infringe a method claim by practicing all the steps of the method.  A defendant may also indirectly infringe any particular claim by contributing to infringement by someone else (a person or an entity), or by inducing someone else (another person or entity) to infringe.  I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

If you decide that Defendants have not proven that the asserted claims of the 491 patent are invalid or unenforceable and that any Defendants has infringed one or more valid and enforceable claims, you will then need to decide what amount of money damages, if any, should be awarded to EON to compensate it for the infringement.  A damages award should put EON in approximately the same financial position that it would have been in had the infringement not occurred, but in no event may the damages award be less than what EON would have received had Defendants paid a reasonable royalty.  I will instruct you later on the meaning of a reasonable royalty.  Damages cannot be speculative.  EON must prove the amount of damages by a preponderance of the evidence standard.  The fact that I am instructing you about damages now does not mean that EON is or is not entitled to recover damages.  Any damages you may award must be in an amount to compensate EON and not to punish Defendants.

## XII.    Duty of the Jury[26]

Let me finally discuss with you your duties as jurors.  You have two duties as jurors.  Your first duty is to decide the facts from the evidence in this case.  That is your job and yours alone.

---

[26]    Source:  Adapted from the Joint Proposed Preliminary Instructions in *Eolas Tech. Inc. v. Adobe Systems, Inc.*, 6:09-cv-00446-LED (E.D. Tex. Jan. 16, 2012) (Dkt. No. 1245-1); transcript of the Court's Preliminary Jury Instructions in *Cheetah Omni LLC v. Verizon Services Corp., et al*, No. 6:09-CV-260 (E.D. Tex. March 2011) (Dkt. No. 447).

Your second duty is to apply the law that I give you to the facts that are presented to you during the trial.  You must follow the instructions I give you even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow your sympathy, prejudice, fear or public opinion to influence you.  Nothing I say now and nothing I say or do during trial is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.  Again, you, the jury, will be the sole judges of the facts in this case.

I will be giving you much more detailed, written final instructions at the end of the case that will have all of these instructions in much greater detail, accompanied by a verdict form that will ask you some very simple questions dealing with these three issues of infringement, invalidity, and damages.

Do not feel like you have to be an expert on patent law or the field of the invention.  We have very fine attorneys on both sides who will try to simplify and explain all of this to you, and they will call very capable experts who will help you to understand the issues and facts of this case.  What I have told you was just to give you an overview so that, as you hear a lot of these terms and you hear the evidence, it will make more sense to you than if I had not given you some context.  By the time you get to those jury questions, you will have a much greater understanding and confidence in answering them than you probably do today before you have heard any of the evidence.

It is now time for the opening statements.

Approved as to form and substance:

By: /s/ *Craig S. Jepson*

Daniel R. Scardino
Texas State Bar No. 24033165
email: dscardino@reedscardino.com
Cabrach J. Connor
Texas State Bar No. 24036390
email: cconnor@reedscardino.com
Cary Ferchill
Texas State Bar No. 06906900
email: cferchill@reedscardino.com
Craig S. Jepson
Texas State Bar No. 24061364
email: cjepson@reedscardino.com
Jeffery R. Johnson
Texas State Bar No. 24048572
email: jjohnson@reedscardino.com
Chad Ennis
Texas State Bar No. 24045834
Email:  cennis@reedscardino.com
Jason W. Deats
Texas State Bar No. 24036455
email: jdeats@reedscardino.com
REED & SCARDINO L.L.P.
301 Congress Avenue, Suite 1250
Austin, Texas 78701
Tel. (512) 474-2449
Fax (512) 474-2622

Deron R. Dacus
Texas State Bar No. 00790553
email: ddacus@dacusfirm.com
THE DACUS FIRM, PC
821 ESE Loop 323, Ste. 430
Tyler, Texas 75701
Tel. (903) 705-1117
Fax (903) 705-7233

**COUNSEL FOR PLAINTIFF EON CORP. IP HOLDINGS, LLC**

/s/ *Jennifer H. Doan (with permission)*

Jennifer H. Doan
Texas Bar No. 08809050
Shawn Alexander Latchford
Texas Bar No. 24066603
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Tel: (903) 255-1000
Fax: (903) 255-0800
jdoan@haltomdoan.com
slatchford@haltomdoan.com
jthane@haltomdoan.com

Henry B. Gutman (admitted pro hac)
Victor Cole (Texas PRID No. 3354198)
Courtney A. Welshimer (admitted pro hac)
Kate Dominguez (admitted pro hac)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
hgutman@stblaw.com
vcole@stblaw.com
cwelshimer@stblaw.com
kdominguez@stblaw.com

Jeffrey E. Ostrow (admitted pro hac)
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
Tel: (650) 251-5000
Fax: (650) 251-5002
jostrow@stblaw.com

**ATTORNEYS FOR DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS**

/s/ Alexas D. Skucas *(with permission)*
Alexas D. Skucas (admitted pro hac)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: 212.827.4049
Fax: 212.556.2222
askucas@kslaw.com

Steven T. Snyder
KING & SPALDING LLP
100 N Tryon Street, Ste 3900
Charlotte, NC 28202
Tel: 704.503.2630
Fax: 704.503.2622
ssnyder@kslaw.com

Michael C. Smith
SIEBMAN, BURG, PHILLIPS & SMITH LLP
Texas State Bar No. 18650410
Email: michaelsmith@siebman.com
P.O. Box 1556
Marshall, Texas 75671
Telephone: (903) 938-8900
Facsimile: (972) 767-4620

**COUNSEL FOR DEFENDANT
NOKIA INC.**

*/s/ Matthew S. Yungwirth (with permission)*
Matthew S. Yungwirth
Georgia Bar No. 783597
Email: MSYungwirth@duanemorris.com
L. Norwood Jameson
Georgia Bar No. 003970
Email: WJameson@duanemorris.com
Leah J. Poynter
Georgia Bar No. 586605
Email: LPoynter@duanemorris.com
Alison M. Haddock
New York Bar No. 4373031
Email:  AMHaddock@duanemorris.com
DUANE MORRIS LLP
700 Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 253-9600

Joseph A. Powers
Pennsylvania Bar No. 84590
E-mail: JAPowers@duanemorris.com
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1842

J. Patrick Kelley
Texas Bar No. 11202500
Email: patkelley@icklaw.com
Otis W. Carroll, Jr.
Texas Bar No. 03895700
Email: fedserv@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.6101 S.
Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

**ATTORNEYS FOR DEFENDANTS
T-MOBILE USA, INC.**

*/s/ David T. Pritikin (with permission)*
David T. Pritikin
Illinois Bar No. 2256339
Email: dpritikin@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7359
Fax: (312) 853-7036

Brian R. Nester
D.C. Bar No. 460225
Email: bnester@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Tel:  (202) 736-8000
Fax:  (202) 736-8711

Philip W. Woo
California Bar No. 196459
Email: pwoo@sidley.com
Teague I. Donahey
California Bar No. 197531
Email: tdonahey@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, CA 94104
Tel: (415) 772-1200
Fax: (415) 772-7400

Eric Hugh Findlay
Texas Bar No. 00789886
Email: efindlay@findlaycraft.com
FINDLAY CRAFT
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Tel: (903) 534-1100
Fax: (903) 534-1137

**ATTORNEYS FOR DEFENDANT
RESEARCH IN MOTION CORPORATION**

/s/ *Jared Bobrow* (with permission)
Jared Bobrow
jared.bobrow@weil.com
CA Bar No. 133712
LEAD ATTORNEY
Aaron Y. Huang
aaron.huang@weil.com
CA Bar No. 261903
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Amber H. Rovner
amber.rovner@weil.com
TX Bar No. 09223750
Melissa Hotze
Melissa.hotze@weil.com
TX Bar No. 24049831
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

**ATTORNEYS FOR DEFENDANT
SAMSUNG TELECOMMUNICATIONS
AMERICA LLC**

*/s/Eric Findlay (with permission)*
David Aaron Nelson
davenelson@quinnemanuel.com
Jennifer A. Bauer
jenniferbauer@quinnemanuel.com
Laura Norris
lauranorris@quinnemanuel.com
Nathan A. Hamstra
nathanhamstra@quinnemanuel.com
Thomas A. Ferrone
tomferrone@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN
500 West Madison Street
Suite 2450
Chicago, IL 60661
Telephone:  (312) 705-7465
Facsimile:  (312) 705-7401

Eric Hugh Findlay
efindlay@findlaycraft.com
Roger Brian Craft
bcraft@findlaycraft.com
FINDLAY CRAFT
6760 Old Jacksonville Hwy
Suite 101
Tyler, TX 75703
Telephone:  (903) 534-1100
Facsimile: (903) 534-1137

**ATTORNEYS FOR DEFENDANT
ALCATEL-LUCENT USA, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this pleading via the Court's ECF system on the 30th day of August, 2012.

*/s/ Craig S. Jepson*
Craig S. Jepson

## <u>CERTIFICATE OF CONFERENCE</u>

Counsel for EON and counsel for Defendants have met and conferred regarding this Proposed Joint Final Pretrial Order, and EON and Defendants have agreed to file this motion jointly.

*/s/ Craig S. Jepson*
Craig S. Jepson